# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JUL 0 7 2006

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

TONY SHOEMAKER                              )
                                            )
_____          )
**(Full name under which you were convicted)**  )
                                            )
B-25560                                     )
**(Prison Number)**                             )    Docket No. 06-536-DRH
                                            )    **(To be supplied by Clerk)**
MENARD CORRECTIONAL CENTER                  )
**(Place of Confinement)**                      )

---

## PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. §2254
## BY A PERSON IN STATE CUSTODY

---

TONY SHOEMAKER, Petitioner
**(Full name under which you were convicted)**

vs.

DONALD A. HULICK, Respondent
**(Name of Warden, Superintendent, Jailor, or**
**authorized person having custody of petitioner),**

**and  (when applicable)**

**The Attorney General of the State of**
ILLINOIS.

Rev. 8/96

# PETITION FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN STATE CUSTODY

### INSTRUCTIONS—READ CAREFULLY

1. If you are attacking a judgment which imposed a sentence to be served in the **future**, you must fill in the name of the state where the judgment was entered. If you have a sentence to be served in the **future** under a federal judgment which you wish to attack, you should file a motion under Title 28, U.S.C. §2255, in the federal court which entered the judgment.

2. **Readable** - The petition may be either typed or handwritten, but it must be readable.

3. **One Conviction Per Form** - You can only challenge one criminal conviction in each petition.

4. **Signed Under Penalty of Perjury** - The petition must be signed by you "under penalty of perjury". Any false statement of a material fact may serve as a basis for prosecution and conviction for perjury. Your signature does **not** have to be witnessed by a notary public.

5. **Copies and Proper Court** - All questions must be answered. When the petition is fully answered, the **original and two (2) copies** must be mailed to the Clerk of the United States District Court for the Southern District of Illinois, whose address is P.O. Box 249, East St. Louis, IL 62202-02491.

6. **Exhaustion** - Before you can sue in federal court for habeas corpus relief, you must first raise every ground you have in State Court, either by direct appeal, state habeas, and/or post-conviction statutes, and appeal as high in the state court system as they will let you go. If you have not done this, you should either do it now, before filing in federal court, or be prepared to explain on the form why you have not exhausted your state remedies.

7. **All Grounds** - You must include all grounds for relief in this petition and the facts supporting each ground for relief. If you fail to do so, you may be prevented from presenting additional grounds at a later date.

8. **Legal Citations and Arguments** - No citations of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

9. **Fee** - You must either (A) pay the filing fee of $5.00 or (B) if you do not have the money, you may request permission to proceed in forma pauperis, in which event you must complete and sign the motion and affidavit supplied by the clerk's office and have an authorized officer at the penal institution complete and sign the attached certificate. You must also have an authorized officer attach a print-out of your prison trust account activity for the six months prior to the filing of your petition.

10. **Grounds Frequently Raised** - For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded

Rev. 8/96

- 2 -

by a letter is a separate ground for possible relief.  YOU MAY RAISE ANY ADDITIONAL
GROUND(S).  However, you should raise in this Petition all available grounds
(relating to this conviction) on which you base your allegations that you are being held
in custody unlawfully.

Do not check any of the listed grounds.  If you select one or more of these grounds for relief
or any other ground(s), you must allege **FACTS**.  The Petition may be returned to you if you
merely check the ground(s) listed below.

a)      Conviction obtained by plea of guilty which was unlawfully induced or not made
        voluntarily or with understanding of the nature of the charge and consequences of
        the plea.

b)      Conviction obtained by used of coerced confession.

c)      Conviction obtained by use of evidence gained pursuant to an unlawful arrest.

d)      Conviction obtained by a violation of the privilege against self-incrimination.

e)      Conviction obtained by the unconstitutional failure of the prosecution to disclose to
        the defendant evidence favorable to the defendant.

f)      Conviction obtained by a violation of the protection against double jeopardy.

g)      Conviction obtained by action of a grand or petit jury which was unconstitutionally
        selected and impaneled.

h)      Denial of effective assistance of counsel.

I)      Denial of right of appeal.


## PETITION


| 1. | Institutional Address: | TONY SHOEMAKER, #B-23560 |
|----|----|----|
| | | P.O. Box 711 |
| | | MENARD, IL. 62259-0711 |

2.      **Court:**        Name and location of Court in which the conviction you are challenging was
                         obtained: MORGAN COUNTY ILLINOIS CIRCUIT COURT

3.      **Judge(s):**     Trial Judge HON. J. DAVID BONE
                         Sentencing Judge HON. J. DAVID BONE

4.    **Date:**    What was the date of your conviction? MAY 8, 2000

5.    **Crime:**    a)    Of what crime(s) were you convicted? HOME INVASION AND
CRIMINAL SEXUAL ASSAULT

b)    Were you sentenced on more than one count of an indictment, or on more
than one indictment in the same court at the same time?
Yes (X)        No ( )

If yes, explain: THIRTY YEARS (30) EACH
COUNT TO RUN CONSECUTIVELY

6.    **Lawyer:**    Who was your lawyer?
a)    At preliminary hearing RICHARD CREWS, Public Defender

b)    At arraignment and plea SAME

c)    At trial TRIAL WAIVED BY COUNSEL

d)    At sentencing SAME

e)    On direct appeal JEFFREY D. FOUST, Ass't. Defender

f)    In any post-conviction proceeding None Appointed

g)    On appeal from any adverse ruling in a post-conviction proceedings
Appellate Court, Fourth Judicial District, combined
post conviction appeal with original appeal.

7.    **Plea:**    a)    What your conviction a result of a guilty plea or plea of nolo contendere?
(Check one)
xx  Yes, guilty plea
___  Yes, nolo contendere
___  No

b)    What was the date of your plea? May 8, 2000

c)    If you pleaded guilty to one count or one indictment, and pleaded not guilty
or nolo contendere to another, give details: Entered plea upon erroneous
advise of counsel, then tried to withdraw plea and have
trial by jury, which counsel refused to submit to court.

Rev. 8/96                                    - 4 -

8. **Sentence:**  What was your sentence?  _30 years/30 years, consecutive_

9. **Trial:**  a)  What kind of trial?
   _____ Jury    _XXX_ Judge without a jury

   b)  Did you testify at the trial?  __ Yes  _x_ No

10. **Appeal(s):**  a)  Did you appeal your criminal conviction?  _X_ Yes  __ No

   b)  If you did appeal, answer the following:

   Name and location of Court to which you first appealed _Appellate_
   _Court, Fourth Judicial District_
   Date Notice of Appeal was filed _Immediately after sentencing_
   Result _Appeal was denied_
   Date of Opinion _April 8, 2002_
   Citation of court opinion (if known) _4-03-0930 & 4-030744,_
   _consolidated_

   Ground(s) raised on direct appeal _Sentence Reconsideration;_
   _Denial of Withdrawal of Plea; Ineffective Assistance_
   _of Counsel; Apprendi violation_
   _** Appellate Court did send back to lower court_
   _to review claim of ineffective assistance_
   _of counsel (People v. Shoemaker, No. 4-01-0300)._

   If you did not directly appeal, explain briefly why you did not _____
   _Did_

   c)  Did you attempt to appeal the result to the highest state court having
   jurisdiction? _XX_ Yes  __ No

   d)  If you did attempt to appeal to the highest state court, attach a copy of the
   petition or motion you made, and answer the following  (or attach a copy of
   the court's opinion or order):

   Name and location of Court _Illinois Supreme Court_

   Date Petition for Leave to Appeal or Notice of Appeal was filed _____
   Result _Petition For Leave To Appeal denied._
   Date of Opinion _No. 93885 October 2, 2002_
   (Attached)

Citation of court opinion (if known) _Unknown_____

Ground(s) raised _Exactly the ones shown on p.5____

If you did not appeal to the highest state court, explain briefly why you did not___PLA Denied_____

e)    Did you seek permission to file a late appeal? __ Yes  X_ No

11.    **Post Conviction Collateral Proceeding(s):**

a)    Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal:
xx Yes    __ No

b)    If yes, give the following information:

A.    First petition, application or motion.

1)    Name of Court _Circuit Court, Morgan County, Illinois___

2)    Date Filed _August 26, 2003_____

3)    Nature of Proceeding _Post-Conviction Petition_____

4)    Ground(s) Raised _Sentence violated Apprendi v. U.S. in that the State used same identical issues used to convict first sentence as was used in second one, those elements identical in content for two separate charges_____

Rev. 8/96

5) Did you receive an evidentiary hearing on your petition, application or motion? __
__ Yes _X_ No

6) Final Result Denied without hearing

7) Date of Final Result (Attach a copy of the court's opinion or order) 8-26-2003(A-5)

8) If this petition, application, or motion was brought in a state court, did you appeal the result to the highest state court having jurisdiction?
__ Yes __ No

If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order) Appealed to Appellate Court and they denied Motion To Consolidate Appeals . The date of said decision was Nov. 15, 2004 and a copy is attached here as A-6.

9) If you did not appeal, briefly explain why you did not  Tried to Appeal To Illinois Supreme Court (A-6) but Leave To Appeal was denied June 30, 2005 (A-8).

B.  As to any second petition, application or motion, give the following information:

1) Name of Court Ill. Supreme court highest in State

2) Date Filed  N/A

3) Nature of Proceeding  N/A

4) Ground(s) Raised  N/A

5) Did you receive an evidentiary hearing on your petition, application or motion?
__ Yes __ No  N/A

6)  Final Result_____

7)  Date of Final Result (Attach a copy of the court's opinion or order)_____

8)  If this petition, application, or motion was brought in state court, did you appeal the
result to the highest state court having jurisdiction?
__ Yes  __ No

If you did appeal, give the name of the court where the appeal was filed, the result,
the case number, citation and date of the court's decision (or attach a copy of the
court's opinion or order)_____
_____
_____
_____
_____

9)  If you did not appeal, briefly explain why you did not_____
_____
_____
_____

C.  As to any third petition, application or motion, give the following information:

1)  Name of Court_____
_____

2)  Date Filed_____

3)  Nature of Proceeding_____
_____
_____

4)  Ground(s) Raised_____
_____
_____
_____
_____
_____
_____

5)  Did you receive an evidentiary hearing on your petition, application or motion?
__ Yes  __ No

6)  Final Result_____

7)  Date of Final Result (Attach of copy of the court's opinion or order)_____

8)    If this petition, application, or motion was brought in state court, did you appeal the result to the highest state court having jurisdiction?
___ Yes    ___ No

If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order)_____
_____
_____N/A_____
_____

9)    If you did not appeal, briefly explain why you did not_____
_____No Other Sttae Remedy_____
_____
_____
_____

## 12.    Other Remedies:

Describe all other procedures, such as administrative remedies, that you have utilized.  List the dates when you sought each remedy, the result, and the date of that result _____
_____N/A_____
_____
_____
_____
_____
_____

## 13.    Ground(s) for Federal Habeas Corpus:

State in the following paragraph(s) every ground or reason you claim your conviction is improper or unlawful.

A.    First Ground

1)    My conviction violates the constitution or laws of the United States because:_____
_____Was Coerced Into Plea Without Benefit of Effective Assistance
of Counsel._____
_____
_____
_____
_____

2)    I have already raised this claim in state court.

Direct Appeal:        x  Yes  ___ No

State Habeas Corpus:  __ Yes  __ No
State Supreme Court:  _x_ Yes  __ No
Other: P-C Petition Yes  __ No

Explain:

_____
_____

B.    Second Ground

1)    My conviction violates the constitution or laws of the United States because: _____
      Sentence excessive and unconstitutional
      _____
      _____
      _____
      _____

2)    I have already raised this claim in state court.

      Direct Appeal:        x_ Yes  __ No
      State Habeas Corpus:  __ Yes  X_ No
      State Supreme Court:  X_ Yes  __ No    P.L.A. Denied
      Other:  P.C. Pet x_ Yes  __ No

Explain:
      All State remedies tried and denied
      _____

C.    Third Ground

1)    My conviction violates the constitution or laws of the United States because: _____
      N/A
      _____
      _____
      _____
      _____

2)    I have already raised this claim in state court.

      Direct Appeal:        __ Yes  __ No
      State Habeas Corpus:  __ Yes  __ No
      State Supreme Court:  __ Yes  __ No
      Other:                __ Yes  __ No

Explain:

_____
_____

Rev. 8/96

- 10 -

14. If any of the grounds listed in 13A, B, or C were not previously presented in any court, state or federal, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____ N/A _____

_____

_____

_____

_____

_____

15. Do you have any petition or appeal now pending in court, either state or federal, regarding the conviction under attack? __ Yes   __ No

If yes, give the name of the Court and nature of proceeding: _____ None _____

_____

_____

_____

_____

16. **Second or Successive Petitions:**

a) Is this a second or successive petition? (Have you previously filed a habeas petition in federal court with respect to the judgment you are currently attacking?)  Yes ( )  No (X)

b) If yes, have you attached a copy of an Order from a three-judge panel of the court of appeals authorizing this court to consider this petition?  Yes ( )  No ( )

NOTE: To file a second or successive petition with this court, you must first obtain an Order from a three-judge panel of the court of appeals that authorizes this court to consider this petition. You must attach a copy of such an Order.

**Failure to attach a copy of such Order will result in automatic dismissal of this petition.**

c) Does this second or successive habeas petition raise a claim that you have not presented in a previous petition(s)?  Yes ( )  No ( )

If no, answer the following:

(1) Briefly explain the claim not raised in a previous petition_____

_____

_____

_____

_____

_____

_____

Rev. 8/96

(2)     Does the new claim rest on new facts that could not have previously been discovered through the exercise of due diligence; and would the facts, if proven and viewed in light of the evidence as a whole, be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found you guilty of the underlying offense?  If yes, what are those facts?_____

_____N/A_____

_____

_____

_____

_____

_____

_____

_____

(3)     Does the new claim rely on a new rule of constitutional law that was previously unavailable, and which was made retroactive to cases on collateral review by the United States Supreme Court?  If so, what is that rule?____N/A_____

_____

_____

_____

_____

_____

_____

_____

_____

### FUTURE SENTENCE

Do you have any future sentence to serve after you complete the sentence imposed by the conviction under attack?  __ Yes  xx No

a)      If yes, give name and location of court which imposed sentence to be served in the future:___
_____None_____

b)      Give date and length of sentence to be served in the future:__None_____
_____

c)      Have you filed, or do you contemplate filing, any petition attacking the conviction which imposed the sentence to be served in the future?  __ Yes  __ No

Rev. 8/96

- 12 -

## REQUEST FOR RELIEF

State here exactly what you want to the court to do:

Find that counsel was ineffective in making sure rights were violated and that consecutive application of sentences was unconstitutional and remand for a new trial or order that I be released from unlawful conviction and sentences.

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned, certify to the best of my knowledge, information, and belief, that this petition is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11(a) and (b) may result in sanctions, monetary or non-monetary, pursuant to Federal Rule of Civil Procedure 11(c).

Signed this 29 day of June, 19 06

Tony Shoemaker
Signature of Petitioner

(Signature of lawyer, if any)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

TONY SHOEMAKER                    )
                                  )
            Petitioner            )
                                  )
      vs                          )     Docket Number _____
                                  )
DONALD A. HULICK, Warden          )
                                  )
            Respondent            )

## PROOF OF SERVICE

To: **HONORABLE LISA MADIGAN**         **MR. DONALD A. HULICK, Warden**
    ILLINOIS ATTORNEY GENERAL         MENARD CORRECTIONAL CENTER
    100 WEST RANDOLPH STREET          711 KASKASKIA STREET
    12th FLOOR                        P.O. BOX 711
    CHICAGO, IL. 60601                MENARD, IL. 62259-0711

     PLEASE TAKE NOTICE that petitioner Tony Shoemaker, pro se,
herewith certifies that he has mailed the enclosed Petition For A
Writ of Habeas Corpus, by placing it in the United States Mail at
the Menard Correctional Center on this 29 day of June 2006,
first class postage prepaid and properly addressed to the CLERK,
UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF ILLINOIS, 750
MISSOURI AVENUE, P.O. BOX 249, EAST ST. LOUIS, IL. 62202, and
containing the original and three (3) copies of said Petition.

     Petitioner further states and avers that he also has mailed a
request to the Menard Trust Office for a copy of his account for
the previous six months to be forwarded to the Court as required.

                          _Tony Shoemaker_
                          Tony Shoemaker, #B-23560
                          P.O. Box 711
                          Menard, IL. 62259-0711

## CERTIFICATION

     Under penalty of perjury pursuant to the provisions of Section

1-109 of the Code of Civil Procedure, I herewith certify that the

above is true and correct.

                          _Tony Shoemaker_
                          Tony Shoemaker, #B-23560
                          P.O. Box 711
                          Menard, IL. 62259-0711

## SUPPLEMENTAL EXPLANATION OF ALLEGED VIOLATIONS

### AND

## CASES IN SUPPORT OF HABEAS PETITION

### A. INEFFECTIVE ASSISTANCE OF COUNSEL:

At the onset of case, Public Defender Richard Crews was appointed to represent petitioner, and from that time, counsel was urging petitioner to enter a guilty plea inferring the sentence would only be for 30 years. The State had broken one single course of a crime down into several catgeories even though it was one continuing offense following a home invasion. After attempting to explain the real circumstances around the crime(s), counsel stated he would not fight the case in court in a trial and that if he did, and lost, the penalty would be much worse than 30 years.

Finally, petitioner agreed to plead because he knew the one count itself (home invasion) would net 30 years so there seemed to be no reason to fight part of the charges and not all when they composed of only one crime. But, shortly after doing so, he realized it was an error because it then opened the State up to opt for consecutive sentencing, which they did. He asked counsel to put in a Motion To Allow Withdrawal of Plea, but he would not and he refused to listen to any logic for it. This open refusal did not open the way for subsequent appeal and did not protect petitioner's rights for such an appeal.

The matter proceeded to Sentencing and all the while petitioner was urging counsel to object to consecutive sentences under **Apprendi** to preserve the issue for Appeal and petitioner also asked that counsel challenge the Truth-In-Sentencing law as being unconstituional because it allowed enhancement of not only one crime, but both

-1-

and virtually allowed that both sentences be enhanced to 85%, which in fact, by making the sentences consecutive and time to be served, tripled over what the Statute carried. Counsel refused to raise the issue of a single course of offense defense, nor preserving these issues for Appeal.

During sentencing, counsel allowed the State to infer that petitioner had committed other crimes other than the one which he faced, without objection, and that was referred to by the Judge during sentencing. Petitioner told counsel he had not committed that crime, yet counsel did not object nor inform the Court, again not preserving it for Appeal.

Counsel failed miserable in not making any mitigation effort in petitioner's behalf even though family members and other friends had made themselves available to testify and were in court for that purpose. Counsel had a duty to this, yet refused to call any witnesses, nor had he investigated the crime at all before going into Court. He made no effort to refute any aggravating factors used by the State and failed to object to the State's using evidence of other crimes which had never been charged or was he convicted of. He provided no defense at all in behalf of petitioner.

Worse yet, Mr. Crews was highly ineffective for making extremely prejudicial remarks during sentencing. On page 26, Sentencing Transcript, June 16, 2000 is stated: "There are those cases that I'm appointed to represent that there are just not much fun, and this is the coup de grace, so to speak. What Tony Shoemaker did in February is one of the most filthy, disgusting things that I've ever heard of and I am in no way going to stand here and

-2-

try to argue it was not. It's sickening, it's disgusting, it's wrong, and he's going to prison today and he knows that. I'm not friends with Tony Shoemaker, but Your Honor, as I stated, I took an oath." There was no reason for this dialogue to have been used by counsel, none at all, and it truly showed his bias for this petitioner and perhaps the reason counsel was so ineffective.

Counsel even allowed fines to be imposed along with costs which were illegal and later set aside by the Appellate Court, and this all transpired without objection by counsel.

At a hearing, if This Court permits, much more will be introduced that will also show ineffective assistance of counsel.


## B. UNCONSTITUTIONAL SENTENCING SCHEME AND APPRENDI VIOLATION:

Petitioner was sentenced to 30 years for Aggravated Criminal Sexual Assault and 30 years for Home Invasion to be served consecutively.

The triggering factor which authorized the penalty is **Brutal and Heinous and Severe Bodily Injury**. These facts, used to enhance the sentences, were not charged in the Charging Instrument, nor proven beyond a reasonable doubt, and these were brought up after the plea was entered. Even when a plea is entered, a defendant does not give up the right to have alleged facts proven and petitioner did not waive this right. When they were told to him, that's when he immediately asked to withdraw his plea, but counsel refused to submit a Motion to that effect. The sentences were based upon a statute which was declared void in **Apprendi v. New Jersey** and is void and unconstitutional as imposed upon petitioner.

Section 3-6-3(a)(2)(ii) of the Unified Code of Corrections mandates that a prisoner serving a term of imprisonment for specific crimes receive no more than 4.5 days credit for good time, for

for each month served.   The statute decreasing petitioner's day for day credit does not require that he be given pre-trial notice of the facts which qualify him for this enhanced sentence, nor does it require the facts be charged in the Indictment.  The statute does not mandate that the facts qualifying him for only 15% good time credit be determined by a jury upon proof beyond a reasonable doubt.   The absences of these Constitutional provisions violated Due Process.

The decision by the U.S. Supreme Court in **Apprendi v. New Jersey** requires that petitioner's 15% credit be vacated and the cause remanded for the imposition of day for day credit.   The New Jersey supreme court applied the doctrine of Constitutional doubt to invalidate the No Early Release Act - NERA - a statute very similar to the Illinois truth-in-sentencing statute. Under **State v. Johnson, 166 N.J. 523, 766 A.2d 1126 (2001)**, the procedure of the court making a finding without a jury to extend a defendant's sentence, is unconstitutional.   The court found fundamental constitutional concerns with the notion that a prosecutor could use a judicial hearing under subsection (e) of NERA to shift to the trial court the burden of finding predicate facts chargeable as elements of crimes in our criminal statutes.

The Illinois Truth-In-Sentencing statute bears the same defects as those in the NERA. It allows a fact which increased this petitioner's sentence to be determined by the trial court at sentencing, without being pled in the Indictment or proven to a jury, and without a clear standard of proof. This Court should apply the doctrine of Constitutional doubt, relying upon **Apprendi**, and invalidate this statute.

-4-

Also involved herein is whether or not the Statute for criminal sexual assault is unconstitutional with regards to effectively causing petitioner's sentence to triple because of a fact that is implicit in the charge itself.  Under the sexual assault statute, if a crime is committed in a **'single course of conduct'** with no substantial change in the criminal objective, the sentences are to run concurrent.  Petitioner's crime occurred in a single course of conduct with no substantial change in the criminal objective. Under that law, had he been given 30 years for criminal sexual assault and the same 30 years for home invasion, he actually would have to do only 15 years, not his present terms as calculated by the Illinois Department of Corrections.

In cases regarding double enhancement, where the element of the crime is implicit in the charge itself, is used to enhance someone's time, the principle of using the element to enhance the sentence that is implicit in the crime itself, is illegal.

In petitioner's case, the charge itself was used three times to triple the sentence and for that reason he contends that this statute is unconstitutional, because his sentence not only is double what it should be, but it has been tripled because of the crime itself, without any additional factors.

### ADDITONAL CASES IN SUPPORT OF PETITION

Counsel failed to investigate and find readily available mitigating evidence of petitioner's low I.Q., susceptibility to be influenced under duress and his disadvantaged background. (**Brewer v. Aiken**, 935 F.2d 850(7th Cir. 1971); **Cunningham v. Zant**, 928 F.2d 1006 (7th Cir. 1991).  Counsel failed to call or interview witnesses

-5-

he knew were available and asked him to call them as shown in attached affidavits. These witnesses could have provided a basis for mitigation but counsel ignored them and did absolutely no preparation for the sentencing hearing. See, **Chambers v. Armon**trout, 907 F.2d 825(1990) and **Osborn v. Shellinger**, 861 F.2d 612, 624-30, (10th Cir. 1988). Counsel did not search carefully for mitigating evidence or even discuss potential case for mitigation with petitioner, and his statement before the sentencing judge (attached) did irreparable harm and caused prejudice upon petitioner. (**King v. Strickland**, 748 F.2d 1462 (11th Cir. 1984, cert. denied, 471 U.S. 1016(1985).

Counsel failed to investigate and present available mitigating evidence about petitioner's background and his cooperation with authorities throughout the case. (**Pickens v. Lockhar**t, 714 F.2d 1455, 1465-68 (8th Cir. 1983).

Counsel was ineffective for not submitting the requested Motion to Withdraw Plea, and this case deserved a full evidentiary hearing to probe petitioner's allegations, but was denied even though the Appellate Court saw flaws in the case and remanded it back to be reviewed. There was no complete review.

On appeal, counsel was no more effective because of the omitting obvious and significant state law issues regarding sentencing statutes and presenting issues that were considerably weaker. (**Evitts v.** Lucey, 467 U.S. 387(1985).

Petitioner's confession was involuntary and he had asked it be withdrawn and the matter taken to trial and he was not given a proper hearing on this even though the judge was aware of it at sentencing. (**Miller v.** Fenton, 474 U.S. 104(1983); **Johnson v. Denno**, 378 U.S. 368(1964).

## CONCLUSION

For all that has been submitted petitioner prays This Court will accept his Petition For Habeas relief and agree that his rights have been abridged by the State of Illinois and use its supervisory powers to correct deficiencies that have been denied and ignored in those lower courts, or whatever else This Court deems necessary and just in the cause.

Respectfully Submitted,

Tony Shoemaker

Tony Shoemaker, #B-23560
P.O. Box 711
Menard, IL. 62259-0711

## CERTIFICATE OF VERIFICATION

I, Tony Shoemaker, petitioner pro se, respectfully state and aver under penalty of perjury pursuant to the provisions of Section 1-109 of the Code of Civil Procedure that the facts and matters stated in the attached and foregoing are true and correct to the best of my knowledge and belief and I verily believe that I am entitled to relief from under an unconstitutional sentence.

Respectfully Submitted,

Tony Shoemaker

Tony Shoemaker, #B-23560
P.O. Box 711
Menard, IL. 62259-0711

State Of Illinois            )
                             ) SS
County Of Randolph

<u>AFFIDAVIT</u>

I, Tonia R. Phillips swear that the foregoing is true and correct, to the best of my knowledge and belief.

1.   That Tony Shoemaker, communicated to us, we to be in court, on the day of his sentencing, because Mr. Crews, his Attorney, communicated to him he would be calling us as character witnesses.

2.   That me, and several members of my family, were there in court on the day of Tony Shoemakers sentencing, Ready to testify on his behalf.

3.   That at no time during the proceedings, was I or my family ever called to testify on his behalf.

4.   That on this day in question, I had testimony, that I believe would have helped Tony Shoemaker, about his Character, and circumstances in general, which would have assisted him in mitgation portion of the case.

5.   FURTHER AFFIANT SAYETH NOT.

SUBSCRIBED AND SWORN TO
BEFORE ME THIS _2nd_ DAY
OF_____May_____2002.

BY _Sandra B. Dudley_                          _Tonia R. Phillips_
NOTARY PUBLIC                                   TONIA R. PHILLIPS
                                                      AFFIANT



SANDRA B. DUDLEY
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 06-11-2003

State Of Illinois      )
                       ) SS

County Of Randolph

### AFFIDAVIT

I, Donald E. Phillips, swear that the foregoing is true and correct, to the best of my knowledge and belief.

1. That Tony Shoemaker, communicated to us, we to be in court, on the day of his sentencing, because Mr. Crews, his Attorney, communicated to him he would be calling us as character witnesses.

2. That me, and several members of his family, were there in court on the day of Tony Shoemakers sentencing, Ready to testify on his behalf.

3. That at no time during the proceedings, was I or any of his family ever called to testify on his behalf.

4. That on this day in question, I had testimony, that I believe would have helped Tony Shoemaker, about his Character, and circumstances in general, which would have assisted him in mitgation portion of the case.

5. FURTHER AFFIANT SAYETH NOT.

SUBSCRIBED AND SWORN TO
BEFORE ME THIS _2nd_ DAY
OF _May_____ 2002.

BY _Sandra B Dudley_
     NOTARY PUBLIC

_Donald E. Phillips_____
           DONALD E. PHILLIPS
                 AFFIANT

SANDRA B. DUDLEY
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 06-11-2003

State Of Illinois      )
                    ) SS

County Of Randolph

## <u>AFFIDAVIT</u>

I, Charles W. Shoemaker, swear that the foregoing is true and correct, to the best of my knowledge and belief.


1.   That Tony Shoemaker, communicated to us, we to be in court, on the day of his sentencing, because

Mr. Crews, his Attorney, communicated to him he would be calling us as character witnesses.

2.   That me, and several members of my family, were there in court on the day of Tony Shoemakers sentencing,

Ready to testify on his behalf.


3.   That at no time during the proceedings, was I or my family ever called to testify on his behalf.


4.   That on this day in question, I had testimony, that I believe would have helped Tony Shoemaker, about his

Character, and circumstances in general, which would have assisted him in mitgation portion of the case.


5.   FURTHER AFFIANT SAYETH NOT.




SUBSCRIBED AND SWORN TO
BEFORE ME THIS _2nd_ DAY
OF _May_____ 2002.

BY _Sandra B. Dudley_
    NOTARY PUBLIC

_Charles w. Shoemaker_____
    CHARLES W. SHOEMAKER
         AFFIANT

SANDRA B. DUDLEY
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 06-11-2003

STATE OF ILLINOIS )
                  ) SS
COUNTY OF RANDOLPH )


A F F I D A V I T


I, TERESA L. SHANKS, swear that the foregoing in true and correct
to the best of my knowledge and belief.

    1. That Tony Shoemaker, coomunicated to me,we were to be
in court, on the day of his sentencing, because MR. Crews, his
Attorney, communicated to him, he would be calling us as character
witnesses.

    2. That me, and several members of my family, were there
in Court on the day of Tony Shoemakers sentencing, ready to
testify on his behalf.

    3. That at no time during the proceedings, was I or my
family ever called to testify on his behalf.

    4. That on this day in question, I had testimony, that I
believe would have helped Tony Shoemaker, about his character,
and circumstances in general, which would have assisted him in
the mitigation portion of his case.

    5. FURTHER AFFIANT SAYETH NOT.


_Theresa L. Shanks_

TERESA L. SHANKS

AFFIANT

SUBSCRIBED AND SWORN TO
BEFORE ME THIS 15 DAY
OF April         2002.

BY _Cherie M. Emerick_

NOTARY PUBLIC

OFFICIAL SEAL
CHERIE M. EMERICK
NOTARY PUBLIC - STATE OF ILLINOIS
My Commission Expires: 4/15/04

STATE OF ILLINOIS  )
                   ) SS
COUNTY OF RANDOLPH )


### A F F I D A V I T


I, Tammy S. Black, Swear that the foregoing is true and correct
to the best of my knowledge and belief.


1. That Tony Shoemaker, communicated to me, we were to be in
court, on the day of his sentencing, because MR. CREWS, his
Attorney, communicated to him, he would be calling us as c
Character witnesses.

2. That me, and several members of my family, were there in
Court on the day of Tony Shoemakers sentencing, ready to testify
on his behalf.

3. That at no time during the proceedings, was I or my
family ever called to testify on his behalf.

4. That on this day in question, I had testimony, that I
believe would have helped Tony Shoemaker, about his character,
and circumstances in general, which would have assisted him in
the mitigation protion of his case.

5. FURTHER AFFIANT SAYETH NOT.


_Tammy S. Black_
TAMMY S. BLACK
AFFIANT


SUBSCRIBED AND SWORN TO

BEFORE ME THIS __26__ DAY

OF __April__ 2002.

BY _____
        NOTARY PUBLIC


JOAN L. TULIER RICHARDSON
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 02-11-06

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF RANDOLPH   )


## A F F I D A V I T


I, Chad Black, swear that the foregoing is true and correct to the best of my knowledge and belief.

1. That Tony Shoemaker, communicated to me, we were to be in court, on the day of his sentencing, because MR. CREWS, his Attorney communicated to him, he would be calling us as his character witnesses.

2. That me, and several members of my family, were there in Court on the day of Tony Shoemakers sentencing, ready to testify on his behalf.

3. That at no time during the proceedings, was I or my family ever called to testify on his behalf.

4. That on this day in question, I have testimony, that I believe would alive helped Tony Shoemaker, about his character, and circumstances in general, which would have assisted him in the mitigation portion of his case.

5. FURTHER AFFIANT SAYETH NOT.


_____
CHAD BLACK
AFFIANT


SUBSCRIBED AND SWORN TO

BEFORE ME THIS 26 DAY

OF ____April____ 2002.

BY _____
            NOTARY PUBLIC



JOAN L. TULIER RICHARDSON
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 02-11-06

STATE OF ILLINOIS )
                    ) SS
COUNTY OF RANDOLPH )


### A F F A D A V I T T

1, NICOLE M. RILEY, swear that the foregoing is true and correct to the best of my knowledge and belief.

    1. That Tony Shoemaker, communicated to us, we were to be in court, on the day of his sentencing, because Mr. Crews, his Attorney, communicated to hi, he would be calling us as character witnesses.

    2. That me, and several family members, were there in Court on the day of Tony Shoemakers sentencing, ready to testify on his behalf.

    3. That at no time during the procedings, was I, or my family ever called to testify on his behalf.

    4. That on this day in question, I had testimony, that I believe would have helped Tony Shoemaker, about his character, and circumstances in general, which would have assisted him in the mitigation portion of his sentence.

    5. FURTHER AFFIANT SAYETH NOT.


SUBSCRIBED AND SWORN TO
BEFORE ME THIS _17th_ DAY
OF _April_ 2002
BY _Doris Diane Ehlert_
    NOTARY PUBLIC

_Nicole M. Riley_
    NICOLE M. RILEY
    AFFIANT

OFFICIAL SEAL
DORIS DIANE EHLERT
NOTARY PUBLIC - STATE OF ILLINOIS
My Commission Expires: 07/09/06

NO. 4-01-0300

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
APR  8 2002
CLERK OF THE
APPELLATE COURT, 4TH DIST.

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS,<br>    Plaintiff-Appellee,<br>        v.<br>TONY W. SHOEMAKER,<br>    Defendant-Appellant. | Appeal from<br>Circuit Court of<br>Morgan County<br>No. 00CF21<br><br>Honorable<br>J. David Bone,<br>Judge Presiding. |

---

ORDER

Defendant Tony W. Shoemaker appeals from the March 27, 2001, order of the Morgan County circuit court denying his motion to reconsider sentence.  We affirm in part, vacate in part, reverse in part, and remand with instructions.

I. BACKGROUND

On May 8, 2000, defendant entered an open plea of guilty to one count of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(2) (West 2000)) and one count of home invasion (720 ILCS 5/12-11(a)(2) (West 2000)).  Defendant was fully admonished.  The trial court sentenced defendant to 30 years in prison on each count, to be served consecutively.  Defendant was ordered to pay court costs, a $100 sexual assault fine, and $40,550 in restitution plus 9% interest.  The Illinois Department of Corrections (DOC) was ordered to withhold 50% of defendant's monthly corrections income to be remitted to the Morgan County circuit clerk as payment toward the above amounts due in this case.  The "truth-in-sentencing" provision of section 3-6-

A-1

3(a)(2)(ii) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/3-6-3(a)(2)(ii) (West 2000)) was also applied, ensuring that defendant would serve at least 85% of those 60 years.

Defendant's appointed trial counsel filed a motion to reconsider sentence on June 5, 2000.  Two days later, defendant filed a <u>pro</u> <u>se</u> motion for reduction of sentence, motion to withdraw guilty plea and vacate sentence, and motion for appointment of new counsel.  Defendant's <u>pro</u> <u>se</u> motions essentially alleged ineffective assistance of counsel.

On August 15, 2000, a hearing was held on defendant's counsel's motion to reconsider sentence.  A 30-day continuance was granted on defendant's request.  Defendant's <u>pro</u> <u>se</u> motions were stricken without consideration because defendant was represented by counsel.

On October 10, 2000, defendant filed a <u>pro</u> <u>se</u> petition to reinstate his motion to withdraw his guilty plea and motion for appointment of new counsel, again alleging ineffective assistance of counsel.  This <u>pro</u> <u>se</u> petition was stricken on October 16, 2000, per defendant's request because he wanted to change some things and refile.

On March 19, 2001, defendant filed another <u>pro</u> <u>se</u> petition to reinstate his motion to withdraw guilty plea, again alleging ineffective assistance of counsel.  This petition was stricken without consideration on March 20, 2001, because defendant was represented by counsel.

- 2 -

On March 27, 2001, the trial court heard the unmodified July 5, 2000, motion to reconsider sentence filed by defendant's counsel. The motion was denied. Defendant appeals.

## II. ANALYSIS

Defendant raises four issues on appeal: (1) the "truth-in-sentencing" provision of section 3-6-3(a)(2)(ii) of the Unified Code (730 ILCS 5/3-6-3(a)(2)(ii) (West 2000)) is unconstitutional under the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000); (2) defendant is entitled to a $510 credit against his fine; (3) the case should be remanded because the trial court erred by not inquiring into defendant's claim of ineffective assistance of counsel; and (4) the order directing DOC to withhold 50% of defendant's monthly corrections income toward payment of restitution and costs is void. We address each issue in turn

### A. Apprendi Challenge

Defendant argues that his sentence must be vacated because the "truth-in-sentencing" provision of section 3-6-3(a)(2)(ii) of the Unified Code is unconstitutional under the United States Supreme Court's decision in Apprendi. This court specifically found that the "truth-in-sentencing" provision of section 3-6-3(a)(2)(ii) does not implicate Apprendi issues in People v. Garry, 323 Ill. App. 3d 292, 752 N.E.2d 1244 (2001), appeal denied, 196 Ill. 2d 552, ___ N.E.2d ___ (2001). Garry is dispositive on the issue. Defendant's argument is without merit.

- 3 -

### B. Credit Against Defendant's Fine

Defendant argues, and the State concedes, that defendant is entitled to a $510 credit toward his $100 fine for the 122 days at $5 per day he spent in jail prior to his sentencing. See 725 ILCS 5/110-14 (West 1998). Because the amount credited cannot exceed the amount of the fine, the case is remanded with instructions to give defendant a $100 credit against his fine. 725 ILCS 5/110-14 (West 1998).

### C. The Trial Court's Failure To Inquire into Defendant's Claim of Ineffective Assistance of Counsel

Defendant argues that this case must be remanded because the trial court erred when it dismissed without consideration his pro se motions claiming ineffective assistance of counsel. We agree.

The general rule is that a court can and should ignore pro se motions that are filed by defendants who are represented by counsel; a defendant has no right to self-representation and the assistance of counsel. People v. Pondexter, 214 Ill. App. 3d 79, 87, 573 N.E.2d 339, 345 (1991). When a defendant elects to be represented by counsel, the defendant retains the right to make decisions regarding fundamental rights, but strategic matters are left to the attorney. Pondexter, 214 Ill. App. 3d at 87, 573 N.E.2d at 345. "The only exception affording the right to file pro se motions while represented by counsel are motions directed to defendant's attorney's representation." (Emphasis added.) Pondexter, 214 Ill. App. 3d at 88, 573 N.E.2d at 345. Without this exception, a defendant represented by appointed

- 4 -

counsel could not argue his counsel was ineffective unless and
until he convinced his counsel to argue his or her own ineffec-
tiveness.  This is clearly an untenable position for a defendant.
In this case, defendant's motions were directed to his attorney's
representation.  Therefore, the trial court erred in striking
defendant's motions without consideration on the basis that
defendant was represented by counsel.

     In a case such as this where a defendant's request for
new appointed counsel is denied, the Illinois Supreme Court has
stated that "the operative concern for the reviewing court is
whether the trial court conducted an <u>adequate</u> <u>inquiry</u> into the
<u>pro se</u> defendant's allegations of ineffective assistance of
counsel."  (Emphasis added.)  <u>People v. Johnson</u>, 159 Ill. 2d 97,
125, 636 N.E.2d 485, 497 (1994).  If the posttrial claim of
ineffective assistance lacked merit or went to matters of strat-
egy, then a trial court is correct not to appoint new counsel; if
the claim has merit, new counsel should be appointed to argue the
claim of ineffective assistance.  <u>Johnson</u>, 159 Ill. 2d at 124,
636 N.E.2d at 497.

     The trial court was required to make an adequate
inquiry in this case into defendant's claims of ineffective
assistance before summarily dismissing those claims.  <u>Johnson</u>,
159 Ill. 2d at 124-25, 636 N.E.2d at 497.  The trial court made
no inquiry, however, on the incorrect belief that it did not need
to because defendant was represented by counsel.  No inquiry is
not an adequate inquiry.  The trial court's decision put defen-

dant in the untenable position of being unable to question his attorney's effectiveness unless his attorney argued his own ineffectiveness.

The State apparently recognizes that the trial court should have made some inquiry into defendant's claims of ineffective assistance of counsel.  The State argues, however, that remand for the trial court to inquire into defendant's claim of ineffective assistance is unnecessary because this court can determine that the claim is clearly meritless.  In support of its argument, the State cites to this court's decision in People v. Pope, 284 Ill. App. 3d 330, 335, 672 N.E.2d 65, 69 (1996) (failure to make an adequate inquiry into the defendant's claim of ineffective assistance did not require remand because the claims were without merit and unsupported by sufficient facts).  We find Pope distinguishable and find that remand is necessary for the trial court to consider defendant's claims of ineffective assistance.

In Pope, this court noted as a threshold matter that the trial court's duty to inquire into the defendant's claim was limited because defendant had not filed a pro se motion or requested appointment of new counsel.  Pope, 284 Ill. App. 3d at 334, 672 N.E.2d at 68.  In this case, however, defendant did file a pro se motion and did request appointment of new counsel, so the trial court's duty to investigate defendant's claim was not limited for that reason.

- 6 -

### D. The Trial Court Did Not Have Authority To Order DOC To With-hold 50% of Defendant's Monthly Corrections Income Toward Payment of Restitution and Costs

Defendant next argues that the trial court did not have authority to order DOC to withhold 50% of his monthly corrections income toward payment of restitution and costs, and, therefore, that order is void and all money collected pursuant to that void order must be returned to defendant. We agree. No authority exists for a trial court to direct that DOC withhold wages earned while a defendant is imprisoned, and that part of a sentencing order directing DOC to withhold corrections wages is void. People v. Williamson, 319 Ill. App. 3d 891, 900, 747 N.E.2d 26, 34 (2001), appeal denied, 195 Ill. 2d 597, 755 N.E.2d 483 (2001); see also People v. Watson, 318 Ill. App. 3d 140, 142-43, 743 N.E.2d 147, 149 (2000), appeal denied, 195 Ill. 2d 570, 754 N.E.2d 1291 (2001). Because the withholding order was void, the money paid pursuant to the void order must be returned to defen-dant. See Buzz Barton & Associates, Inc. v. Giannone, 108 Ill. 2d 373, 381-82, 483 N.E.2d 1271, 1275 (1985). We therefore vacate that part of defendant's sentencing order directing DOC to withhold defendant's corrections wages.

### III. CONCLUSION

We affirm the convictions and sentence imposed by the trial court. We vacate the order directing DOC to withhold 50% of defendant's corrections income. We reverse the trial court's order striking defendant's pro se motions and remand for an adequate inquiry into the factual basis for defendant's claims of

- 7 -

ineffective assistance of counsel.  We further order the trial court to credit $100 toward defendant's fine.

Affirmed in part, vacated in part, and reversed in part; cause remanded with directions.

COOK, J., with MYERSCOUGH, J., concurring.

TURNER, J., concurring in part and dissenting in part.

JUSTICE TURNER, specially concurring in part and dissenting in part:

I concur with the majority to affirm the sentence imposed by the trial court. I also concur to remand the cause with instructions to give defendant a $100 credit against his fine and to vacate that part of defendant's sentencing order directing DOC to withhold defendant's correction wages.

I respectfully dissent with the majority order to remand for an inquiry into the factual basis for defendant's claim of ineffective assistance of counsel. Defendant alleged that if his attorney had investigated he would have determined that the factual basis for the plea was not substantiated. As noted in Pope, whether a failure to investigate is incompetence depends on the value of the evidence. Pope, 284 Ill. App. 3d at 334, 672 N.E.2d at 68. Here, defendant did not identify the witnesses who could or should have been contacted. Defendant also failed to allege the substance of the evidence from these "potential" witnesses or how such evidence would have assisted defendant's case. Hence, defendant's claims were either meritless on their face or unsupported by sufficient factual allegations. Pope, 284 Ill. App. 3d at 334, 672 N.E.2d at 68. Accordingly, I would affirm the trial court's order striking defendant's pro se motions and denying defendant's motion to reconsider sentencing.

NO. 4-01-0300

IN THE

APPELLATE COURT OF ILLINOIS

FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the Circuit Court<br>) of the Seventh Judicial Circuit,<br>) Morgan County, Illinois. |
| Plaintiff-Appellee, | ) |
| | ) |
| vs. | ) No. 00-CF-21 |
| | ) |
| TONY W. SHOEMAKER, | ) Honorable |
| | ) J. David Bone, |
| Defendant-Appellant. | ) Judge Presiding. |

## AFFIDAVIT OF INTENT TO FILE PETITION FOR LEAVE TO APPEAL

## NOTICE AND PROOF OF SERVICE

DANIEL D. YUHAS
Deputy Defender
Office of the State Appellate
  Defender
Fourth Judicial District
400 South Ninth, Suite 102
P.O. Box 5750
Springfield, IL   62705-5750
217/782-3654

JEFFREY D. FOUST
Assistant Defender

COUNSEL FOR DEFENDANT-APPELLANT



NO. 4-01-0300

IN THE

APPELLATE COURT OF ILLINOIS

FOURTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the Seventh Judicial Circuit, Morgan County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| vs. | ) ) | No. 00-CF-21 |
| TONY W. SHOEMAKER, | ) ) ) | Honorable J. David Bone, |
| Defendant-Appellant. | ) | Judge Presiding. |

## AFFIDAVIT OF INTENT TO FILE PETITION FOR LEAVE TO APPEAL

Now comes affiant, Jeffrey D. Foust, Assistant Defender, Office of the State Appellate Defender, and states that he is counsel for the defendant-appellant in the above-captioned cause and that he in good faith intends to seek review by the Illinois Supreme Court of this Court's decision in the above-captioned cause by the filing of a Petition for Leave to Appeal pursuant to Supreme Court Rule 315.

Respectfully submitted,

JEFFREY D. FOUST
Assistant Defender

SUBSCRIBED AND SWORN to
before me on this _17_ day
of _April_, 2002.

NOTARY PUBLIC

OFFICIAL SEAL
___ S. CARDINALE
___ PUBLIC, STATE OF ILLINOIS
COMMISSION EXPIRES 11-8-2004

NO. 4-01-0300

IN THE

APPELLATE COURT OF ILLINOIS

FOURTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the Seventh Judicial Circuit, Morgan County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| vs. | ) ) | No. 00-CF-21 |
| TONY W. SHOEMAKER, | ) ) | Honorable J. David Bone, |
| Defendant-Appellant. | ) | Judge Presiding. |

## NOTICE OF MOTION AND PROOF OF SERVICE

TO:   State's Attorneys
       Appellate Prosecutor
       725 S. Second St.
       Springfield, IL  62704

Tony W. Shoemaker
Register No. B-23560
Box 711
Menard, IL 62259

Charles M. Colburn
Morgan County State's Attorney
Morgan County Courthouse
Jacksonville, IL 62650

Please take notice that the original of the Affidavit of Intent to File Petition for Leave to Appeal is being delivered to the Clerk of the Appellate Court and that I am serving each of the above with one copy of the Affidavit by depositing the copies in the mail in Springfield, IL, with sufficient prepaid postage and addressed as indicated above on this ___17th___ day of __April_____, 2002.

_____
LINSEY KLEIN
Legal Secretary

SUBSCRIBED AND SWORN to
before me this ___17___ day of
__April_____, 2002.

_____
NOTARY PUBLIC

OFFICIAL SEAL
NANCY S. CARDINALE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11-8-2004

STATE OF ILLINOIS
SUPREME COURT

At a Term of the Supreme Court, begun and held in Springfield, on Monday, the ninth day of September, 2002.

Present: Mary Ann G. McMorrow, Chief Justice
Justice Charles E. Freeman        Justice Thomas R. Fitzgerald
Justice Robert R. Thomas          Justice Thomas L. Kilbride
Justice Rita B. Garman            Justice Philip J. Rarick

---

On the second day of October, 2002, the Supreme Court entered the following judgment:

No. 93885

People State of Illinois,

    Respondent

    v.

Tony W. Shoemaker,

    Petitioner

Petition for Leave
to Appeal from
Appellate Court
Fourth District
4-01-0300
00CF21

The Court having considered the Petition for leave to appeal and being fully advised of the premises, the Petition for leave to appeal is DENIED.

As Clerk of the Supreme Court of the State of Illinois and keeper of the records, files and Seal thereof, I certify that the foregoing is a true copy of the final order entered in this case.

IN WITNESS WHEREOF, I have hereunto
subscribed my name and affixed the Seal
of said Court, this twenty-fourth day
of October, 2002.

*Juleann Hornyak*     Clerk,
Supreme Court of the State of Illinois

IN THE SEVENTH JUDICIAL CIRCUIT OF THE STATE OF ILLINOIS
MORGAN COUNTY
**JUDGE'S DOCKET ORDER**

Case _____ PEOPLE VS. TONY W. SHOEMAKER _____        No. _____ 00-CF-21 _____

Date _____ August 11, 2003 _____        **CIRCUIT JUDGE RICHARD T. MITCHELL**        **(MAS)**

This matter comes before the Court on defendant's post-conviction petition and supplement to post-conviction petition. This Court having reviewed the post-conviction petition as amended finds that the consecutive sentence was mandated by the clear and unambiguous language of 730 ILCS 5/5-8-4(a).

Therefore, the post-conviction petition as amended is found to be patently without merit and is dismissed.

cc: State's Attorney Colburn
    Defendant

*A-3*



# SUPREME COURT OF ILLINOIS

SUPREME COURT BUILDING
SPRINGFIELD 62701

**JULEANN HORNYAK**

CLERK OF THE COURT

(217) 782-2035

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(217) 524-8132

**FIRST DISTRICT OFFICE**

20TH FLOOR
160 NO. LASALLE ST.
CHICAGO 60601
(312) 793-1332

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(312) 793-1333

August 13, 2003

Mr. Tony Shoemaker
Reg. No. B-23560
P. O. Box 711
Menard, IL  62259

Re:   No. 93885 - People  State  of  Illinois,  respondent,  v. Tony W.
Shoemaker, petitioner.  (Appellate Court, Fourth District,
No. 4-01-0300)

Dear Mr. Shoemaker:

This will acknowledge receipt of your letters on July 1, 2003, and August 7, 2003, regarding the status of the above-referenced matter.  Please accept our apology for the delay in responding to your correspondences.

A petition for leave to appeal was filed on May 13, 2002, on your behalf by your counsel, Assistant State Appellate Defender Jeffrey D. Foust, and docketed by this office as set out above.  On October 2, 2002, the Supreme Court denied the petition for leave to appeal, and notice was sent to Mr. Foust informing him of that fact.  On October 24, 2002, the mandate of the Supreme Court was issued to the Appellate Court, Fourth District, thereby closing the case in this Court.

A copy of the above-mentioned mandate is enclosed with this letter for your records.

Very truly yours,

*Juleann Hornyak*

Clerk of the Supreme Court

JH/jak
Enclosure

*A · 4*

=================================================================

### IN THE SEVENTH JUDICIAL CIRCUIT OF THE STATE OF ILLINOIS
### MORGAN COUNTY

=================================================================

PEOPLE OF THE STATE OF ILLINOIS, )
                Plaintiff,   ) No. <u>00-CF-21</u>
                          )
          -vs-           ) Richard T. Mitchell,
                        ) Hon. Judge Presiding.
TONY W. SHOEMAKER,         )
                        )
            Defendant.   )

**FILED**
AUG 2 6 2003

=================================================================

### NOTICE OF FILING

TO: Charles Colburn       TO: Clerk's Office
    State's Attorney          Circuit Court of Morgan
    300 W. State St.          County, ILlinois.
    Jacksonville, IL 62650      300 W. State St.
                         Jacksonville, IL 62650

THERESA LONERGAN
Clerk of Circuit Court Morgan Co. IL.

    PLEASE TAKE NOTICE that I'm taking leave to file the affixed;
notice of appeal, verified petition for report of proceedings
common law record and for appointment of counsel on appeal and
order with the Clerk of the Circuit Court of Morgan County,
Illinois, for adjudication by the Hon. Judge Presiding. Including
Defendant's Motion For Objections.
PLJ:fp;
XC:Files;
                  /s/ _Tony W. Shoemaker._
                  Tony W. Shoemaker B23560
                  P.O. Box 711
                  Menard, IL 62259

STATE OF ILLINOIS   )
                )SS.
COUNTY OF RANDOLPH )

### PROOF OF SERVICE

I, Tony W. Shoemaker, hereby declare under penalty of perjury
that I mailed true and correct copies of the above mentioned
legal papers to the above named persons by placing them in the
Institutional Mail at Menard Correctional Center for mailing by
the United States Postal Service, envelope properly addressed and
postage prepaid on this <u>23</u> day of <u>August</u> ,2003. Pursuant to
735 ILCS 5/1-109.
                  /s/ _Tony Shoemaker._
                  Tony W. Shoemaker

SUBSCRIBED AND SWORN TO BEFORE ME
ON THIS ___ DAY OF ___ 2003.
/s/ _____
    NOTARY OF PUBLIC

"OFFICIAL SEAL"
Patricia Luers
Notary Public, State of Illinois
My Commission Exp. 12/15/2003

*A - 5*

==================================================================
IN THE SEVENTH JUDICIAL CIRCUIT OF THE STATE OF ILLINOIS
MORGAN COUNTY
==================================================================

PEOPLE OF THE STATE OF ILLINOIS, )
                    Plaintiff,   )   No. 00-CF-21
                                 )
             -vs-                )   Richard T. Mitchell,
TONY W. SHOEMAKER,               )   Hon. Judge Presiding.   **FILED**
                                 )
                    Defendant.   )                           AUG 2 6 2003
==================================================================

THERESA LONERGAN
Clerk of Circuit Court Morgan Co. IL

## DEFENDANT'S MOTION FOR OBJECTIONS

NOW COMES, Tony W. Shoemaker, pro se and in forma pauperis pursuant to Art. I, Sections 2, 5, 12, and 24 of the Constitution of the State of Illinois, and Fourteenth Amendment to the Constitution of the United States, and respectfully moves this Honorable Court to enter into his objections into the records.

In support thereof, Defendant state as follows:

1.   On May 30, 2003, he filed in this court a Petition for Post-Conviction Relief raising various Constitutional Claims.

2.   On July 24, 2003, he filed in this court a supplemental Petition for Post-Conviction Relief.

3.   Defendant avers the Supplemental Petition for Post-Conviction Relief was presented to this court as an addition to those issues and points raised in his initial Petition for Post-Conviction.

4.   Defendant strenuously objection to this court treating the supplemental petition for Post-Conviction Relief as an Amended Petition for Post-Conviction Relief, and dismissing this matter on August 11, 2003.

5.     Defendant strenuously objects to this court for its failure to make any findings of facts and conclusions of law on those Constitutional issues and points raised in his initial Petition for Post-Conviction Relief.

6.     Defendant avers he has not waived any Constitutional Claims presented in his initial Petition for Post-Conviction Relief.

7.     Defendant ask this Honorable Court to enter his objections into the records.

WHEREFORE, Defendant prays for the above stated reasons, this Honorable Court grants this motion and enters his objections into the records, in accordance with due process and equal protection of the laws.

PLJ:fp;
XC:Files;

                          Respectfully Submitted,

                          *Tony W. Shoemaker.*

                          Tony W. Shoemaker pro se

IN THE SEVENTH JUDICIAL CIRCUIT OF THE STATE OF ILLINOIS
MORGAN COUNTY

PEOPLE OF THE STATE OF ILLINOIS, )
            Plaintiff, )
                )    No. <u>00-CF-21</u>
          -vs- )
                )    Richard T. Mitchell,
TONY W. SHOEMAKER, )    Hon Judge Presiding.
              )
        Defendant. )

**FILED**

AUG 2 6 2003

THERESA LONERGAN
Clerk of Circuit Court Morgan Co. IL

## NOTICE OF APPEAL

An appeal is taken from the order of judgment described below:
1. Court to which appeal is taken, Appellate Court of Illinois.
2. Appellant's Name and Address: Tony W. Shoemaker, B23560, P.O. Box 711, Menard, IL 62259.
3. Name and Address of Appellant's Attorney on Appeal: _____

4. Date of Judgment or Order, August 11, 2003.
5. Offense of which convicted, Aggravated Criminal Sexual Assault and Home Invasion.
6. Sentence, two 30-year consecutive Sentences.
7. Nature of Appeal, from a denial of Petition for Post-Conviction Relief.
PLJ:fp;               /s/ *Tony W. Shoemaker.*
XC:Files;              Tony W. Shoemaker

VERIFIED PETITION FOR REPORT OF PROCEEDINGS
<u>COMMON LAW RECORD AND FOR APPOINTMENT OF COUNSEL ON APPEAL</u>

Pursuant to Supreme Court Rule 651, Defendant-Appellant ask the Court to Order a transcript of the record of the post-conviction proceedings, Petitions and Orders filed, including a transcript of the evidence, if any, be prepared and filed with the Clerk of the Court to which the appeal is taken and to Appoint Counsel on Appeal. Appellant, being duly sworn, say that at the current time he is unable to pay for the Record or an appeal lawyer.

               /s/ *Tony W. Shoemaker.*
               Tony W. Shoemaker

SUBSRCIBED AND SWORN TO THIS 22 DAY OF *Aug*, 2003

        /s/ _____
        NOTARY OF PUBLIC

"OFFICIAL SEAL"
Patricia Luers
Notary Public, State of Illinois
My Commission Exp. 12/15/2004

## ORDER

IT IS HEREBY ORDERED: The State Appellate Defender/Public Defender of Sangamon County be appointed as counsel on appeal and the Record and Report of Proceedings be furished appellant without costs.

DATE:_____ , ENTERED:_____
                            Hon. Judge Presiding.
PETITIONS AND SUPPLEMENT PETITIONS DATES:_____
COURT ORDER DATES:_____ , 2003
REPORT OF PROCEEDINGS DATES:_____
DEFENDANT'S MOTION FOR OBJECTIONS DATE:_____ 2003

No.  4-03-0930 and 4-03-0744

IN THE

APPELLATE COURT OF ILLINOIS

FOURTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the Seventh Judicial Circuit, Morgan County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| -vs- | ) ) | No.  00-CF-21 |
| TONY SHOEMAKER, | ) ) | Honorable Richard T. Mitchell, |
| Defendant-Appellant. | ) ) | Judge Presiding. |

## MOTION TO CONSOLIDATE APPEAL NOS. 4-03-0930 AND 4-03-0744

## ORDER

## NOTICE OF MOTION AND PROOF OF SERVICE

DANIEL D. YUHAS
Deputy Defender
Office of the State Appellate Defender
Fourth Judicial District
400 South Ninth Street, Suite 102
P.O. Box 5750
Springfield, IL 62705-5750
(217) 782-3654

KAREN MUNOZ
Assistant Defender

COUNSEL FOR DEFENDANT-APPELLANT

A-6

No.  4-03-0930 & 4-03-0744

IN THE

APPELLATE COURT OF ILLINOIS

FOURTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the Seventh Judicial Circuit, Morgan County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| -vs- | ) ) | No.  00-CF-21 |
| TONY SHOEMAKER, | ) ) | Honorable Richard T. Mitchell, |
| Defendant-Appellant. | ) | Judge Presiding. |

## MOTION TO CONSOLIDATE APPEAL NOS. 4-03-0930 AND 4-03-0744

Defendant-Appellant, Tony Shoemaker, by Daniel D. Yuhas, Deputy Defender, and Karen Munoz, Assistant Defender, Office of the State Appellate Defender, respectfully requests that this Honorable Court consolidate appeal nos. 4-03-0930 and 4-03-0744.

In support of this motion counsel states:

1.     Mr. Shoemaker is appealing from the denial of relief following a remand by this Court in 4-03-0744 and the dismissal of his post-conviction petition in 4-03-0930.

2.     Both cases raise the same issue:   whether trial counsel was ineffective.

3.     Notice of appeal was filed on October 30, 2003 in Case No. 4-03-0930 and on August 26, 2003 in Case No. 4-03-0744.

4.     Resolution of both cases can be accomplished in a single appeal.

WHEREFORE, the defendant-appellant respectfully requests that this Court allow him to consolidate appeal nos. 4-03-0930 and 4-03-0744.


Respectfully submitted,


KAREN MUNOZ
Assistant Defender

COUNSEL FOR DEFENDANT-APPELLANT

No. 4-03-0930 & 4-03-0744

IN THE

APPELLATE COURT OF ILLINOIS

FOURTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the Seventh Judicial Circuit, Morgan County, Illinois. |
| Respondent-Appellee, | ) ) | |
| -vs- | ) ) | No. 00-CF-21 |
| TONY SHOEMAKER, | ) ) | Honorable Richard T. Mitchell, |
| Petitioner-Appellant. | ) | Judge Presiding. |

## ORDER

This matter coming to be heard on defendant-appellant's Motion to Consolidate Appeal Nos. 4-03-0930 and 4-03-0744, all parties having been duly notified, and the court being advised in the premises,

IT IS HEREBY ORDERED:

That the motion to consolidate appeal nos. 4-03-0930 and 4-03-0744 is allowed/denied.

DATE: _____     _____

                                           JUSTICE

                                      _____

                                           JUSTICE

                                      _____

                                           JUSTICE

KAREN MUNOZ
Assistant Defender
Office of the State Appellate Defender
Fourth Judicial District
400 South Ninth Street, Suite 102
P.O. Box 5750
Springfield, IL 62705-5750
(217) 782-3654

COUNSEL FOR DEFENDANT-APPELLANT

No.  4-03-0930 & 4-03-0744

IN THE

APPELLATE COURT OF ILLINOIS

FOURTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the Seventh Judicial Circuit, Morgan County, Illinois. |
| Respondent-Appellee, | ) ) | |
| -vs- | ) ) | No.  00-CF-21 |
| TONY SHOEMAKER, | ) ) | Honorable Richard T. Mitchell, |
| Petitioner-Appellant. | ) | Judge Presiding. |

## NOTICE AND PROOF OF SERVICE

Robert Biderman
State's Attorneys Appellate
  Prosecutor
725 South Second Street
Springfield, IL 62704

Charles M. Colburn
State's Attorney
Morgan County Courthouse
Jacksonville, IL 62650

Tony Shoemaker
Register No. B-23560
P.O. Box 711
Menard, IL 62259

Please take notice that the original and one copy of the Motion to Consolidate Appeal Nos. 4-03-0930 and 4-03-0744 are being delivered to the Clerk of the Appellate Court and that I am serving the SAAP with one copy by State of Illinois Messenger Service, and the State's Attorney and Defendant each with one copy by depositing their copies in the mail in Springfield, Illinois, in envelopes with sufficient prepaid postage and addressed as indicated above on this _15_ day of November, 2004.

_Candice Remington_
CANDICE REMINGTON
Legal Secretary

SUBSCRIBED AND SWORN
to before me this _15th_ day
of November, 2004.

_Evelyn A. Edwards_
NOTARY PUBLIC

Official Seal
Evelyn A. Edwards
Notary Public State of Illinois
My Commission Expires 06/15/08

NOS. 4-03-0744, 4-03-0930 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT



| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, ) | Appeal from |
|       Plaintiff-Appellee, ) | Circuit Court of |
|       v. ) | Morgan County |
| TONY W. SHOEMAKER, ) | No. 00CF21 |
|       Defendant-Appellant. ) | |
| ) | Honorable |
| ) | Richard T. Mitchell, |
| ) | Judge Presiding. |

PRESIDING JUSTICE COOK delivered the opinion of the court:

In May 2000, defendant, Tony W. Shoemaker, entered an open plea to one count of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(2) (West 1998)) and one count of home invasion (720 ILCS 5/12-11(a)(2) (West 1998)) committed on February 16, 2002. On June 16, 2000, the trial court sentenced defendant to consecutive 30-year prison terms, stating that in committing these crimes defendant had "forfeited his right to live among us." The trial court applied the "truth-in-sentencing" provision of the Unified Code of Corrections (Unified Code), requiring defendant to serve at least 85% of his sentence. See 730 ILCS 5/3-6-3(a)(2)(ii), (a)(2)(iii) (West 1998).

Defendant filed a number of <u>pro se</u> motions that essentially alleged ineffective assistance of counsel. The trial court struck those motions, stating that defendant could not file <u>pro se</u> motions while he was represented by counsel. On April 8, 2002, this court reversed the trial court's order striking



choked.  Throughout the incident, defendant repeatedly told the victim he was going to kill her because he was not going to go back to prison.

Trial counsel's strategy at the June 2000 sentencing hearing was to discuss sentences other defendants had received in murder cases that had been before the trial court for sentencing. Counsel emphasized that defendant did not kill anyone and asked for a sentence similar to those given in the murder cases.  At the sentencing hearing, defendant's trial counsel made the following remarks:

"Your Honor, a few years ago I was ap-
pointed the [p]ublic [d]efender of Morgan
County, and I took an oath to defend individ-
uals to the best of my ability.  I'd like to
think that during that time--I've represented
a few traffic cases, a few misdemeanors,
maybe even a few felonies--that I actually
helped somebody and they were happy that I
represented them.  But there are those cases
that I'm appointed to represent that are just
not much fun, and this is the <u>coup de grace</u>,
so to speak.  <u>What [defendant] did in</u> Febru-
<u>ary is one of the most filthy, disgusting,</u>
<u>things I've ever heard of</u>, and I in no way am
going to stand here and try to argue that it
was not.  It's sickening, it's disgusting,

- 3 -

> [the victim] is not dead. [She] is alive.
> She has her life.  It's damaged.  I'm not
> trying to say it's not.  And I in no way wish
> to diminish the impact this is going to have
> on the rest of her life.  But [defendant] is
> here today to be sentenced for aggravated
> criminal sexual assault and home invasion,
> not for murder."  (Emphases added.)

Counsel then discussed the two previous murder cases before the
court.  Counsel pointed out one of the victims had been raped
before being murdered and one of the defendants in that case
received a 25-year sentence while the other received a 30-year
sentence.  In the other case, one defendant received 20 years'
imprisonment while the other received a 25-year sentence.

> Counsel then stated:

> "Once again, Your Honor, I want to reit-
> erate, I am in no way trying to diminish what
> happened here.  But all we're asking for from
> the [c]ourt is consistency.  If the [c]ourt
> takes the State's recommendation and sen-
> tences [defendant] to 80 years in prison,
> what's the message we're sending out there?
> What's the message we're sending?  Well, if
> you're going to do something like this you'd
> better kill your victim, because if you don't
> you're going to prison for a long time.  But

- 5 -

itself presumptively unreliable." (Emphasis added.) <u>United States v. Cronic</u>, 466 U.S. 648, 659, 80 L. Ed. 2d 657, 668, 104 S. Ct. 2039, 2047 (1984). A <u>Cronic</u> violation was found in <u>People v. Hattery</u>, 109 Ill. 2d 449, 488 N.E.2d 513 (1985), where defense counsel conceded the defendant was guilty of murder and eligible for the death penalty. The supreme court, however, concerned that an unscrupulous defense counsel might deliberately concede his client's guilt in order to lay the groundwork for a later reversal, has narrowly construed <u>Hattery</u>. <u>People v. Johnson</u>, 128 Ill. 2d 253, 269, 538 N.E.2d 1118, 1125 (1989). "In situations where there is overwhelming evidence of guilt and no defense, if counsel contests all charges he is liable to lose credibility with the trier of fact when it comes to charges where a legitimate defense exists." <u>Johnson</u>, 128 Ill. 2d at 270, 538 N.E.2d at 1125 (counsel asserted a theory of defense on a number of charges and vigorously contested that defendant was eligible for the death penalty). It is not necessarily ineffective assistance for a defense counsel to waive closing argument at a capital sentencing hearing; waiving argument may have the advantage of preventing an impassioned rebuttal argument by the prosecutor. See <u>Bell v. Cone</u>, 535 U.S. 685, 701-02, 152 L. Ed. 2d 914, 931, 122 S. Ct. 1843, 1854 (2002).

The Supreme Court has refused to find ineffective assistance where counsel argued his client was a "'bad person, lousy drug addict, stinking thief, jail bird.'" <u>Yarborough v. Gentry</u>, 540 U.S. 1, 3, 157 L. Ed. 2d 1, 6, 124 S. Ct. 1, 3,

- 7 -

101 (1989) (citing Aristotle's Rhetoric).

This case has differences from Yarborough.  Yarborough was a habeas corpus case, where the Ninth Circuit had reversed a finding of the state court.  Judicial review of a defense attorney's summation is "doubly deferential when it is conducted through the lens of federal habeas." Yarborough, 540 U.S. at 6, 157 L. Ed. 2d at 8, 124 S. Ct. at 4.  Yarborough also involved a closing argument to a jury, while the present case involved an argument to a judge, on sentencing.  The remarks in the present case also appear to be more extensive than those in Yarborough.  Nevertheless, we cannot say that defense counsel's representation in this case was ineffective.

This is not a case where defense counsel completely failed to test the prosecution's case.  Certainly the argument that murderers received lesser sentences than the maximum nonextended consecutive sentences in this case was a reasonable argument.  Nor can we conclude that counsel's disparaging remarks were nothing more than "a gratuitous swipe at [defendant's] character."  The argument was made to the trial court, not to a jury, and the trial court already knew that defendant's actions were filthy and disgusting.  As in Yarborough, by candidly acknowledging his client's shortcomings, counsel may have built credibility with the court and persuaded the court to focus its attention not on defendant's character, but the sentencing structure that might punish defendant more severely than a murderer.  Counsel's strategy does not constitute ineffective

- 9 -

Opinion Filed:          06/30/05

Oral Argument Held:

Justices:               Honorable Robert W. Cook, J.

                        Honorable John W. Turner, J. - CONCUR

                        Honorable Sue E. Myerscough, J. - CONCUR


TO:


Reporter
of Dec.    _____     Ill. Bar    _____     Law Bull.              Law
                        (Mathewson)              Pub. Co.   _____    Library    _____

                                                 Chief                 Station
OSAD       _____     SAAP        _____     Judge      _____    WJBC       _____


Other:     _____



### STATE OF ILLINOIS
# APPELLATE COURT
#### FOURTH DISTRICT
#### 201 WEST MONROE STREET
P.O. BOX 19206
SPRINGFIELD, ILLINOIS 62794-9206

CLERK OF THE COURT

(217) 782-2586

RESEARCH DIRECTOR

(217) 782-3528

COUNSEL WILL PLEASE NOTE:

If you intend to appeal to the Supreme Court you must either file your affidavit of intent in 21 days from the date of this judgment [Rule 315(b)] or you must file a petition for rehearing within 21 days (by _July 21, 2005_ ) from the date of this judgment [Rule 367(a)].

IF NEITHER IS FILED our mandate will issue to the Circuit court on _July 28, 2005_ .

IF A PETITION FOR REHEARING IS FILED our mandate will issue 7 days after the order, _if denied_, if no affidavit of intent is filed within those 7 days.

THIS TIME SCHEDULE DOES NOT SHORTEN THE TIME FOR FILING IN THE SUPREME COURT !   It does prevent recall of a mandate.

We solicit your cooperation in this schedule so that we may expedite our case load and issue our mandates as soon as possible.

ALSO PLEASE NOTE:   OPINIONS ONLY

Attached to the enclosed copy of the opinion in this case is a cover sheet indicating the manner in which counsel will be listed in the various reports of this opinion.  If your name is incorrectly listed, or if a name has been incorrectly included or omitted, please immediately convey that information to this office at 217-782-2586. Please also immediately inform the Reporter of Decisions at 309-827-8513 so that a correct listing of counsel can be made in the official and unofficial reports of this case.

Thank you.

DARRYL PRATSCHER, Clerk
Appellate Court
Fourth District

DP: ms

NO. 4-03-0744, 4-03-0930 Cons.
_____

IN THE

APPELLATE COURT OF ILLINOIS

FOURTH JUDICIAL DISTRICT

**FILED**

JUL 1 9 2005

Clerk of the
Appellate Court, 4th District

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the<br>) Circuit Court of the<br>) ___7th___ Judicial Circuit, |
| Plaintiff-Appellee, | ) ___Morgan___ County, Illinois. |
| vs. | ) No. _00 CF 21_ |
| Tony W. Shoemaker , | ) Honorable<br>) _Richard T. Mitchell_ , |
| Defendant-Appellant. | ) Judge Presiding. |

## Affidavit of Intent to File Petition for Leave to Appeal

## Notice and Proof of Service

_Tony Shoemaker_

**PRO SE**

A - 8

NO. <u>4-03-0744,   4-03-0930</u>

IN THE

APPELLATE COURT OF ILLINOIS

FOURTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the |
| | ) | <u>7 th</u> Judicial Circuit, |
| Plaintiff-Appellee, | ) | <u>Morgan</u> County, Illinois. |
| | ) | |
| vs. | ) | No. <u>00 CF 21</u> |
| | ) | |
| <u>Tony W. Shoemaker</u>, | ) | Honorable |
| | ) | <u>Richard T. Mitchell</u>, |
| Defendant-Appellant. | ) | Judge Presiding. |

## Affidavit of Intent to File Petition for Leave to Appeal

Now comes defendant-appellant, *Pro Se*, in the above-entitled cause and states that he/she in good faith intends to seek review by the Illinois Supreme Court of this Court's decision in the above-entitled cause by the filing of a Petition for Leave to Appeal pursuant to Supreme Court Rule 315; and therefore, requests this Court to stay the mandate in the above-entitled cause until disposition of the case by the Illinois Supreme Court.

*Tony Shoemaker*

***PRO SE***

Subscribed and sworn to
before me on this <u>19</u>
day of <u>July</u>, 200<u>5</u>.

*Patricia Luers*
NOTARY PUBLIC

"OFFICIAL SEAL"
Patricia Luers
Notary Public, State of Illinois
My Commission Exp. 12/15/2008

NO. 4-03-0744, 4-03-0930

IN THE

APPELLATE COURT OF ILLINOIS

FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the<br>) Circuit Court of the<br>) __7th__ Judicial Circuit, |
| Plaintiff-Appellee, | ) __Morgan__ County, Illinois. |
| vs. | ) No. __00 CF 21__ |
| __Tony W. Shoemaker__, | ) Honorable<br>) __Richard T. MItchell__, |
| Defendant-Appellant. | ) Judge Presiding. |

## Notice and Proof of Service

TO:   State's Attorneys Appellate
         Prosecutor
      725 South Second Street
      Springfield, IL 62704


      __Chris Reif__
      State's Attorney
      __Morgan__ County Courthouse
      __Jacksonville__, IL __62650__

        Please take notice that the original of the Affidavit of Intent to File Petition for Leave to Appeal is being mailed to the Clerk of the Appellate Court, 201 West Monroe, P.O. Box 19206, Springfield, IL 62794-9206 and that I am serving the SAAP and State's Attorney by depositing their copies in the mail in Springfield, IL, in envelopes with sufficient prepaid postage and addressed as indicated above on this __19__ day of __July 2005__, 2005.

                                                    _Tony Shoemaker._
                                                    **PRO SE**

Subscribed and sworn to
before me on this __19__
day of __July__, 2005

_Patricia Luers_
NOTARY PUBLIC

"OFFICIAL SEAL"
Patricia Luers
Notary Public, State of Illinois
My Commission Exp. 12/15/2008



# SUPREME COURT OF ILLINOIS
SUPREME COURT BUILDING
SPRINGFIELD 62701

August 8, 2005

**JULEANN HORNYAK**
CLERK OF THE COURT
(217) 782-2035

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(217) 524-8132

**FIRST DISTRICT OFFICE**
20TH FLOOR
160 N. LASALLE ST.
CHICAGO 60601
(312) 793-1332

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(312) 793-6185

Mr. Tony W. Shoemaker
Reg. No. B-23560
P. O. Box 711
Menard, Illinois 62259

Re: No. 101102 - People State of Illinois, respondent, v. Tony W. Shoemaker, petitioner. (Appellate Court Nos. 4-03-0744 & 4-03-0930 Cons.)

Dear Mr. Shoemaker:

This office has today filed your petition for leave to appeal in the above-entitled cause. You are being permitted to proceed as a poor person.

Your petition will be presented to the Court for its consideration, and you will be advised of the Court's action thereon.

In accordance with your request, we are returning to you with this letter a file-stamped copy of your petition.

Very truly yours,

*Juleann Hornyak*

Clerk of the Supreme Court

JH/jak
Enclosure
cc:  AG CrMadigan
     SA Morgan
     SAAP Springfield

A-9