IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES ex rel. TONY SHOEMAKER ) ) ) | |
| Petitioner ) vs. ) DONALD HULICK, Warden ) ) Respondent ) | No. 06-3187 The Honorable Richard Mills, Judge Presiding |

### RESPONSE TO RESPONDENT'S ANSWER

Now comes Tony Shoemaker, pro se, with his Response to the Answer filed in behalf of Respondent to the Petition for Habeas relief. For simplification, petitioner will address this Response in virtually the same order as answered by Respondent.

1. As to claim 1, procedural default is being urged by alleging petitioner failed to raise this issue on appeal. Counsel for Respondent is fully aware that Appellate Defenders pick and choose the issues they are going to present and ignore requests made by convicted felons, who must sit back and never know what has been, or has not been filed until completed copies of Briefs are received. Just two days after trial counsel had been appointed, petitioner was already asking for a new attorney. Thereafter, each time petitioner submitted a pro se motion of his own, it was struck without consideration with the court's reasoning being that the petitioner was represented by counsel. Numerous other petitions, pro se, were filed with the same outcome. Knowing this, how can it be deemed any issue has been procedurally defaulted when every step of the way, petitioner has tried to the best of his ability

-1-

to proceed correctly, but been deterred with legalese and virtual technicalities? It was through no fault of petitioner's that this issue was not preserved for appeal. Adherence to the cause and prejudice test in the conjunctive will not prevent federal courts from ensuring the fundamental fairness that is the central concern of a Writ of Habeas Corpus. Attorney error is very apparent in this case and tends to show that counsel's representation fell short of being effective as outlined in **Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984). If procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default to be imputed to the state, which may not conduct trials at which persons facing prison must defend themselves without legal assistance. Going beyond ineffective assistance, "the general rules is that where a question is not raised in the lower court, and not urged nor argued on appeal, it is deemed waived, but, this is a rule of administration and not of jurisdiction or power, and it will not operate to deprive an accused of his constitutional rights of due process. **"The court may, as a matter of grace, in a case involving deprivation of life or liberty, take notice of errors appearing upon the record which deprived the accused of substantial means of enjoying a fair and impartial trial, although no exceptions were preserved or the question is imperfectly presented." People v. Burson**, 11 Ill.2d 360, 370-71, quoting 3 Am. Jur. Appeal & Error, sec. 248 at 33(1936). See also, **Flynn v. Ryan**, 199 Ill.2d 430, 438 n.1(2002)(Waiver is an admonition to the parties, not a limitation upon the powers of This Court); in **Hux v. Raben**, 38 Ill.2d 223, 225(1967) was said: "this court has

the responsibility***for a just result and for the maintenance of a sound and uniform body of precedent [that] may sometimes override the considerations of waiver that stem from the adversary character of our system."

Any default because of not putting the issue of ineffective assistance of counsel completely in the Brief on Appeal with regard to the many petitions filed regarding it, should be imputed to the state and not to petitioner. This Court can see that itself by the way counsel is trying to mis-guide in in evasive explanations of the issue.

Claim 2: Petitioner was again faulted for not making his claims more efficient and detailed in showing that he or any witnesses might have made a difference. At the time of these proceedings, this petitioner was ignorant in general, a high school drop-out, and certainly not versed at all in law. Counsel would not maintain contact with him, discuss viable defenses he could offer, or go over the case at all with petitioner, all of which is verified in the record itself. Appellate counsel was just as ineffective in not conversing or going over the issues with petitioner before filing blindly and relying upon their own opinion of the case. Appellate counsel is paid from the same funds as are Public Defenders and always hesitate to pursue the avenue of ineffective assistance of counsel. This issue itself, even standing alone, is worthy of review by This Court and should not be dismissed without such an inquiry or proper review.

Claim 3: Counsel made prejudicial remarks at sentencing about the petitioner and the very words themselves would most likely have prejudiced any judge sitting in on such proceedings. If an

-3-

attorney representing any defendant openly shows animosity or bias and fails completely to pursue affirmative defenses which were available, then he has not properly represented the defendant.

There were affirmative defenses in this case including drugs, alcohol and the fact that this victim had on several occasions previously had consensual sex with defendant. This was not just a spur of the moment breaking and entering and rape like the state maintained and witnesses were available to contradict the state's theory but not once checked into by counsel. An indigent person facing serious charges, whether sex-related or otherwise, is entitled to a more vigorous defense than was displayed in this case. Counsel had an "affirmative obligation to make suitable inquiry to determine whether" these defenses could be furthered, and his failure to do so rendered his assistance ineffective within the meaning of the Sixth Amendment. See, **Jones v. Cunnimgham,** 313 F.2d at 353.

From the record itself including the many petitions that had been put in for different counsel, it is easily seen that petitioner fervently tried to show this incompetence from the earliest stages of the proceedings. The very first encounter with counsel and his attitude about putting forth any viable defense prompted the first such petition just two days after counsel's appointment. It is urged that This Court also find that counsel's representation was so below the standard of reasonable competence that it amounted to a deprivation of the Sixth Amendment's right to counsel as was found in **Marzullo v. Maryland,** 561 F.2d 540(4th Cir. 1970), in which was held that a defendant has a Sixth Amendment right to reasonably competent counsel during trial. That right extends from

-4-

the moment counsel is appointed to defend a client charged with a crime. (**U.S. v. DeCoster**, 159 U.S.App.D.C. 326, 487 F.2d 1197, and that right imposes a correlative duty on defense counsel to undertake reasonable steps to investigate all open avenues of defense, and this lawyer's failure deprived this defendant of his right to effective assistance of counsel.

Defendant's mental condition at the time of the crime in this case certainly was questionable, certainly when impaired by drugs and alcohol. In **Coles v. Payton**, 389 F.2d 224, 225 and n.3, the court there noted that: "[C]ounsel must conduct appropriate investigations, both factual and legal, to determine if matters of defense can be developed, and to allow himself enough time for reflection and preparation for trial...As was stated in **Jones v. Cunningham**, 313 F.2d 347, 353, "it is not enough for the lawyer to fabricate defenses, but he does have an affirmative obligation to make suitable inquiry to determine whether valid ones exist."

The paramount error in the instant case began at appointment, when it was stated early on that counsel did not want this case and refused to review alleged evidence, or interview possible witnesses to a viable defense and urged from the onset that the petitioner plead guilty. Defense counsels' failure to investigate in cases similar to this have resulted in reversals of convictions or the issuance of writs of habeas corpus. In **People v. House**, 141 Ill.2d 323, 566 N.E.2d 259(1990), the Illinois Supreme Court held that defense counsel's failure to investigate evidence which would have allowed him to cross examine a prosecution witness, denied that defendant of the effective assistance of counsel. In **Williams v. Washington**, 59 F.3d 673, 678 n.2(7th Cir. 1995), the

Court of Appeals ruled that counsel failure to investigate and discover evidence was unreasonable. Ineffective assistance has also been found when an attorney failed to undertake "some minimal investigation" that could have disclosed "readily available" evidence. [**U.S. ex rel Maxwell v. Gilmore**, 37 F.Supp.2d 1078, 1091(1999)]. Here, petitioner's attorney chose not to investigate or interview witnesses or even discuss matters with his client, and certainly an attorney's trial preparation choices, like not investigating certain matters such as was or was not the victim really unwillingly sexually assaulted or anything else that might have lost an opportunity to negate the State's evidence regarding a charge should be explored and a reviewing court should closely scrutinize it through a habeas proceeding to determine the issue of ineffective assistance of counsel.[**Porter v. Lockhart**, 9 F.2d 722(1993)]. Also, that evidence should be scrutinized anyway because it had not been established by valid proof.

Petitioner never had a valid chance in Illinois courts to prove and verify his allegations nor to show how the deficient performance prejudiced the case from the onset. Counsel on appeal didn't raise the issues of ineffective assistance nor other pertinent issues, because such information had not been made available to it. The State certainly didn't want reviewing courts to note how this plea and conviction had been obtained. Petitioner was simply prejudiced by all of counsel's errors, professional or unprofessional, and he prays This Court will rule and agree as is permitted under Rule 8 of those rules governing Habeas cases and has been found proper in many cases.

Petitioner's claims naturally were not admitted by the state,

-6-

nor are they palpably incredible and the proper adjudication of those claims lies in an evidentiary hearing such as the Supreme Court has mandated: "Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair hearing in a state court, either at the time of trial, or in a collateral proceeding. In other words, a federal evidentiary hearing is required unless the state trier of fact has, after a full hearing, reliably found the relevant facts." [**Townsend v. Sain**, 372 U.S. 293, 312-13, 83 S.Ct. 745, 757(1963); **Ford v. Wainwright**, 477 U.S. 399, 106 S.Ct. 2595(1986); **Becton v. Barnett**, 920 F.2d 1190(1990)].

Obviously, the record here hardly can be said to conclusively show that petitioner's ineffective assistance claim is without merit nor did any state court ever give him a full and fair hearing and reliably find the relevant facts on his claim.
Claim 4: The issue of consecutive sentences based upon "brutal heinous" behavior was omitted on appeal by the appellate defenders, and it's obvious why. Had they raised it, it would have lent credibility to the fact that counsel was incompetent for not making objections at sentencing. The record shows petitioner himself tried many times to raise this issue in trial court but through no fault of petitioner's it was not carried on with in the PLA and the state now contends this is procedurally defaulted and as has been already pointed out herein, this default must be imputed to the state and not to petitioner. At no time prior to his entering his plea had petitioner been advised the sentences would be enhanced, then made consecutive for further enhancement,

nor were reasons for such enhancement provided in the indictment, and this was the precise evil condemned in **Apprendi v. New Jersey**, 147 L.Ed.2d 435, 120 S.Ct. 2348(2000). The Illinois legislature enacted Public Act 91-0953 in reaction to the **Apprendi** decision and it was signed into law by the Governor on February 23, 2001, which was clear evidence of the prior law's unconstitutionality, which then became void ab initio in light of the unconstitutionality of Public Act 89-404. The "exceptionally brutal and heinous" portion of the prior extended-term statute violated the United States Constitution and Illinois recognized that and scurried to correct it with PA 91-0953. The relevant question in this case is not, was the maximum sentence stated in the law, but what was the maximum absent the special additional finding by the judge? Under Illinois law in effect at the time, petitioner faced merely 20 to 30 years imprisonment, not the extended and consecutive sentences.

The state's contention now that it's too late to raise this issue is misplaced because the Illinois Supreme Court in **People v. Wright**, 194 Ill.2d 1, 740 N.E.2d 755, 251 Ill.Dec. 469, 480 (2001) noted that a party may challenge the constitutionality of a statute at any time. The principle being that a statute's constitutionality may be challenged any time arises from the concept that an unconstitutional law is void ab initio. **Wright**, 251 Ill.Dec. 469, 480; **People v. Zeisler**, 125 Ill.2d 42, 531 N.E.2d 24, 26, 125 Ill.Dec. 845(1988). Thus, because petitioner's claim is based on the allegation that the extended-term sentencing statute applied to him is unconstitutional, it is clear that he may raise this claim at any time, whether or not it was raised on appeal. The Answer, Claims 5 through 9, all contribute once more to

-8-

ineffective assistance of counsel and it would be repetitious and redundant for petitioner to expend more time doling on those when they are obvious in the record itself.

The sentences themselves show the trial court judge was biased and influenced by counsel's lack of objections thereby prejudicing petitioner's case from beginning to end. Petitioner did not "opt out of his legal processes because he was "tired of it or frustrated" as the Answer infers in the Answer, petitioner was denied legal pursuit by choices of counsel, including those at the appellate level.

Respectfully Submitted,

*Tony W Shoemaker*
Tony Shoemaker, pro se
P.O. Box 711   #B-23560
Menard, IL. 62259-0711

Under penalty of perjury pursuant to Section 1-109 of the Code of Civil procedure, petitiioner states and avers that the foregoing Response to the Answer is true and correct to the best of his knowledge and belief.

*Tony W Shoemaker*
Tony Shoemaker, pro se
P.O. Box 711   #B-23560
Menard, IL. 62259-0711

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES ex rel.<br>TONY SHOEMAKER<br><br>　　　　Petitioner<br>vs.<br><br>DONALD HULICK, Warden<br><br>　　　　Respondent | )<br>)<br>)<br>)<br>) No. 06-3187<br>)<br>) The Honorable<br>) Richard Mills,<br>) Judge Presiding |

FILED DEC 04 2006 JOHN M. WATERS, Clerk U.S. DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS

**PROOF/ CERTIFICATE OF SERVICE**

To: United States District Court　　　Honorable Lisa Madigan
　　Central District of Illinois　　　Illinois Attorney General
　　151 U.S. Courthouse　　　　　　　100 West Randolph Street
　　600 East Monroe Street　　　　　 Chicago, Illinois 60601
　　Springfield, Illinois 62701

　　PLEASE TAKE NOTICE that on this __28__ day of November, 2006, I have placed my Response to Respondent's Answer to be filed, and properly addressed as above with first class postage prepaid by placing the original and two copies for the U.S. District Court and a copy for Lisa Madigan in the United States Mail Box at the Menard Correctional Center. My return receipt for postage will be retained as my proof of service.

　　Pursuant to 28 U.S.C. 1746, 18 U.S.C. 1621 or 735 ILCS 5/1-109, petitioner declares under penalty of perjury that he is the named party in the above action and has read the attached document by him prepared and the information contained therein is true and correct to the best of his knowledge and belief.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Tony W. Shoemaker
　　　　　　　　　　　　　　　　　　　　　　　Tony Shoemaker, pro se
　　　　　　　　　　　　　　　　　　　　　　　P.O. Box 711　#B-23560
　　　　　　　　　　　　　　　　　　　　　　　Menard, IL. 62259-0711