**E-FILED**
Tuesday, 16 January, 2007  12:56:19 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES ex rel. TONY SHOEMAKER, | ) ) ) | |
| Petitioner, | ) ) | |
| vs. | ) | No. 06-3187 |
| | ) | |
| DONALD HULICK, Warden, | ) ) | The Honorable Richard Mills, |
| Respondent. | ) | Judge Presiding. |

## MOTION FOR LEAVE TO FILE AMENDED ANSWER

Respondent, DON HULICK, respectfully requests that this Court grant him leave to file the attached Amended Answer.  In support, respondent states as follows:

1.     Petitioner filed a habeas corpus petition on July 7, 2006, and this Court ordered respondent to file an answer by November 20, 2006.

2.     Respondent obtained the necessary documents, including the trial court record, and filed his answer on November 20, 2006.

3.     Unbeknownst to respondent at the time he was preparing his answer, petitioner filed a petition to vacate judgment in the state trial court on August 21, 2006.  That petition was denied by the trial court on October 13, 2006.  On November 20, 2006, petitioner filed a motion to reconsider the trial court's October 13, 2006, and the trial court denied that motion on December 7, 2006.

3.    Petitioner's state court petition for relief from judgment raises one of the issues he raises in his federal habeas petition.  Therefore, respondent believes it is necessary to amend his original answer filed on November 20, 2006, and address the implications of that state court filing.

WHEREFORE, respondent asks that he be granted leave to file the attached Amended Answer.


January 16, 2007                         Respectfully submitted,

                                         LISA MADIGAN
                                         Attorney General of Illinois

                              By:    s/Colleen M. Griffin
                                     COLLEEN M. GRIFFIN
                                     Assistant Attorney General
                                     Atty. Reg. No. 6198598
                                     100 West Randolph Street, 12th Floor
                                     Chicago, Illinois 60601
                                     PHONE: (312) 814-4684
                                     FAX: (312) 814-2253
                                     EMAIL: cgriffin@atg.state.il.us

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES ex rel. TONY SHOEMAKER, | ) ) ) | |
| Petitioner, | ) ) | |
| vs. | ) | No. 06-3187 |
| | ) | |
| DONALD HULICK, Warden, | ) ) | The Honorable Richard Mills, |
| Respondent. | ) | Judge Presiding. |

## <u>AMENDED ANSWER</u>

Respondent, Donald Hulick, by his attorney, Lisa Madigan, Attorney General of Illinois, answers the above-captioned petition for writ of habeas corpus as follows:

1.     Petitioner, Tony Shoemaker, inmate number B23560, is in the custody of Donald Hulick, warden of the Menard Correctional Center.

2.     On May 8, 2000, in the Circuit Court of Morgan County, petitioner entered an open guilty plea to one count of aggravated criminal sexual assault and one count of home invasion.  On June 16, 2000, the trial court sentenced petitioner to consecutive 30-year prison terms.  The trial court applied the truth-in-sentencing provision of the Unified Code of Corrections, requiring petitioner to serve at least 85% of his sentence.  *See* 730 ILCS 5/3-6-3(a)(2)(ii) (West 1998).  Additionally,

1

petitioner was ordered to pay court costs, a $100 sexual assault fine, and $40,550 in restitution, plus 9% interest. (*See* Exhibit J, at 1-2).[1]

3. On July 5, 2000, petitioner's appointed counsel filed a motion to reconsider sentence. (Exhibit A). Two days later, petitioner filed a pro se motion for reduction of sentence, a motion to withdraw his guilty plea and vacate sentence, and a motion for appointment of new counsel. That motion essentially alleged ineffective assistance of counsel, in that petitioner alleged he did not believe his attorney gave him good advice, did not visit petitioner often enough, and advised petitioner that he should not move to withdraw his guilty plea. (Exhibit B). On August 15, 2000, a hearing was held on the counseled motion to reconsider sentence. (*See* Exhibit J at 2). A 30-day continuance was granted at petitioner's request. Petitioner's pro se motions were stricken without consideration because petitioner was represented by counsel. (*See* Exhibit J at 2).

4. On October 10, 2000, petitioner filed a pro se petition to reinstate his motion to withdraw his guilty plea and motion for appointment of new counsel, again alleging ineffective assistance of counsel and claiming that if counsel would have investigated the case further, he would have realized there was no factual basis for the plea. Rather, petitioner alleged, counsel repeatedly persisted in telling petitioner to plead guilty, saying he could get a reduced sentence. Further, petitioner alleged, trial counsel was unwilling to file a motion to suppress, a motion

---

[1] Exhibits A-T were filed with the original answer on November 20, 2006. Additional exhibits U-AA will be filed contemporaneous to this filing.

2

for change of venue, or any other pretrial motions suggested by petitioner. (Exhibit C). Petitioner's motion for appointment of counsel filed that day also alleged that counsel presented inadequate mitigation evidence at sentencing. (Exhibit D). This pro se petition was stricken on October 16, 2000, per petitioner's request because he wanted to amend it and refile. (*See* Exhibit J at 2). On March 19, 2001, petitioner filed another pro se petition to reinstate his motion to withdraw guilty plea, again alleging ineffective assistance of counsel in that counsel: (1) failed to discover there was no factual basis for the guilty plea; (2) insisted he had a good rapport with the trial judge and could get a reduced sentence if petitioner pled guilty; (3) failed to file a motion to suppress custodial statements; (4) failed to file a motion for change of venue; and (5) failed to file any pre-trial motions requested by petitioner. (Exhibit E). This petition was stricken without consideration on March 20, 2001, because petitioner was represented by counsel. (*See* Exhibit J at 2). On March 27, 2001, the trial court conducted a hearing on counsel's July 5, 2000, motion to reconsider sentence. The motion was denied. (*See* Exhibit J at 3).

5.    Petitioner appealed contending: (1) the "truth-in-sentencing" provision of section 3-6-3(a)(2)(ii) of the Unified Code of Corrections (730 ILCS 5/3-6-3(a)(2)(ii) (West 2000)) is unconstitutional under the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (2) he was entitled to a $510 credit against his fine; and (3) the case should be remanded for a hearing because the trial court committed reversible error by not inquiring into petitioner's claims of ineffective assistance of counsel. (Exhibit F). The State responded. (Exhibit G).

3

Thereafter, petitioner filed a supplemental brief contending that the order directing the Department of Corrections to withhold 50% of petitioner's monthly corrections income toward payment of restitution and costs was void. (Exhibit H). The State filed a supplemental brief. (Exhibit I). On April 8, 2002, the Illinois Appellate Court, Fourth District, affirmed in part, vacated in part, and reversed in part, and remanded with instructions that the circuit court conduct an inquiry into the factual basis for petitioner's claims of ineffective assistance of counsel. *People v. Shoemaker*, No. 4-01-0300 (unpublished order under Illinois Supreme Court Rule 23) (Exhibit J).

6.    Petitioner filed a petition for leave to appeal (PLA) in the Illinois Supreme Court alleging that Illinois' "truth-in-sentencing" provision was unconstitutional under *Apprendi*. *People v. Shoemaker*, No. 93885. (Exhibit K). The Illinois Supreme Court denied the PLA on October 2, 2002. (Exhibit L).

7.    On remand from the Illinois Appellate Court, the trial court appointed new counsel for petitioner, who filed a post-trial motion urging the trial court to permit withdrawal of petitioner's guilty plea, or in the alternative, reconsider the sentence imposed on petitioner, on the basis that petitioner's trial counsel was ineffective for: (1) failing to consult with petitioner; (2) failing to file a motion to suppress statements made by petitioner during interrogation; (3) failing to require the defense be provided DNA testing results; (4) failing to provide petitioner with certain documents tendered by the People; (5) failing to file a motion to quash petitioner's arrest; (6) failing to make a motion to withdraw petitioner's guilty plea;

4

(7) failing to object to introduction at sentencing of petitioner's uncharged criminal history; (8) failing to call witnesses to testify to petitioner's good character; (9) making prejudicial remarks against petitioner at sentencing; and (10) failing to allow petitioner to testify. (Exhibit M). The court conducted a hearing on October 30, 2003, and denied the motion. Petitioner filed a notice of appeal; the appeal was docketed as No. 4-03-0930. (*See* Exhibit R at 2).

8.    Petitioner filed a pro se postconviction petition on May 30, 2003, alleging that: (1) his consecutive sentences violated *Apprendi*; (2) the truth-in-sentencing provisions violated *Apprendi*; (3) the aggravated criminal sexual assault statute was unconstitutional as a triple enhancement; and (4) counsel was ineffective for "failure to protect his client's rights" by: (a) failing to object to other crimes evidence at sentencing; (b) failing to present mitigation at sentencing; (c) failing to call witnesses on petitioner's behalf at sentencing; (d) making prejudicial remarks about petitioner at sentencing; (e) failing to object to fines imposed; (f) failing to object to the sentencing statutes applied to petitioner, and (g) "fail[ing] to withdraw the defendant's guilty plea as requested." (Exhibit N). Petitioner then filed a pro se motion to supplement the postconviction petition on July 24, 2003, alleging the sentencing statute which mandated consecutive sentences in certain circumstances was void and unconstitutional. (Exhibit O). The trial court dismissed the petition and supplemental petition as frivolous and patently without merit on August 11, 2003. Petitioner appealed, and the appeal was docketed as No. 4-03-0744. This appeal was consolidated with No. 4-03-0930, and petitioner filed a

5

brief contending that his counsel did not provide effective representation at the sentencing hearing when counsel made disparaging comments about petitioner and failed to call available witnesses to testify to petitioner's character. (Exhibit P). The State responded (Exhibit Q), and on June 30, 2006, the Illinois Appellate Court, Fourth Judicial District, affirmed. *People v. Shoemaker*, Nos. 4-03-0744 & 4-03-0930 (cons). (Exhibit R).

      9.    Petitioner filed a PLA to the Illinois Supreme Court contending that his counsel did not provide effective representation at the sentencing hearing when he made disparaging comments about petitioner and failed to call available witnesses to testify to petitioner's character. *People v. Shoemaker*, No. 101102. (Exhibit S). On December 1, 2006, the Illinois Supreme Court denied the PLA. (Exhibit T).

      10.    On August 21, 2006, petitioner filed a petition to vacate judgment in the state trial court challenging the state court's finding that he was subject to consecutive sentences. (Exhibit U). On October 13, 2006, the trial court dismissed that petition, finding that petitioner raised virtually the identical claim in his postconviction petition, which was resolved against petitioner, and affirmed by the state appellate court. (Exhibit V). On November 20, 2006, petitioner filed a motion styled "motion to reconsider adverse order with notice of appeal." Petitioner challenged the October 13, 2006 judgment, alleging that the issue raised in his petition to vacate judgment was not the same as those raised in his postconviction petition, since he was now contending that the trial court was without jurisdiction

to enter two separate sentences for crimes committed in a single course of action.

Petitioner asked, in the alternative, that the court process his appeal.  (Exhibit W).

On December 7, 2006, the trial court denied petitioner's motion to reconsider.

(Exhibit X).  While the Morgan County Clerk's office docketed the notice of appeal

that was attached to the motion to reconsider, (*see* Exhibit Y, certified copy of

conviction, *People v. Shoemaker*, No. 00 CF 21 at 11), the clerk's office did not send

a copy to the Illinois Appellate Court, Fourth District, since it did not consider the

notice appropriately filed.[2]

      11.    On June 29, 2006, petitioner filed a petition for writ of habeas corpus,

contending that: (1) trial counsel was ineffective for coercing petitioner into

pleading guilty; (2) trial counsel was ineffective for failing to present mitigation

evidence at sentencing; (3) trial counsel made prejudicial remarks about petitioner

at sentencing; (4) petitioner's consecutive sentences based on "brutal and heinous"

behavior violates *Apprendi*, and counsel was ineffective for failing to object to the

sentences on this basis; (5) trial counsel was ineffective at petitioner's sentencing

hearing for not objecting to the State's inference that petitioner had committed

other crimes; (6) Illinois' truth-in-sentencing law violates *Apprendi*; (7) the trial

court misapplied "single course of conduct" sentencing rules; (8) appellate counsel

---

     [2] Per conversation with the Morgan County Clerk's office, as verified by the
Fourth District Appellate Court Clerk's office.  Documents provided from the Fourth
District Appellate Court Clerk's office verify that petitioner only had three appeals
from his conviction, all of which are closed.  *See* Exhibit Z, documents from Fourth
District Appellate Court Clerk's Office.

was ineffective for not presenting issues regarding sentencing statutes; and (9)

petitioner's confession was coerced, but the trial judge did not give him a proper

hearing on the matter.

12.    On September 27, 2006, this Court ordered respondent to respond.

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United

States District Courts, respondent has previously filed under separate cover the

following state court materials:

Exhibit A: June 5, 2000 motion to reconsider sentence;

Exhibit B: Petitioner's pro se motion to withdraw guilty plea;

Exhibit C: October 10, 2000 pro se petition to reinstate motion to withdraw
            guilty plea;

Exhibit D: Motion for appointment of counsel;

Exhibit E: March 19, 2001 pro se petition to reinstate motion to withdraw
            guilty plea;

Exhibit F: Petitioner's brief on appeal, *People v. Shoemaker*, No. 4-01-0300;

Exhibit G: State's brief on appeal, *People v. Shoemaker*, No. 4-01-0300;

Exhibit H: Petitioner's supplemental brief on appeal, *People v. Shoemaker*,
            No. 4-01-0300;

Exhibit I: State's supplemental brief on appeal, *People v. Shoemaker*,
            No. 4-01-0300;

Exhibit J: Appellate court order, *People v. Shoemaker*, No. 4-01-0300;

Exhibit K: Petitioner's PLA; *People v. Shoemaker*, No. 93885;

Exhibit L: Order denying PLA, *People v. Shoemaker*, No. 93885;

Exhibit M: Motion to allow withdrawal of guilty plea;

8

Exhibit N: Pro se post-conviction petition;

Exhibit O: Pro se supplement to post-conviction petition;

Exhibit P: Petitioner's brief on appeal, *People v. Shoemaker*, Nos. 4-03-0744 & 4-03-0930;

Exhibit Q: State's brief on appeal, *People v. Shoemaker*, Nos. 4-03-0744 & 4-03-0930;

Exhibit R: Appellate court order, *People v. Shoemaker*, Nos. 4-03-0744 & 4-03-0930;

Exhibit S: Petitioner's PLA, *People v. Shoemaker*, No. 101102;

Exhibit T: Denial of PLA, *People v. Shoemaker*, No. 101102.

In addition, respondent has filed the below-named exhibits with this Amended Answer:

Exhibit U: Petition to vacate judgment;

Exhibit V: Order denying petition to vacate judgment;

Exhibit W: Motion to reconsider with notice of appeal;

Exhibit X: Order denying motion to reconsider;

Exhibit Y: Certified copy of conviction, *People v. Shoemaker*, No. 00 CF 21;

Exhibit Z: Documents from Fourth District Appellate Court Clerk's Office; and

Exhibit AA: Order denying postconviction petition.

13.    The petition can be disposed of based upon the filed pleadings and the exhibits submitted herewith. *See Simental v. Matrisciano*, 363 F.3d 607, 612 (7th Cir. 2004) (decision whether transcripts are necessary left to sound discretion of the district court; review of state court transcript quite rare); *United States ex rel. Green*

9

*v. Greer*, 667 F.2d 585, 586-90 (7th Cir. 1981) (examination of record not required if petitioner fails to identify any incompleteness or inaccuracies in the facts before the district court). The record consists of 7 volumes and is located at the Morgan County Clerk's Office.

14. The petitioner has exhausted his state court remedies in that the time for filing state court proceedings has expired. However, some issues that should have been raised in state court were not, making them procedurally defaulted before this Court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 841-42 (1999).

## Standard of Review

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) became law, and, accordingly, applies to petitioner's Section 2254 petition, which was filed on June 29, 2006. *Benefiel v. Davis*, 357 F.3d 655, 659 (7th Cir. 2004) *cert. denied*, 543 U.S. 979 (2004); *Lindh v. Murphy*, 521 U.S. 320, 323 (1997). The "highly deferential standard" imposed by Section 2254(d)(1) "demands that state court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002), and requires that this Court, to the greatest extent possible, respect the legal and factual dispositions made by the Illinois courts, even if it disagrees with them. To confer habeas relief premised on mere disagreement with a state court decision, even if that decision is "wrong" in the independent judgment of the federal courts, "exceeds the limits imposed on federal habeas review" by AEDPA. *Id.* at 20.

AEDPA permits this Court to grant habeas corpus relief only if petitioner meets his burden to show that the state court's decision on the merits of a constitutional claim is either "contrary to," or employs an "unreasonable application of" United States Supreme Court precedent, or was premised on an unreasonable determination of facts. 28 U.S.C. § 2254(d)(1)(2)); *see also Weeks v. Angelone*, 528 U.S. 225, 237 (2000); *Coleman v. Ryan*, 196 F.3d 793, 795-96 (7th Cir. 1999). A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law; [or] if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the United States Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 404-13 (2000). This Court is obligated to deny habeas relief under the "contrary to" clause even if the state reviewing court's decision is not an exemplar of good legal drafting: "[a]voiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (emphasis in original).

With respect to the "unreasonable application" prong, the Court prescribed the following objective test: "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409.

The Court cautioned that "an unreasonable application of federal law is different from an *incorrect* application of federal law." *Id.* at 410 (emphasis in original). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.; see also Ramdass v. Angelone*, 530 U.S. 156, 166 (2000) (a petitioner cannot secure habeas relief unless, "under clearly established federal law, the state court was unreasonable in refusing to extend the governing legal principle to a context in which the principle should have controlled").

Furthermore, the meaning of the phrase "clearly established Federal law, as determined by the Supreme Court of the United States" refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision. *Williams*, 529 U.S. at 412. Thus, § 2254(d)(1) restricts the source of clearly established law to Supreme Court jurisprudence. *Williams*, 529 U.S. at 412; *Young v. Walls*, 311 F.3d 846, 851 (7th Cir. 2002).

In short, the constitutional judgments made by state courts are no longer open to de novo review in the habeas forum, as the AEDPA "leaves primary responsibility to the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable." *Visciotti*, 537 U.S. at 27; *see also Sanchez v. Gilmore*, 189 F.3d 619, 623 (7th Cir. 1999) ("the upshot of all this is that federal review is now severely restricted; the fact that we

may think certain things could have been handled better by the state trial judge or by the prosecuting attorney or by a state reviewing court means very little"). This Court must also presume that the state courts know and follow the dictates of federal constitutional law. *Visciotti*, 537 U.S. at 24.

The standard governing this Court's substantive examination of the constitutional decisions of the state courts on habeas review is mirrored by the manner in which this Court must examine state court findings of fact. Whether developed in state trial or appellate courts, federal habeas courts must presume that the state court findings of fact are correct. *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005); *Sumner v. Mata*, 449 U.S. 539, 546 (1981). A petitioner contesting findings of fact bears the burden of rebutting this presumption of correctness with clear and convincing evidence. *See* 28 U.S.C. §2254(e)(1). Therefore, all facts developed in the course of petitioner's trial and appeal are to be presumed correct for purposes of these collateral proceedings, absent a clear and convincing showing by petitioner that they are unreasonable. *Miller-El*, 545 U.S. at 240.

**Procedural default**

A petitioner may seek federal habeas review only if he has exhausted all available state court remedies, and has, in the course of those proceedings, fully and fairly presented his constitutional claims to the State's courts. *O'Sullivan*, 526 U.S. at 844-845; *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). This aspect of the exhaustion inquiry focuses on whether the petitioner's federal claims were fairly

13

presented to the state courts; if not, and the time for raising them has expired, they are defaulted.  *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004); *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992).  A petitioner seeking habeas corpus relief must avoid procedural default to enjoy federal habeas review of the petition's merits.  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  Procedural default occurs in either of two ways.  One involves a petitioner who, although diligently pursuing all appeals required under state law, nevertheless fails to raise the federal claims that he later attempts to assert as the basis for his federal habeas petition.  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  Petitioner can fail to "fairly present" the claim or fail to present the claim at all.  To provide the State with the necessary "opportunity," the petitioner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.  *Baldwin v. Reese*, 541 U.S. 27, 31-2 (2004).  And, passing references to potential federal claims in a petition for discretionary review are insufficient to satisfy the fair presentment requirement, even if the federal nature of the claims is spelled out in lower court filings and opinions.  *Baldwin*, 541 U.S. at 32.

The legal basis upon which a petitioner seeks relief must be fairly presented to the court: "[f]ederal judges will not presume that state judges are clairvoyant." *See Verdin*, 972 F.2d at 1479 (quoting *Petrucelli v. Coombe*, 735 F.2d 684, 689 (2d Cir. 1984)).  The purpose of the rules of procedural default is to afford to the state

courts an opportunity to correct a constitutional violation. *Duckworth v. Serrano*, 454 U.S. 1, 4 (1981). Such an opportunity is grounded in principles of comity; in a federal system the States should have the first chance to address and correct alleged violations of a state prisoner's federal rights. *Coleman*, 501 U.S. at 731.

Secondly, procedural default can occur when the state court declined to address a claim because the petitioner failed to comply with a state procedural requirement. *Coleman*, 501 U.S. at 729; *Barksdale v. Lane*, 957 F.2d 379, 382 (7th Cir. 1992). If that forfeiture is a state law ground that is independent and adequate to support his conviction, the claim will be defaulted on federal habeas review. *Coleman*, 501 U.S. at 729. *Harris v. Reed*, 489 U.S. 255 (1989), announced a rule for determining when a procedural default under state law forecloses federal relief on collateral attack: if the state enforces its procedural rules and deems the claim forfeited, then federal review is barred; if the state excuses a default, then federal review is proper. *Harris* added that if the State's decision rests on both a procedural default and a lack of merit, then federal review is foreclosed, provided the state court's finding of default is clear. *Id.* 489 U.S. at 264, n.10. A state court finding of default is sufficient to preclude federal habeas corpus review, even though the state court may have discussed the merits of petitioner's claim in an alternative holding. *See id.*; *Fernandez v. Sternes*, 227 F.3d 977, 981 (7th Cir. 2000). On the other hand, a state court has considered a case on the merits "'unless the last state court rendering judgment in the case clearly and expressly states that its judgment

15

rests on a state procedural bar.'" *Jefferson v. Welborn*, 222 F.3d 286, 288 (7th Cir. 2000) (quoting *Harris*, 489 U.S. at 263).

A procedural default bars review absent a showing of cause for the default and actual prejudice resulting therefrom. *Gray v. Netherland*, 518 U.S. 152, 161-66 (1996). A petitioner can demonstrate cause "by showing that 'some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rules.'" *United States ex rel. Taylor v. Barnett*, 109 F.Supp.2d 911, 920 (N.D. Ill. 2000) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). While counsel's failure to raise certain issues due to counsel's ineffective assistance may fall within the cause and prejudice exception (*see Schlup v. Delo*, 513 U.S. 298, 314 (1995)), federal courts may not engage in such analysis if state courts were not first presented with the ineffective assistance claim. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000); *Lemons v. O'Sullivan*, 54 F.3d 357, 360 (7th Cir. 1995) ("Before a state prisoner can use ineffective assistance of counsel as cause for procedural default, he must first present this claim as an independent claim to the state courts either on direct appeal or in a post-conviction proceeding").

Alternatively, the petitioner can present his defaulted claims if he can show that failure to consider them will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. A fundamental miscarriage of justice occurs when the petitioner can establish that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 315, 327; *House v.*

16

*Bell*, 126 S.Ct. 2064, 2077 (2006). Accordingly, without new evidence of innocence, even a meritorious constitutional claim is not sufficient to allow a habeas court to reach the merits of a procedurally defaulted claim. *United States ex rel. Bell v. Pierson*, 267 F.3d 544, 551 (7th Cir. 2001) (citing *Schlup,* 513 U.S. at 316); *see also House*, 126 S.Ct. at 2077.

## Claims Presented

### Claim one - trial counsel was ineffective for coercing petitioner into pleading guilty.

Petitioner's first claim — that trial counsel was ineffective for coercing him into pleading guilty — is procedurally defaulted. While petitioner raised the issue in several of his filings in the state circuit court following remand, he did not raise it on appeal. His appellate court brief only raised an issue concerning the ineffective assistance of counsel at sentencing. Therefore, this claim is procedurally defaulted. *Farrell*, 939 F.2d at 410. Additionally, petitioner did not raise the claim in his PLA, and it is procedurally defaulted for this reason as well. *O'Sullivan*, 526 U.S. at 841-42.

Further, petitioner has established neither cause for the default and actual prejudice resulting therefrom, or a fundamental miscarriage of justice. While petitioner raises a claim of ineffective assistance of appellate counsel, he claims only that appellate counsel was ineffective for not presenting issues regarding sentencing statutes, and this is not such an issue. Furthermore, petitioner does not identify which counsel was ineffective; it is unclear whether he means counsel

17

during his first or second appeal.  Moreover, while ineffective assistance of appellate counsel may sometimes serve as "cause," the claim of ineffective assistance of appellate counsel must itself be raised and appealed through the state courts before it may be raised in federal court. *Edwards*, 529 U.S. at 451-452; *Lemons*, 54 F.3d at 360-61.  This claim was raised only in petitioner's pro se filings in the trial court, but not in any appeal or PLA, and it is therefore procedurally defaulted.  *Cawley v. DeTella*, 71 F.3d 691, 695 (7th Cir. 1995) (a petitioner cannot simply opt out of the state review process because he is tired of it or frustrated by the results he is getting).  Illinois law "requires persons seeking post-conviction relief to pursue their appellate remedies." *Jenkins v. Gramley*, 8 F.3d 505, 508 (7th Cir. 1993).  Because petitioner has neither alleged nor demonstrated facts to excuse this default, relief should be denied on this claim.

**Claim Two - trial counsel was ineffective for failing to present mitigation evidence at sentencing**

Petitioner next argues that trial counsel was ineffective for failing to present mitigation evidence at sentencing.  The state appellate court discussed this claim and stated:

> Defendant also argues defense counsel was ineffective for failing to call him and several character witnesses to testify at the sentencing hearing.  At the October 30, 2003, evidentiary hearing, defendant was given an opportunity to state what he could have testified to.  Defendant was unable to add anything to the facts already known to the court.  Defendant attached affidavits from his suggested character witnesses, but those affidavits said only that they had testimony they believed would have helped defendant.  Defense counsel testified that he made a conscious choice not to put on family members to testify as to defendant's character.  Defendant has failed to show that the

18

witnesses would have made a difference in the sentence he received.
See *People v. Jackson*, 149 Ill.2d 540, 553-54, 599 N.E.2d 926, 932
(1992).  The trial court did not err in summarily dismissing defendant's
post-conviction petition.

(Exhibit R at 10).  Petitioner cannot show that the appellate court decision was

either contrary to, or an unreasonable application of *Strickland v. Washington*, 466

U.S. 668 (1984).

It is not unreasonable for counsel to decline to investigate or put on

testimony that will be fruitless or even harmful.  *See Burger v. Kemp*, 483 U.S. 776,

795 (1987).  In order to prove ineffective assistance of counsel, petitioner must show

that counsel's decision fell below an objective standard of reasonableness, and a

reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different.  *Strickland*, 466 U.S. at 691.  Petitioner's

proposed witnesses' affidavits are attached to his petition.  Each of those affidavits

merely states that the person was in court the day of sentencing, ready to testify on

petitioner's behalf, but were not called to do so, and that the person "had testimony,

that I believe would have helped Tony Shoemaker, about his character, and

circumstances in general, which would have assisted in the mitigation portion of his

case."  Defense counsel, however, testified that he made a conscious decision not to

put on members of petitioner's family.  The appellate court, as discussed below,

found that defense counsel had a strategy at sentencing, to ask for a lesser sentence

than in those cases where a murder is committed.  Given that an informed decision

regarding whether to call a witness to testify at trial or sentencing is a matter of

trial strategy which generally cannot support a claim of ineffective assistance of counsel, *see e.g.*, *Barnhill v. Flannigan*, 42 F.3d 1074, 1078 (7th Cir. 1994) ("usually counsel's decision not to call a witness is a tactical decision not subject to review"), and that the testimony of an interested family member is less valuable than the testimony of a disinterested witness, *United States ex rel. Emerson v. Gramley*, 883 F.Supp. 225, 236-37 (N.D. Ill. 1995), the appellate court's decision is minimally consistent with the facts and circumstances of the case, and thus a reasonable application of *Strickland*. *See Conner v. McBride*, 375 F.3d 643, 649 (7th Cir. 2004). Further, petitioner cannot establish prejudice where the affidavits presented do not even state what the witnesses would testify to, or that it would have changed the sentence received. This Court should deny habeas relief on this claim.

**Claim three - trial counsel made prejudicial remarks about petitioner at sentencing.**

Petitioner next claims that trial counsel's prejudicial remarks about petitioner at sentencing constituted ineffective assistance. The appellate court discussed this issue at length:

> At the June 16, 2000, sentencing hearing, evidence was presented that the victim had known defendant for about four years. Defendant's father owned a construction company that had done extensive work on the victim's home. Defendant broke into the home through a basement window. The victim was awakened when defendant entered her bedroom. From approximately 1 a.m. to 7 a.m., defendant sexually assaulted the victim, performing multiple sexual acts that were extremely painful to her. Defendant grabbed the victim by the hair and told her, "shut up or I'll kill you." Defendant repeatedly struck the victim. At one time, he knocked the wind out of her. She passed out once while being choked. Throughout the incident, defendant

20

repeatedly told the victim he was going to kill her because he was not going to go back to prison.

Trial counsel's strategy at the June 2000 sentencing hearing was to discuss sentences other defendants had received in murder cases that had been before the trial court for sentencing. Counsel emphasized that defendant did not kill anyone and asked for a sentence similar to those given in the murder cases. At the sentencing hearing, defendant's trial counsel made the following remarks:

> "Your Honor, a few years ago I was appointed the [p]ublic [d]efender of Morgan County, and I took an oath to defend individuals to the best of my ability. I'd like to think that during that time — I've represented a few traffic cases, a few misdemeanors, maybe even a few felonies — that I actually helped somebody and they were happy that I represented them. But there are those cases that I'm appointed to represent that are just not much fun, and this is the *coup de grace,* so to speak. *What* [*defendant*] *did in February is one of the most filthy, disgusting, things I've ever heard of,* and I in no way am going to stand here and try to argue that it was not. It's sickening, it's disgusting, it's wrong, and he's going to prison today. And he knows that. *I mean, being around him I'm not real happy. I'm not friends with* [*defendant*]. But, Your Honor, as I stated, I took an oath, and due to that I have to make sure [defendant] gets a fair sentence before this [c]ourt today.
>
> Now, one thing I will say during my time appearing before this [c]ourt is I've been here on sentencing hearings for murder cases. I've been here for felonies, misdemeanors, [and] traffic cases. And this [c]ourt has always been very consistent with its sentencing guidelines, and that's one of the things I've always took pride in being before this [c]ourt is I know I'm going to get a fair sentence.
>
> Now, with all the evidence we've heard here today from [the victim] and the victim[-]impact statement that she wrote and the information in the [presentence investigation report], one thing stands out, and that is the

21

fact that she was able to write a victim[-]impact
statement; that she was able to come here today and
testify.  And the point I'm trying to make, Your Honor, is
that [the victim] is not dead.  [She] is alive.  She has her
life.  It's damaged.  I'm not trying to say it's not.  And I in
no way wish to diminish the impact this is going to have
on the rest of her life.  But [defendant] is here today to be
sentenced for aggravated criminal sexual assault and
home invasion, not for murder." (Emphases added.)

Counsel then discussed the two previous murder cases before the court.
Counsel pointed out one of the victims had been raped before being
murdered and one of the defendants in that case received a 25-year
sentence while the other received a 30-year sentence. In the other case,
one defendant received 20 years' imprisonment while the other
received a 25-year sentence.

Counsel then stated:

"Once again, Your Honor, I want to reiterate, I am in no
way trying to diminish what happened here.  But all
we're asking for from the [c]ourt is consistency.  If the
[c]ourt takes the State's recommendation and sentences
[defendant] to 80 years in prison, what's the message
we're sending out there?  What's the message we're
sending?  Well, if you're going to do something like this
you'd better kill your victim, because if you don't you're
going to prison for a long time.  But if you kill them now
there's no evidence of home invasion, we don't know how
long this whole thing took place, and you're going to get a
lighter sentence.  We're asking the [c]ourt to be
consistent.  We're asking the [c]ourt to sentence [defendant] consistently with the
cases that have been before the [c]ourt in the past."

Defense counsel stated a sentence in the range of 20 to 24 years would
be consistent with "the sentences that this [c]ourt has handed down in
the past for murders. Defendant is not a murderer."

Claims of ineffective assistance of counsel are examined under the two-
pronged performance and prejudice test set forth in *Strickland v.*

22

*Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). *People v. Harris,* 206 Ill.2d 293, 303, 794 N.E.2d 181, 189 (2002); see W. LaFave, J. Israel & N. King, Criminal Procedure § 11.10(c), at 132 (2d ed. supp. 2005). Under *Strickland,* reviewing courts entertain a strong presumption that the attorney's performance was a product of sound trial strategy and professional judgment. *Strickland,* 466 U.S. at 689. However, where "counsel *entirely* fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of [s]ixth [a]mendment rights that makes the adversary process itself presumptively unreliable." (Emphasis added.) *United States v. Cronic,* 466 U.S. 648, 659, 104 S.Ct. 2039 (1984). A *Cronic* violation was found in *People v. Hattery,* 109 Ill.2d 449, 488 N.E.2d 513 (1985), where defense counsel conceded the defendant was guilty of murder and eligible for the death penalty. The supreme court, however, concerned that an unscrupulous defense counsel might deliberately concede his client's guilt in order to lay the groundwork for a later reversal, has narrowly construed *Hattery. People v. Johnson,* 128 Ill.2d 253, 269, 538 N.E.2d 1118, 1125 (1989). "In situations where there is overwhelming evidence of guilt and no defense, if counsel contests all charges he is liable to lose credibility with the trier of fact when it comes to charges where a legitimate defense exists." *Johnson,* 128 Ill.2d at 270, 538 N.E.2d at 1125 (counsel asserted a theory of defense on a number of charges and vigorously contested that defendant was eligible for the death penalty). It is not necessarily ineffective assistance for a defense counsel to waive closing argument at a capital sentencing hearing; waiving argument may have the advantage of preventing an impassioned rebuttal argument by the prosecutor. See *Bell v. Cone,* 535 U.S. 685, 701-02, 122 S.Ct. 1843, 1854 (2002).

The Supreme Court has refused to find ineffective assistance where counsel argued his client was a " 'bad person, lousy drug addict, stinking thief, jail bird.' " *Yarborough v. Gentry,* 540 U.S. 1, 3, 124 S.Ct. 1, 3 (2003). Although the right to effective assistance extends to closing arguments, deference is particularly important because of the broad range of defense strategy at that stage. *Yarborough,* 540 U.S. at 5-6. The Court rejected the Ninth Circuit's criticism of the quoted remarks, which the Ninth Circuit apparently viewed[.]

> "as a gratuitous swipe at Gentry's character. While confessing a client's shortcomings might remind the jury of facts they otherwise would have forgotten, it might also convince them to put aside facts they would have

23

remembered in any event. This is precisely the sort of
calculated risk that lies at the heart of an advocate's
discretion. By candidly acknowledging his client's
shortcomings, counsel might have built credibility with
the jury and persuaded it to focus on the relevant issues
in the case." *Yarborough,* 540 U.S. at 9.

The Supreme Court cited a number of works on trial techniques to
support its position, concluding with Aristotle: " 'A speech should
indicate to the audience that the speaker shares the attitudes of the
listener, so that, in turn, the listener will respond positively to the
views of the speaker.' " *Yarborough,* 540 U.S. at 11, quoting P.
Lagarias, Effective Closing Argument §§ 2.05 through 2.06, at 99-101
(1989) (citing Aristotle's Rhetoric).

This case has differences from *Yarborough*. *Yarborough* was a *habeas
corpus* case, where the Ninth Circuit had reversed a finding of the
state court.  Judicial review of a defense attorney's summation is
"doubly deferential when it is conducted through the lens of federal
habeas." *Yarborough,* 540 U.S. at 6.  *Yarborough* also involved a
closing argument to a jury, while the present case involved an
argument to a judge, on sentencing.  The remarks in the present case
also appear to be more extensive than those in *Yarborough.*
Nevertheless, we cannot say that defense counsel's representation in
this case was ineffective.

This is not a case where defense counsel completely failed to test the
prosecution's case.  Certainly the argument that murderers received
lesser sentences than the maximum nonextended consecutive
sentences in this case was a reasonable argument.  Nor can we
conclude that counsel's disparaging remarks were nothing more than
"a gratuitous swipe at [defendant's] character."  The argument was
made to the trial court, not to a jury, and the trial court already knew
that defendant's actions were filthy and disgusting.  As in *Yarborough,*
by candidly acknowledging his client's shortcomings, counsel may have
built credibility with the court and persuaded the court to focus its
attention not on defendant's character, but the sentencing structure
that might punish defendant more severely than a murderer. Counsel's
strategy does not constitute ineffective assistance simply because it
was unsuccessful.  *People v. Milton,* 354 Ill.App.3d 283, 290, 820
N.E.2d 1074, 1079 (2004) (counsel conceded the defendant's possession
of drugs but attacked element of knowledge).

24

(Exhibit R at 3-9).

To prevail on a claim of ineffective assistance of counsel, petitioner must show both that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *See Strickland,* 466 U.S. at 687. When considering whether counsel's performance was deficient, the habeas court is highly deferential to counsel's performance, indulging a presumption that "under the circumstances, the challenged action might be considered sound trial strategy." *Bell v. Cone,* 535 U.S. 685, 698 (2002) (internal quotations omitted). To show prejudice, petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland,* 466 U.S. at 694). Moreover, in the context of a federal habeas petition governed by the AEDPA, the petitioner must do more than merely convince the federal court that the state court applied *Strickland* incorrectly, but must demonstrate that the state court "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell*, 535 U.S. at 699.

The state appellate court found that counsel's representation did not fall below an objective standard of reasonableness, since this was not a case where defense counsel completely failed to test the State's case. The court found that counsel's argument at sentencing — that murderers received lesser sentences than what the prosecution was asking for in this case — was a reasonable argument.

25

Furthermore, the court found that counsel's disparaging remarks were not "a gratuitous swipe at petitioner's character." The argument was made to the trial court, and not a jury, and the trial court already knew petitioner's character. Further, by candidly acknowledging his client's shortcomings, counsel may have built credibility with the court and persuaded the court to focus its attention not on petitioner's character, but the sentencing structure that might punish petitioner more severely than a murderer. This Court should defer to the state court's assessment of counsel's performance. The state appellate court's application of *Strickland* was reasonable, and habeas relief should be denied.

**Claim Four - petitioner's consecutive sentences based on "brutal and heinous" behavior violates *Apprendi*, and counsel was ineffective for failing to object to the sentences on this basis.**

Petitioner's fourth claim is that his consecutive sentences based on "brutal and heinous" behavior violates *Apprendi*, and counsel was ineffective for failing to object to the sentences on this basis. While petitioner raised the issue in several of his filings in the state circuit court following remand, he did not raise this claim on appeal. Therefore, this claim is procedurally defaulted. *Farrell*, 939 F.2d at 410. Additionally, petitioner did not raise the claim in his PLA, and the claim is further procedurally defaulted for this reason. *O'Sullivan*, 526 U.S. at 841-42.

Petitioner has established neither cause for the default and actual prejudice resulting therefrom, nor a fundamental miscarriage of justice. Petitioner does make a claim of ineffective assistance of appellate counsel, alleging counsel did not

26

present issues regarding sentencing statutes.  However, petitioner does not specify whether he means counsel during his first or second appeal.  In any event, while ineffective assistance of appellate counsel may serve as "cause," the claim of ineffective assistance of appellate counsel must itself be raised and appealed through every level of the state courts before it may be raised in federal court. *Edwards*, 529 U.S. at 451-452; *Lemons*, 54 F.3d at 360-61.  This claim was not raised in any appeal or in either of petitioner's PLAs, and therefore it is defaulted and cannot excuse petitioner's default.  *Cawley*, 71 F.3d at 695 (a petitioner cannot simply opt out of the state review process because he is tired of it or frustrated by the results he is getting).  Illinois law "requires persons seeking post-conviction relief to pursue their appellate remedies."  *Jenkins*, 8 F.3d at 508.

In any event, appellate counsel was not ineffective for failing to raise this claim since both the federal and state courts have held that *Apprendi* does not apply to consecutive sentences.  *See, e.g.*, *United States v. Noble*, 299 F.3d 907, 909 (7th Cir. 2002); *People v. Wagener*, 752 N.E.2d 430, 441 (Ill. 2001).  Because consecutive sentences do not implicate *Apprendi*, this Court should deny habeas relief on this claim.

**Claim five - trial counsel was ineffective at petitioner's sentencing hearing for not objecting to the State's inference that petitioner had committed other crimes**.

Petitioner's fifth claim is that trial counsel was ineffective at his sentencing hearing because he failed to object to the State's inference that petitioner had

27

committed other crimes. Petitioner did not raise this claim in his first appeal. And, while petitioner raised the issue in several of his pro se filings in the state circuit court following remand, he did not raise the claim on his consolidated appeal from the judgment denying his motions to withdraw his guilty plea or reconsider sentence and his post-conviction petition. Therefore, this claim is procedurally defaulted. *Farrell,* 939 F.2d at 410. Additionally, because petitioner did not raise the claim in his PLA, it is procedurally defaulted for this reason as well. *O'Sullivan*, 526 U.S. at 841-42.

Petitioner has established neither cause for the default and actual prejudice resulting therefrom, nor a fundamental miscarriage of justice. While petitioner makes some claim of ineffective assistance of appellate counsel, his claim is that appellate counsel was ineffective for not presenting issues regarding sentencing statutes. Petitioner does not specify whether he means counsel during his first or second appeal. In any event, again, petitioner only alleges that appellate counsel was ineffective for not presenting issues regarding sentencing statutes, and this claim does not involve a sentencing statute. Moreover, while ineffective assistance of appellate counsel may serve as "cause," the claim of ineffective assistance of appellate counsel must itself be raised and appealed through every level of the state courts before it may be raised in federal court. *Edwards*, 529 U.S. at 451-452; *Lemons*, 54 F.3d at 360-61. This claim was not raised anywhere in the state courts on appeal and therefore is procedurally defaulted and cannot serve to excuse

28

petitioner's default of this claim. *Cawley*, 71 F.3d at 695 (a petitioner cannot simply

opt out of the state review process because he is tired of it or frustrated by the

results he is getting). Illinois law "requires persons seeking post-conviction relief to

pursue their appellate remedies." *Jenkins*, 8 F.3d at 508.

**Claim six - Illinois' truth-in-sentencing law violates *Apprendi*.**

Petitioner's sixth claim is that Illinois' truth-in-sentencing law violates

*Apprendi*. This issue was discussed by the appellate court during petitioner's first

appeal. That court noted that it had previously found in *People v. Garry*, 752

N.E.2d 1244 (Ill.App.4th Dist. 2001) that the "truth-in-sentencing" provision of

section 3-6-3(a)(2)(ii) of the Unified Code does not implicate *Apprendi* issues. (*See*

Exhibit J at 3-4). Petitioner cites to no Supreme Court precedent which holds that

*Apprendi* applies to such truth-in-sentencing provisions. Therefore, the state

appellate court's decision cannot be "contrary to" Supreme Court precedent, and

this Court should deny relief on this claim.

**Claim seven - the trial court misapplied "single course of conduct"
sentencing rules.**

Petitioner's seventh claim is that the trial court misapplied Illinois' "single

course of conduct" sentencing rules. It is respondent's position that this claim, and

the entire petition, can be denied on the merits. Petitioner merely claims here, as

he did in state court, that his conduct did not meet the statutory requirements for

consecutive sentences under 730 ILCS 5/5-8-4(a). This claim is not cognizable in a

federal habeas corpus proceeding; this Court may address claimed violations of the federal constitution, not violations of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (re-emphasizing that federal habeas corpus relief does not lie for errors of state law). An error in the interpretation of state sentencing rules does not present a cognizable claim for federal habeas relief. *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002). Therefore, this claim is not cognizable in this federal habeas corpus proceeding.

Even if this claim were cognizable, it is procedurally defaulted. Petitioner raised this claim in his supplement to his postconviction petition.[3] The trial court rejected it, specifically finding that consecutive sentences were mandated by the clear and unambiguous language of 730 ILCS 5/5-8-4(a). *See* Exhibit AA, trial court order denying postconviction petition. However, petitioner did not raise this claim on appeal from the judgment denying postconviction relief, resulting in a procedural default. *Farrell*, 939 F.2d at 410. Additionally, because petitioner did not raise the claim in his PLA, it is procedurally defaulted for this reason as well. *O'Sullivan*, 526 U.S. at 841-42.

---

[3] Although petitioner's claim in his postconviction petition is worded in different terms than in his federal habeas corpus petition and in his state court petition for relief from judgment, the claims are substantially the same. The order of the trial court denying the postconviction petition makes clear that the claim was whether the trial court correctly found that consecutive sentences were mandated by 730 ILCS 5/5-8-4(a). Section 5-8-4(a) codifies the "single course of conduct" rules petitioner now complains of.

30

Petitioner again raised this claim in his state court petition for relief from judgment. The state trial court found that petitioner had previously raised a claim regarding the propriety of his consecutive sentences in his postconviction petition, and that the trial court had rejected that claim. The court thus dismissed the petition for relief from judgment. *See* Exhibit V. However, petitioner did not prefect an appeal from that judgment, making his claim as presented therein procedurally defaulted.[4] *Farrell*, 939 F.2d at 410.

Petitioner has established neither cause for the procedural default, nor a fundamental miscarriage of justice. Petitioner does raise a claim of ineffective assistance of appellate counsel for failing to present issues regarding sentencing statutes. However, petitioner does not specify whether he means counsel during his first or second appeal. In any event, while ineffective assistance of appellate counsel may serve as "cause" to excuse a procedural default, the claim of ineffective assistance of appellate counsel must itself be raised and appealed through one complete round of state court review. *Edwards*, 529 U.S. at 451-52; *Lemons*, 54 F.3d at 360-61. This claim was not raised in any appeal, or in either of petitioner's PLAs, and therefore it is defaulted and cannot excuse the default of petitioner's sentencing claim.

---

[4] Again, the state appellate court does not show an appeal pending from the proceedings on the petition for relief from judgment.

31

Even if petitioner could somehow remedy the deficient notice of appeal in the future (for example, by filing a motion for leave to file a late notice of appeal), this Court can deny this claim on the merits. If petitioner were to remedy his deficient notice of appeal, petitioner could conceivably still obtain relief in state court. However, even if this claim were, or becomes, unexhausted, this Court has the power to deny a petition on the merits notwithstanding the failure to exhaust (*see Bell v. Cone*, 543 U.S. 447, 451 n.3 (2005) (citing 28 U.S.C. § 2254(b)(2)), but it cannot grant the petition if the claims are unexhausted. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). Even if this claim were unexhausted, because it is noncognizable in habeas corpus, this Court should deny it on the merits.

**Claim eight - appellate counsel was ineffective for not presenting issues regarding sentencing statutes.**

Petitioner's eighth claim is that appellate counsel was ineffective because counsel failed to present issues regarding sentencing statutes. However, this claim was not raised in either of petitioner's appeals, or in either of his PLAs. It is therefore procedurally defaulted. *Farrell*, 939 F.2d at 410; *O'Sullivan*, 526 U.S. at 841-42. Petitioner has neither alleged cause and prejudice nor a manifest miscarriage of justice to excuse this default and relief should be denied.

**Claim nine - petitioner's confession was coerced, but the trial judge did not give him a proper hearing on the matter**.

32

Petitioner's ninth claim is that his confession was coerced, but the trial judge did not give him a proper hearing on the matter. However, this claim was never raised in the state courts, and it is therefore procedurally defaulted. *Farrell,* 939 F.2d at 410; *O'Sullivan*, 526 U.S. at 841-42. Claims not raised in any state court proceeding cannot be raised for the first time in a federal habeas corpus petition. *Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995).

Again, petitioner has established neither cause for the default and actual prejudice resulting therefrom, nor a fundamental miscarriage of justice. Petitioner does make a claim of ineffective assistance of appellate counsel, alleging that counsel failed to present issues regarding sentencing statutes. However, petitioner does not specify whether he means counsel during his first or second appeal, and this is not a sentencing statute issue. In any event, while ineffective assistance of appellate counsel may serve as "cause," the claim of ineffective assistance of appellate counsel must itself be raised and appealed through every level of the state courts before it may be raised in federal court. *Edwards*, 529 U.S. at 451-52; *Lemons*, 54 F.3d at 360-61. This claim was not raised in any appeal or in either of petitioner's PLAs, and therefore it is defaulted and cannot serve to excuse the default of this claim. *Cawley*, 71 F.3d at 695 (a petitioner cannot simply opt out of the state review process because he is tired of it or frustrated by the results he is getting). Illinois law "requires persons seeking post-conviction relief to pursue their appellate remedies." *Jenkins*, 8 F.3d at 508.

33

## CONCLUSION

This Court should deny the Petition for Writ of Habeas Corpus.


January 16, 2007                    Respectfully submitted,

                                   LISA MADIGAN
                                   Attorney General of Illinois

                          BY:   /s COLLEEN M. GRIFFIN
                                COLLEEN M. GRIFFIN
                                Assistant Attorney General
                                100 West Randolph Street, 12th Floor
                                Chicago, Illinois 60601
                                (312) 814-4684
                                cgriffin@atg.state.il.us
                                Reg. Number 6198598

34

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

_____

| | | | |
|---|---|---|---|
| UNITED STATES ex rel. | ) | | |
| TONY SHOEMAKER, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| vs. | ) | No. 06-3187 | |
| | ) | | |
| DONALD HULICK, Warden, | ) | The Honorable | |
| | ) | Richard Mills, | |
| Respondent. | ) | Judge Presiding. | |

_____


Certificate of Service


        I hereby certify that on January 16, 2007, I electronically filed a motion for
leave to file an Amended Answer, and an Amended Answer, with the Clerk of
Court, Central District, using the CM/ECF system and I hereby certify that on
January 19, 2007, I mailed by United States Postal Service, the document to the
following person:


        Tony Shoemaker, No. B23560
        Menard Correctional Center
        711 Kaskaskia Street
        P.O. Box 711
        Menard, Illinois 62259


                        By:    COLLEEN M. GRIFFIN
                               COLLEEN M. GRIFFIN
                               Assistant Attorney General
                               100 West Randolph Street, 12th Floor
                               Chicago, Illinois 60601
                               (312) 814-4684

E-FILED
Tuesday, 16 January, 2007  12:56:58 PM
Clerk, U.S. District Court, ILCD

## IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL DISTRICT
### MORGAN COUNTY, ILLINOIS

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No. 00-CF-21 |
| vs ) | |
| ) | Honorable J. David Bone |
| TONY W. SHOEMAKER ) | Presiding Judge |
| ) | |
| Defendant ) | |

---

### NOTICE OF FILING / CERTIFICATE OF MAILING

To: HONORABLE CLERK OF THE

CIRCUIT COURT OF MORGAN COUNTY
P.O. BOX 1120
JACKSONVILLE, IL. 62651

MORGAN COUNTY STATE'S ATTORNEY
MORGAN COUNTY COURTHOUSE
300 W. STATE STREET,
JACKSONVILLE, IL. 62650

PLEASE TAKE NOTICE that I have on this 15th, day of August 2006, placed the original and three copies of my Petition For Relief from a Void Judgement and Sentences to be filed with the Clerk of the Circuit Court of Morgan County by placing same in the United States Mail Box at the Menard Correctional Center, first class postage prepaid.

_Tony W. Shoemaker_
Tony W. Shoemaker, pro se
P.O. Box 711  #B-23560
Menard Correctional Center
Menard, IL. 62259-0711

1 of 1

EXHIBIT U

## IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL DISTRICT
## MORGAN COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS )
                                  )
                Plaintiff      )
                                    )    Case No. 00-CF-21
         vs                    )
                                    )    Honorable J. David Bone
TONY W. SHOEMAKER          )      Presiding Judge
                                    )
              Defendant    )

## MOTION TO PROCEED IN FORMA PAUPERIS

### AND

### APPOINTMENT OF COUNSEL

Petitioner, Tony W. Shoemaker, respectfully requests that he be allowed to proceed in forma pauperis in the attached Petition for Relief, without prepayment of filing fees because of his indigency, the status he has before been before this Court, and humbly asks that counsel also be appointed to represent him in said cause. In support, petitioner further states:

1. That he has no income other than State pay of $19.80 per month he earns while working in Menard's Clothing House, and that wage is not paid during periods of lock-downs or Holidays; and

2. That he occasionally gets a gift of about $25 a month from a relative and that to verify this, petitioner has attached a copy of his Inmate Trust Fund Account for the preceding six (6) months; and

3. That petitioner has no other source of income, cash or assets of any kind with which to pay for his pursuit of relief from a void judgment; and

-1-

4. That This Court recognized petitioner's indigency in
   previous proceedings in this cause and did appoint
   Counsel to represent him and that status has not changed
   since said judgment was entered.

WHEREFORE, it is prayed This Court will allow petitioner to proceed
in forma pauperis and will also appoint counsel to represent his
legal interests in said cause.

   Further, he asketh not at this time.


Dated: August **15th,** , 2006.


                    Respectfully Submitted,

                    *Tony W. Shoemaker*
                    Tony W. Shoemaker, <u>pro</u> <u>se</u>
                    P.O. Box 711   #B-23560
                    Menard Correctional Center
                    Menard, IL. 62259-0711



### CERTIFICATE OF VERIFICATION

   I herewith certify that the foregoing Motion To Proceed in
Forma Pauperis and request for Appointment of counsel is true and
correct to the best of my knowledge and belief, under penalty of
perjury pursuant to 28 U.S.C. 1746, 18 U.S.C. 1621 or 735 ILCS
5/1-109.

                    *Tony W. Shoemaker*
                    Tony W. Shoemaker, <u>pro</u> <u>se</u>
                    P.O. Box 711   #B-23560
                    Menard Correctional Center
                    Menard, IL. 62259-0711

## IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL DISTRICT
## MORGAN COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS )
                        )
          Plaintiff    )
                        )   Case No. 00-CF-21
        vs            )
                        )   Honorable J. David Bone
TONY W. SHOEMAKER        )      Presiding Judge
                        )
         Defendant    )

---

### PETITION TO VACATE VOID JUDGMENT AND SENTENCES

Now comes petitioner, Tony W. Shoemaker, <u>pro se</u>, defendant in the above-captioned cause, pursuant to 735 ILCS 2/1401(f), asking that This Court vacate and set aside the void portion of his present sentence.

**IN SUPPORT OF SAID PETITION IS STATED AS FOLLOWS:**

1. Petitioner pled guilty to a term of thirty (30) years imprisonment for Home Invasion and on June 16, 2000 was given consecutive thirty (30) year sentences for Aggravated Criminal Sexual Assault, using the Truth-In-Sentencing statute as basis.

2. Petitioner is presently serving two consecutive thirty year sentences, amounting to a total of sixty (60) years at the Menard Correctional Center, under the Illinois Department of Corrections number B-23560, under direct control and supervision of Donald A. Hulick, warden. (Attached, Exhibit "A").

3. It is petitioner's contention that this confinement is unconstitutional in that the judgment entered under which he is confined is void because Count I (Exhibit "A") did allege that defendant on or about February 16, 2000, committed the offense

-1-

**"Aggravated Criminal Sexual Assault"**, in violation of Section 12-14(a)(2) of Act 5 of Chapter 720 of the Illinois Compiled Statutes (Exhibit "B", attached.

4. Count II (Exhibit "C") alleges **"Home Invasion"** in violation of Section 12-11(a)(2) of Act 5 of Chapter 720 of the Illinois Compiled Statutes, occurring at the identical time and same location as Count I. It is petitioner's contention that Count II of the Indictment is the lesser included offense of Count I, and his conviction and sentence for Home Invasion should be set aside as void and unconstitutional.

## CASES AND STANDARD OF LAW IN SUPPORT

5. In order for an offense to be classified as a lesser-included offense, all the elements of the lesser offense must be included within the greater offense or there must be a less culpable mental state. It is alleged in the Indictment that the petitioner caused bodily harm to the victim. Illinois Rev. Stat. 1985, Ch. 38, par. 12-14(a)(2) "bodily Harm" in sec. 12-14 should be defined the same as "bodily harm" in 12-3 of the battery statute. (Ill.Rev.Stat. 1985, Ch. 38, pars. 12-3(a)(1) and 12-14(a)(2); **People v. Wallace**, 495 N.E. 2d 665(1986); **People v. Crespo**, 788 N.E.2d 1117(2001).

6. With respect to **"Bodily Harm"** in the Battery statute, the Supreme court said in **Wallace**: "Although it may be difficult to pinpoint exactly what constitutes bodily harm for the purposes of the statute, some sort of physical pain or damage to the body, like lacerations, bruises or abrasions, whether temporary or permanent is required.

-2-

7.  In Illinois, a void judgment can be attacked at any time, either directly or collaterally without a showing of due due diligence. (**R.W. Sewart & Co. vs. Allied Program Corp.,** 111 Ill.2d 304; 489 N.E.2d 1360, 95 Ill. Dec. 496(1986).

8.  In **People v. Garcia, 179 Ill.2d 55, 688 N.E.2d 57(1997),** the Illinois Supreme Court has reaffirmed its holding that when multiple convictions of greater and lesser offenses are obtained for offenses arising from a single act, a sentence should be imposed only on the most serious offense and the conviction of the lesser offenses should be vacated. (**People v. Garcia, supra., at 64**); **People v. Conerty, 695 N.E.2d 898** (2000); **People v. King, 363 N.E.2d 838, 845(1977); People v. Bishop, 815 N.E.2d 1264(2004).**

9.  It is petitioner's contention that Judge Bone abused his discretion in sentencing petitioner to consecutive terms, using Count II, Home Invasion as the trigger. An abuse of discretion may be found even where a sentence is within the statutory limitations, if that sentence is greatly at variance with the purposes and spirit of the law. (**People v. Williams, 196 Ill.App.3d at 867, 554 N.E.2d 1040**). A proper sentence must be based upon the particular facts and circumstances of each individual case. See, **People v. Perruquet, 11 Ill.Dec. 274, 276, 368 N.E.2d 882.** The trial court may consider the gravity of the offense and circumstances of its commission, as well as defendant's mental capacity, age, demeanor, social environment and criminal history.

10. The Illinois Constitution requires that courts follow the

general rule as intended by consecutive sentencing statutes and not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective. In determining whether a defendant's actions do constitute a single course of conduct, courts examine the motivation behind the actions. See, **People v. Morris, 177 Ill.Dec. 822, 603 N.E.2d 1196, 1201(Ill.App.2 Dist. 1992); and People v. Perruquet, 73 Ill. Dec. 806, 808, 454 N.E.2d 1055, 1057.** Actions are said to derive from a "single course of conduct" where they were based on the same motivation. See, **Morris, supra.** Actions are found to issue from multiple courses of conduct where the actions arose from a "substantial change" in the nature of the criminal objective. See, **People v. Morgen, 3 Ill. Dec. 113, 358 N.E.2d 280.** In petitioner's case there was no change at all in the criminal objective.

11. A finding of independent criminal motivation must be supported by the record. See **Morris, supra; People v. Davis, 151 Ill. App.3d 435, 104 Ill.Dec. 283, 502 N.E.2d 780.** The defendant in **Davis** was convicted of the offenses of home invasion, residential burglary and aggravated criminal sexual assault, and sentenced to consecutive terms aggregating 120 years. He was accused of entering the victim's house and sexually assaulted her in her bedroom. The victim testified that Davis walked around the house and then returned to ask her where she kept her money. She replied she didn't have any, and the defendant again raped her. Davis contended at trial that the

-4-

trial court erred in finding that his offense of home invasion involved a substantially different criminal objective than his offense of aggravated criminal sexual assault. Countering, the State argued that testimony by a witness asserting defendant's intention to "hustle," the absence of cash in the victim's purse, and his movement from the kitchen to the bedroom showed that defendant did not form the intention to rape the victim until he had entered her home. In finding for the defendant, the court determined that the State's evidence was insufficient to support a finding that defendant formed a substantially different criminal objective during the course of the crime, and this is exactly in point with petitioner's case.

12. Where the incidents arise out of a single course of conduct, as in petitioner's case, he must have inflicted **severe bodily injury** for consecutive sentencing to have been proper. Where the level of injury is an essential element of the crime, the court cannot rely on that injury to impose consecutive sentences. See, **People v. Miller, 142 Ill.Dec. 247 (1st Dist. 1989.**

13. Consecutive sentences were not warranted in petitioner's case, and as they stand now, are void because Judge Bone abused his discretion in determining there was two separate courses of conduct because petitioner's motivations did not undergo any "substantial change". This was one continual act that during which, all events occurred simultaneously and there was no evidence in the record to indicate otherwise. All these facts were pointed out to counsel who had been appointed to

-5-

represent petitioner, but he did nothing to assure due process was applied, and encouraging a guilty plea from the onset, and in the process, ignored any constructive suggestions offered by petitioner, which is clearly shown in trial records regarding counsel's attitude and demeanor defending this case.

## CONCLUSION

Petitioner certainly is not saying the entire judgment in this case is void, only that the portion where the Court lacked jurisdiction to impose consecutive sentences and stressing there was an abuse of dicretion in imposing a consecutive sentence using a lesser-included offense, and it is that void portion which petitioner is seeking to have corrected either by vacating and setting it aside totally, which is within the Court's jurisdiction since there was no substantial change in the nature of the criminal objective, because the actions of both offenses were based upon the same motivation.

Further, petitioner asketh not at this time.

Respectfully Submitted,

*Tony W. Shoemaker*

Tony W.Shoemaker,pro se
P.O.Box 711 #B-23560
Menard Correctional Center
Menard,Ill.62259-0711

I herewith certify under penalty of perjury to 28 U.S.C. 1746, 18 U.S.C.1621, or 735 ILCS 5/1-109 that the attached and foregoing Petition is true and accurate to the best of my know-ledge and belief and I verily believe I am entitled to the relief sought.

*Tony W. Shoemaker*

Tony W.Shoemaker,pro se
P.O.Box 711 #B-23560
Menard Correctional Center
Menard,Ill.62259-0711

-6-

IN THE CIRCUIT COURT OF MORGAN COUNTY, ILLINOIS

SEVENTH JUDICIAL CIRCUIT

PEOPLE OF THE STATE OF ILLINOIS )
   Plaintiff, )
Vs. )   Case No. 2000-CF-21
TONY W. SHOEMAKER )
   Defendant. )

### JUDGMENT - SENTENCE TO ILLINOIS DEPARTMENT OF CORRECTIONS

WHEREAS the above-named defendant **Tony W. Shoemaker** has been adjudged guilty of the offenses enumerated below, date of birth **3/19/70**

IT IS THEREFORE ORDERED that the defendant be and hereby is sentenced to confinement in the Illinois Department of Corrections for the term of years and months specified for each offense.

| COUNT | OFFENSE | DATE OF OFFENSE | STATUTORY CITATION | CLASS | SENTENCE | |
|---|---|---|---|---|---|---|
| 1 | Aggravated Criminal Sexual Assault | On or about 2/16/00 | 720, 5/12-14(a)(2) | X | 30 Yrs. | 0 Mos. |

and said sentence shall run (concurrent with) (consecutive to) the sentence imposed on:

| 2 | Home Invasion | On or about 2/18/00 | 720, 5/12-11(a)(2) | X | 30 Yrs. | 0 Mos. |
| | | | | | Yrs. | Mos. |

and said sentence shall run (concurrent with) (consecutive to) the sentence imposed on:

~~Convicted of a class _____ offense but sentenced as a class X offender pursuant to 730 ILCS 5/5-5-3(c)(8).~~

The Court finds that the defendant is entitled to receive credit for time actually served in custody (of **122** days as of the date of this order) from [specify dates]

The Court further finds that the conduct leading to conviction for the offense so numbered in counts **1 + 2** resulted in great bodily harm to the victim.(730 ILCS 5/3-6-3(a)(2)(iii) ).

FILED

JUN 16 2000

*Barbara J. Baker*
Clerk of Circuit Court, Morgan County, Illinois

IT IS FURTHER ORDERED that the sentence(s) imposed on count(s) _____ be (concurrent with) (consecutive to) the sentence imposed in case number _____ in the Circuit Court of _____ County; be (concurrent with)(consecutive to) the sentence imposed in case number _____ in the Circuit Court of _____ County; be (concurrent with)(consecutive to) the sentence imposed in case number _____ in the Circuit Court of _____ County.

IT IS FURTHER ORDERED that the Clerk of the Court deliver a certified copy of this order to the Sheriff.

IT IS FURTHER ORDERED that the Sheriff take the defendant into custody and deliver him to the Department of Corrections which shall confine said defendant until expiration of his sentence or until he is otherwise released by operation of law.

IT IS FURTHER ORDERED that the Illinois Department of Corrections is to withhold **50** % [not to exceed 50%] of the inmate's monthly Corrections income and remit that amount to the Morgan County Circuit Clerk for application to amounts due in this cause, for a total amount due of $ **40,968.00**.

IT IS FURTHER ORDERED **that defendant serve 3 years Mandatory Supervised Releas Defendant ordered to pay court costs on each count, $100.00 sexual assault fine, $40,550.00 restitution plus 9% interest**

This order is ( **XXX** effective immediately) ( _____ stayed until _____ ).

DATE: **June 16, 2000**   ENTER: _____   JUDGE

**IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT**
**MORGAN COUNTY, ILLINOIS**

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Criminal No. 00-CF-21 |
| Plaintiff, | ) ) | Information for: **AGGRAVATED CRIMINAL** |
| vs. | ) ) | **SEXUAL ASSAULT-Count 1** |
| **TONY W. SHOEMAKER,** | ) ) | Chapter 720 Act 5 Section 12-14(a)(2) ILCS |
| Defendant. | ) ) ) | |

**AMENDED INFORMATION FOR AGGRAVATED CRIMINAL SEXUAL ASSAULT -**
**Count 1**

Now, comes CHARLES M. COLBURN, State's Attorney of Morgan County, in the name and by the authority of the People of the State of Illinois, and inform said Court that **TONY W. SHOEMAKER** on or about the **16th** day of **February, 2000**, in the County of Morgan in the State of Illinois, committed the offense of **AGGRAVATED CRIMINAL SEXUAL ASSAULT**, in violation of Section 12-14(a)(2) of Act 5 of Chapter 720 of the Illinois Compiled Statutes of said State, in that the said defendant committed a criminal sexual assault, in violation of Section 12-13(a)(1) of Act 5 of Chapter 720 of the Illinois Compiled Statutes against Sandy Herald in that, by the use of force, the defendant placed his penis in the vagina of Sandy Herald and in so doing the defendant caused bodily harm to Sandy Herald by striking Sandy Herald about the body," contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the People of the State of Illinois.

_____
State's Attorney

STATE OF ILLINOIS    )
                     )  SS.
COUNTY OF MORGAN     )

I, CHARLES M. COLBURN, STATE'S ATTORNEY, on oath says that the matters and things set out in the above information are true.

_____
State's Attorney

Subscribed and sworn to before me this _18th_ day of

_February_, 2000

FILED

FEB 18 2000

_____
Notary Public

_____Illinois

**IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT**
**MORGAN COUNTY, ILLINOIS**

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Criminal No. **00-CF-21** |
| Plaintiff, | ) ) | Information for: **HOME INVASION** |
| vs. | ) ) | **-Count 2** |
| **TONY W. SHOEMAKER,** | ) ) | Chapter 720 Act 5 |
| Defendant. | ) ) ) | Section 12-11(a)(2) ILCS |

<u>**INFORMATION FOR HOME INVASION – Count 2**</u>

Now, comes CHARLES M. COLBURN, State's Attorney of Morgan County, in the name and by the authority of the People of the State of Illinois, and inform said Court that **TONY W. SHOEMAKER** on or about the **16th** day of **February, 2000,** in the County of Morgan in the State of Illinois, committed the offense of **HOME INVASION**, in violation of Section 12-11(a)(2) of Act 5 of Chapter 720 of the Illinois Compiled Statutes of said State, in that the said defendant, not a peace officer acting in the line of duty, knowingly and without authority, entered the dwelling of Sandy Herald, located at 807 W. College, Jacksonville, Illinois, and remained in such dwelling place until he knew that Sandy Herald was present within that dwelling and intentionally caused injury to Sandy Herald within such dwelling place in that he struck Sandy Herald bout the body," contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the People of the State of Illinois.

_Charles M. Colburn_
State's Attorney

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) ) | SS. |
| COUNTY OF MORGAN | ) | |

I, CHARLES M. COLBURN, STATE'S ATTORNEY, on oath says that the matters and things set out in the above information are true.

_Charles M. Colburn_
State's Attorney

Subscribed and sworn to before me this _18th_ day of _February 2000_

FEB 18 2000

_Gail L. Smith_
Notary Public

Clerk of Circuit Court, Morgan County, Illinois

"OFFICIAL SEAL"
GAIL L. SMITH
Notary Public, State of Illinois
My Commission Expires Nov. 21, 2003

C 8

**E-FILED**
Tuesday, 16 January, 2007  12:57:11 PM
Clerk, U.S. District Court, ILCD

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
COUNTY OF MORGAN

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 2000-CF-21 |
| TONY W. SHOEMAKER, | ) ) | |
| Defendant, | ) ) | |

### O R D E R

   This matter is before the Court on the Petition to Vacate Judgment. The Petitioner questions the validity of the consecutive sentence. This is virtually the same issue that was previously raised in the Petitioner's Post-Conviction petition, which was filed on May 30, 2003. On August 11, 2003, this Court entered a decision finding that the consecutive sentence was mandated by the clear and unambiguous language of 730 ILCS 5/5-8-4(a). That decision was upheld by the Appellate Court.

   The Court, after a review of the entire file, finds that the petition, along with the exhibits, fail to support grounds for the relief pursuant to 735 ILCS 5/2-1401.

   Therefore, the petition is dismissed.

Entered: *October 13, 2006*

RICHARD T. MITCHELL
Circuit Judge

RTM/AS
cc:  State's Atty
      Mr. Shoemaker

EXHIBIT V

**E-FILED**
Tuesday, 16 January, 2007 12:57:29 PM
Clerk, U.S. District Court, ILCD

**IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL DISTRICT
MORGAN COUNTY, ILLINOIS**

```
PEOPLE OF THE STATE OF ILLINOIS  )
                                 )
              Plaintiff          )
                                 )    Case No. 00-CF-21
         vs.                     )
                                 )
TONY W. SHOEMAKER                )
                                 )
              Defendant          )
```

---

### NOTICE OF FILING / CERTIFICATE OF MAILING

To: Clerk, Circuit Court of Morgan County,
    P.O. Box 1120
    Jacksonville, IL. 62651
and
    Morgan County State's Attorney,
    Morgan County Couthouse
    300 W. State Street
    Jacksonville, Il. 62650

**FILED**

**NOV 20 2006**

THERESA LONERGAN
Clerk of Circuit Court Morgan Co. Il.

PLEASE TAKE NOTICE that I have, on this $\underline{8}$ day of November, 2006, placed the original and three copies of my Motion For Reconsideration along with my Notice of Appeal to be filed with the Clerk of the Circuit Court of Morgan County, Illinois, by placing same in the United States Mail Box at the Menard Correctional Center, first-class postage prepaid, along with a copy addressed to the State's Attorney as shown above. My voucher receipts for postage will be my proof of service.

*Tony W. Shoemaker,*

Tony W. Shoemaker, pro se
P.O. Box 711  #B-23560
Menard Correctional Center
Menard, IL. 62259-0711

EXHIBIT W

**IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL DISTRICT**
**MORGAN COUNTY, ILLINOIS**

PEOPLE OF THE STATE OF ILLINOIS )
)
        Plaintiff    )
)  Case No. <u>00-CF-21</u>
    vs.          )
)
TONY W. SHOEMAKER    )    **FILED**
)
        Defendant   )    **NOV 2 0 2006**

THERESA L...
Clerk of Circuit Court Morgan Co. IL

**MOTION TO RECONSIDER ADVERSE ORDER**

**WITH NOTICE OF APPEAL**

    Now comes Tony Shoemaker, <u>pro se</u>, and respectfully requests This

Court to reconsider the adverse Order issued October 13, 2006 in

the above-captioned cause and in support thereof states as follows:

1.    That said Order issued by Circuit Judge Richard T. Mitchell,

    is contrary to the facts of the case and was issued in lieu

    of a proper hearing on said Motion in that the facts pre-

    sented were not the same as those presented in Petitioner's

    Post-Conviction petition filed May 30, 2003.

2.    The facts in the 2003 petition were Apprendi-based and that

    ofineffective assistance of counsel and in no way were related

    or similar to those presented in his recent 735 ILCS 5/2-1401

    which clearly showed This Court was without jurisdiction to

    enter two separate sentences for the same offense in a single-

    course of action.

3.    If it is against This Court's discretion to reconsider the

    Order of October 13, 2006, then it should be known that this

    petitioner will also include herein his Formal Notice of

    Appeal and repectfully request that it be processed without

    delay so that he may pursue his appellate process.

Page 2 of 2

THEREFORE, IT IS PRAYED This Court will reconsider its ruling of October 13, 2006 and allow the matter to proceed to a full and fair hearing as law and justice requires, or, in the alternate, process the matter for appeal to the Appellate Court of Illinois, with appointment of counsel to assist in preparation of said Appeal.

Further, he asketh not at this time.

Respectfully Submitted,

*Tony W. Shoemaker*

Tony W. Shoemaker, <u>pro</u> <u>se</u>
P.O. Box 711   #B-23560
Menard Correctional Center
Menard, IL. 62259-0711

## CERTIFICATE OF VERIFICATION

I herewith certify that the foregoing Motion For Reconsideration and its accompanying Notice of Appeal is true and correct in fact and substance to the best of my knowledge and belief, under penalty of perjury pursuant to 28 U.S.C. 1746, 18 U.S.C. 1621 or 735 ILCS 5/1-109.

*Tony W. Shoemaker*

Tony W. Shoemaker, <u>pro</u> <u>se</u>
P.O. Box 711   #B-23560
Menard Correctional Center
Menard, IL. 62259-0711

**IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL DISTRICT
MORGAN COUNTY, ILLINOIS**

PEOPLE OF THE STATE OF ILLINOIS  )
                                  )
               Plaintiff      )
                                  )  Case No. <u>00-CF-21</u>
        vs.                 )
                                  )
TONY W. SHOEMAKER           )      **FILED**
                                  )
            Defendant    )  **NOV 2 0 2006**

THERESA LONERGAN
Clerk of Circuit Court Morgan Co. Il.

### NOTICE OF APPEAL

    NOTICE IS HERWITH GIVEN that the defendant, <u>Tony Shoemaker,</u> will appeal the Order of October 13, 2006 by the Honorable Judge Richard T. Mitchell, to the Appellate Court of Illinois, and in support thereof states as follows:

1.    That defendant presented a valid and meritorius claim in this cause and deserved the relief sought; and

2.    That This Court erred in its ruling and the basis upon which to deny relief; and

3.    Defendant was entitled to relief from a sentence which The Court lacked jurisdiction to impose, causing his present confinement to be illegal and unconstitutional; and

4.    Pursuant to Supreme Court Rule 606(a), the Clerk of This Court will send a copy of this Notice of Appeal to the State's Attorney and the Attorney General.

                        Respectfully Submitted,

                        *Tony W. Shoemaker*

Tony W. Shoemaker, <u>pro se</u>
P.O. Box 711  #B-23560
Menard Correctional Center
Menard, IL. 62259-0711

**IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL DISTRICT
MORGAN COUNTY, ILLINOIS**

PEOPLE OF THE STATE OF ILLINOIS   )
                                        )
            Plaintiff          )
                                          )   Case No. <u>00-CF-21</u>
          vs.                  )
                                          )
TONY W. SHOEMAKER             )
                                          )
            Defendant       )

**FILED**

**NOV 2 0 2006**

THERESA LONERGAN
Clerk of Circuit Court Morgan Co. Il.

**APPLICATION TO PROCEED AS A POOR PERSON**

Appellant-Defendant, <u>Tony Shoemaker</u>, respectfully asks of
This Court, pursuant to 735 ILCS 5/5-105 and Rule 298 of the
Illinois Supreme Court, to grant him leave to proceed as a poor
person on his Appeal, and in support, states as follows:

1.   That I am the defendant in the above-captioned cause; and

2.   That because of the conviction for which I am now confined,
   I am a poor person, unable to pay costs, fees, or hire an
   attorney to represent me on this Appeal; and

3.   The only income or money I have is that which is earned while
   working as an inmate at the Menard Correctional Center,
   where I am confined; and

4.   That this Appeal is being submitted in good faith because I
   duly believe I am entitled to the relief sought in being
   free of an unconstitutional sentence.

Respectfully Submitted,

*Tony W. Shoemaker*

Tony W. Shoemaker, <u>pro se</u>
P.O. Box 711  #B-23560
Menard Correctional Center
Menard, IL. 62259-0711

E-FILED
Tuesday, 16 January, 2007 12:57:46 PM
Clerk, U.S. District Court, ILCD

IN THE SEVENTH JUDICIAL CIRCUIT OF THE STATE OF ILLINOIS
MORGAN COUNTY

**JUDGE'S DOCKET ORDER**

Case ___PEOPLE VS. TONY W. SHOEMAKER_____    No. ___00-CF-21___

Date___December 7, 2006_____    JUDGE RICHARD T. MITCHELL    (MAB)

This matter is before the Court on defendant's motion to reconsider.

The Court having reviewed the file and the order entered on October 13,

2006, finds that the October 13, 2006 order was proper and the motion

to reconsider is denied.  Clerk to notify the defendant and the Attorney

General.

**FILED**

DEC 0 7 2006

THERESA LONERGAN
Clerk of Circuit Court Morgan Co. IL

EXHIBIT X

Office Of

## THERESA LONERGAN
### CLERK OF THE CIRCUIT COURT
### MORGAN COUNTY

P. O. BOX 1120
JACKSONVILLE, ILLINOIS 62651-1120
PHONE (217) 243-5419

December 7, 2006

Tony Shoemaker, B23560
P.O. Box 711
Menard, IL  62259

**FILED**

DEC 0 7 2006

THERESA LONER~~
Clerk of Circuit Court Morgan Co. IL

Mr. Shoemaker:

    "You are hereby notified that on___December 7, 2006___
the court entered an order, a copy of which is enclosed
herewith.  You have a right to appeal.  In the case of an
appeal from a post-conviction proceeding involving a
judgment imposing a sentence of death, the appeal is to the
Illinois Supreme Court.  In all other cases, the appeal is to
the Illinois Appellate Court in the district in which the
circuit court is located.  If you are indigent, you have a
right to a transcript of the record of the post-conviction
proceedings and to the appointment of counsel on appeal, both
without cost to you.  To preserve your right to appeal you
must file a notice of appeal in the trial court within 30
days from the date the order was entered."

_Theresa Lonergan_
THERESA LONERGAN
Circuit Clerk

JAN 10 07 10:48 FROM       # 13-6      Page 1 of 9              TO:13128145166        PAGE 03  E-FILED
Tuesday, 16 January, 2007 02:58:17 PM
Clerk, U.S. District Court, ILCD

1/10/07   PAGE     1

```
2000CF000021D 001                        COLBURN, CHARLES M
PEOPLE
VS.                                      DOBSON, KENNETH APD
SHOEMAKER, TONY W B23540
                                                                              CHANGED USER
ENTERED   JDG CR  TEXT
2/16/2000 TPD    **On sworn report of Jack Wood probable cause found to believe
                   defendant committed the offense of Aggravated Criminal Sexual
                   Assault.  Warrant issued.  Bail fixed at $1,000,000.00 (10% to
                   apply).
2/16/2000        Information filed for Aggravated Criminal Sexual Assault.
2/17/2000        Warrant returned with proof of service and filed.        JPD
                                                                          $15.00
2/18/2000        Amended Information filed for:  Aggravated Criminal Sexual Assault-
                                                 Count 1
                                                 Home Invasion-Count 2
2/18/2000 JDB MAS Case called for first appearance.  Present in Court for State, SA
                   Colburn.  Defendant present in person.  Defendant furnished a copy
                   of Information and admonished of charge.  Defendant files
                   Affidavit of Assets and Liabilities and is found to be indigent.
                   PD Crews appointed; Clerk to notify.  Case continued to February
                   29, 2000 at 10:00 a.m. for preliminary hearing.
2/18/2000        PD Crews notified by form letter.  Copy filed.
2/29/2000 JDB MAS Case called for preliminary hearing.  Present in Court for State,
                   SA Colburn.  Defendant present with Attorney Crews.  Defendant
                   waives preliminary hearing.  Defendant enters a plea of not guilty
                   and requests a trial by jury.  Jury trial set for April 11, 2000
                   at 10:00 a.m.  Pretrial conference set for April 3, 2000 at 9:00
                   a.m.  Defendant advised as to trial in absentia.  Pretrial
                   discovery order on the people and on the defendant entered and
                   filed.  Copy for'd to SA Colburn and to Attorney Crews.
3/15/2000        People's Pre-Trial Disclosure filed.
3/16/2000        Motion for Disclosure to the Prosecution filed by SA Colburn.
3/17/2000 JDB    April pretrial conference notice filed.  Copy for'd to
                   SA Colburn, defendant and to defendant's attorney.
4/05/2000 JDB    Case called for pretrial conference.  Present in Court for State,
                   SA Colburn.  Defendant present with Attorney Crews.  Motion for
                   disclosure filed and allowed.  See Order.  On joint motion, case
                   continued to May 3, 2000 at 9:00 a.m. for pretrial conference.
```

EXHIBIT Y

2000CF0000210 001
PEOPLE
VS.
SHOEMAKER, TONY W 323560

COLBURN, CHARLES M

DOBSON, KENNETH APD

CHANGED USER

ENTERED   JDG OR TEXT

Jury trial set for May 9, 2000 at 10:30 a.m.

4/19/2000 PK   May pretrial conference notice filed. Copy for'd to
                SA Colburn, defendant and to defendant's attorney.

5/03/2000 JDB MAS   Case called for pretrial conference. Present in Court for State,
                SA Colburn. Defendant present with Attorney Crews. Case
                continued to May 8, 2000 at 1:30 p.m. for plea.

5/08/2000 JDB MAS   Case called for open plea. Present in Court for State, SA Colburn.
                Defendant present with Attorney Crews. Defendant waives jury
                trial, withdraws not guilty plea and knowingly, understandingly
                and voluntarily waives his rights as explained by the Court and
                in same manner enters a plea of guilty to the charges of
                Aggravated Criminal Sexual Assault-Count 1 and Home Invasion-Count
                2. Court finds there is factual basis to support the plea of
                guilty, accepts defendant's plea and enters judgment of guilty.
                Case referred to P.O. for pre-sentence investigation and report.
                Case continued for sentencing on June 16, 2000 at 9:30 a.m.
                P.S.I. to be filed by June 9, 2000.

6/05/2000   Letter from Jan Ryan filed in P.S.I.

6/08/2000   Pre-sentence investigation report filed.

6/16/2000 JDB MAS   Case called for sentencing hearing. Present in Court for State, SA
                Colburn. Defendant present with attorney Crews. Evidence heard
                in aggravation and mitigation. Pre-sentence investigation report
                on file examined and considered. Count 1: defendant sentenced
                to 30 years DOC, to be given credit for 122 days served. Def.
                to serve 3 years Mandatory Supervised Release. Count 2:
                defendant sentenced to 30 years DOC, to be given credit for 122
                days served and to run consecutively to Count 1. Mittimus to
                issue. Defendant ordered to pay court costs on each count,
                $40,550.00 restitution plus 9% interest and $100.00 sexual assault
                fine on Count 1. Defendant advised as of right to appeal.
                (People's exhibits 1, 2, 3, 4, 5 and 6 received and sealed in
                file.)

6/16/2000   Mittimus issued and delivered to Sheriff. Copy filed.

SC

```
2000CF00001D 001                    COLBURN, CHARLES M
PEOPLE
VS.                                 DOBSON, KENNETH APD
SHOEMAKER, TONY W B23560
                                                                        CHANGED USER
 ENTERED   JDG CR  TEXT
```

| ENTERED | JDG CR | TEXT |
|---|---|---|
| 6/19/2000 | | Mittimus returned with proof of receipt at DOC and filed. |
| 6/27/2000 | JDB | Official Statement of State's Attorney and Trial Judge filed. |
| 6/30/2000 | | Copy of letter from Judge Zone and health nurse filed. |
| 7/05/2000 | | Motion to reconsider sentence filed by Attorney Crews. |
| 7/06/2000 | JDB MAS | Defendant's motion to reconsider sentence is set for hearing on August 15, 2000 at 10:30 a.m. Court reporter to prepare record of proceedings on change of plea and sentence hearing. State's Attorney to prepare order of habeas corpus for defendant to be present. |
| 7/07/2000 | | Notice of motion for reduction of sentence, motion for reduction of sentence, motion to withdraw guilty plea and vacate sentence, motion for common law record and trial transcript and application to proceed as a poor person and for appointment of counsel filed by defendant. |
| 7/11/2000 | JDB | Order of habeas corpus entered and filed. Copy for'd to Graham Correctional Center by State's Attorney's Office. |
| 7/27/2000 | | Transcript of change of plea and sentencing hearing filed by Court Reporter Mary Ann Stahl. |
| 8/15/2000 | JDB MAS | Case called for hearing on motion to reconsider sentence. Present in Court for State, SA Colburn. Defendant present with Attorney Crews. Pro-se motions stricken. On motion of defendant, case continued to September 26, 2000 at 10:30 a.m. hearing on motion to reconsider sentence. |
| 9/18/2000 | | Motion for continuance filed by Attorney Crews. |
| 9/19/2000 | JDB MAS | Motion to continue set for hearing September 19, 2000 at 3:30 p.m. |
| 9/19/2000 | JDB MAS | Case called for hearing on motion to continue. Present in Court for State, SA Colburn. Attorney Crews present. Defendant is not present. Motion by defense to continue allowed. Case continued October 24, 2000 at 10:30 a.m. for hearing on motion to reconsider sentence. PD Crews to notify DOC. |
| 9/20/2000 | JDB | Order of habeas corpus entered and filed. Copy for'd to Stateville Correctional Center by SA's Office. |
| 10/10/2000 | | Petition to reinstate motion to withdraw guilty plea. Motion for |

2000CF000021D 001
PEOPLE                          COLBURN, CHARLES M
VS.
SHOEMAKER, TONY W B23560        DOBSON, KENNETH APD
                                                                    CHANGED USER
ENTERED   JDG CR  TEXT

                  appointment of new counsel and Notice of filing and proof of
                  service filed by Tony Shoemaker.

10/16/2000        Letter from defendant received and filed.

10/16/2000 JDB    Defendant's pro se motions filed October 10, 2000 and stricken.

10/24/2000 JDB MAS  Case called for hearing on defendant's pro se motions. Present in
                  Court for State, SA Colburn. Defendant present with Attorney
                  Crews. All of Defendant's pro se motions are stricken. Case
                  continued to November 29, 2000 at 10:30 a.m. for hearing on
                  defendant's motion to reconsider sentence filed by Attorney Crews
                  on July 5, 2000.

11/28/2000 JDB MAS  Case called for hearing on motion to reconsider sentence. Present
                  in Court for State, SA Colburn. Defendant present with attorney
                  Crews. On motion of defendant, case continued to January 30,
                  2001 at 10:30 a.m.

1/30/2001 JDB MAS  Case called for hearing on motion to reconsider sentence. Present
                  in Court for State, SA Colburn. Due to weather, defendant cannot
                  appear. On motion of defense, case continued to March 20, 2001
                  at 10:30 a.m. Clerk to notify Attorney Crews.

1/30/2001         PD Crews notified by form letter. Copy filed.

2/01/2001 JDB     Order of habeas corpus entered and filed.

3/19/2001         Petiton to reinstate motion to withdraw guilty plea and notice of
                  filing filed by defendant, pro se.

3/20/2001 JDB MAS  Case called for hearing on motion to reconsider sentence. Present
                  in Court for State, SA Colburn. Defendant present with Attorney
                  Crews. Case continued to March 27, 2001 at 10:30 a.m. for
                  hearing on motion to reconsider sentence. Defendant to remain
                  in custody of Sheriff to be available to speak with counsel.

3/27/2001 JDB MAS  Case called for hearing on defendant's motion to reconsider
                  sentence. Present in Court for State, SA Colburn. Defendant
                  present with Attorney Crews. No further evidence heard.
                  Arguments heard. Motion denied. Clerk to file notice of appeal
                  after filing of certificate pursuant to Illinois Court Rule
                  604(d) by defendant.

2000CF000021D 001                       COLBURN, CHARLES M
PEOPLE
VS.                                     DOBSON, KENNETH APD
SHOEMAKER, TONY W B23560
                                                                    CHANGED USER
ENTERED    JDG OR TEXT

| ENTERED | JDG OR TEXT | |
|---|---|---|
| 4/03/2001 | | Certificate of counsel pursuant to Illinois Court Rule 604(d) filed by Attorney Crews. |
| | | Notice of appeal filed. Order appointing Appellate Defender entered and filed. Copies for'd to Appellate Court Clerk, Appellate Defender, defendant, State's Attorney Colburn, Court Reporter Mary Ann Stahl and Attorney General. |
| 4/10/2001 | | Copy of letter to Appellate Defender filed. |
| 4/12/2001 | | Letter from Appellate Defender filed. |
| 4/13/2001 | | Docketing statement from Appellate Court filed. |
| 4/25/2001 | | Transcript for first appearance, preliminary hearing, pretrial conference, motion to reconsider sentence, motion to continue motion to reconsider sentence, motion to reconsider sentence and hearing on motion to modify sentence filed by Court Reporter Mary Ann Stahl. |
| 5/17/2001 | | Common law record and transcripts for'd to Appellate Court Clerk. Copy for'd to defendant per order of Appellate Defender. |
| 5/25/2001 | | Notice of receipt of record and transcripts filed. |
| 8/09/2001 | | Memorandum of law in support of the request to vacate void judgment and motion to proceed in forma pauperis filed by defendant, pro se. |
| 8/09/2001 | JDB MAS | Defendant's pro se motion to vacate void judgment filed with the trial court is stricken. This case is on appeal and the court is without jurisdiction to hear defendant's motion. Defendant should address his concern to the appellate public defender. |
| 11/07/2002 | | Mandate of Appellate Court filed with AFFIRMED IN PART, VACATED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTIONS. |
| 11/25/2002 | RTM MAS | This matter is before the Court, having been remanded with direction from the Appellate Court. Defendant is hereby given $100.00 credit towards his fines. The order directing Department of Corrections to withhold 50 percent of Defendant's income toward costs and restitution is vacated by the Appellate Court. Attorney Ken Dobson appointed to represent Defendant for an adequate inquiry into the factual basis for defendant's claim of |

2000CF000021D 001
PEOPLE
vs.
SHOEMAKER, TONY W B23560

COLBURN, CHARLES M

DOBSON, KENNETH APD

| ENTERED | JDB CR | TEXT | CHANGED USER |
|---------|--------|------|--------------|
| | | ineffective assistance of counsel. | |
| 11/25/2002 | | Stateville Correctional Center contacted by telephone concerning the withholding on mittimus. They stated they had received mandate of the court and stopped the withholding order. | |
| 12/02/2002 | | Received common law record and transcripts from Appellate Court Clerk. | |
| 2/05/2003 | | Letter received from defendant. (Copy of record sheet for'd to defendant.) | |
| 2/26/2003 | | Motion for Substitution of Counsel filed. | |
| 2/26/2003 | RTM MAE | The Court having reviewed Defendant's motion for substitution of counsel finds no basis to support said motion. Therefore, the motion for substitution of counsel is denied. Case set for status hearing on March 18, 2003, at 1:30 p.m. State to prepare order of habeas corpus for defendant's appearance. | |
| 2/28/2003 | RTM | Order of habeas corpus entered. Copy for'd to Menard Correctional Center by SA's Office. | |
| 3/18/2003 | RTM MAE | Case called for status. Present in Court for State, SA Colburn. Defendant present with Attorney Dobson. On motion of defendant, case continued to April 22, 2003 at 1:30 p.m. for further status. | |
| 3/18/2003 | RTM | Order of habeas corpus entered and filed. Copy for'd to Menard Correctional Center by SA's office. Order of habeas entered on bench. | |
| 4/22/2003 | RTM MAE | Case called for hearing. Present in Court for State, SA Colburn. Defendant present with Attorney Dobson. Case continued to May 20, 2003 at 2:30 p.m. for status. Order of habeas corpus entered from bench. | |
| 4/23/2003 | RTM | Order of habeas corpus entered. Copy for'd to Menard CC by SA's Office. | |
| 5/19/2003 | | Motion to continue filed. Order to continue entered. | |
| 5/30/2003 | | Motion to proceed in forma pauperis, motion for appointment of counsel and petition for post conviction relief filed by defendant pro se. | |
| 7/16/2003 | | Letter from defendant requesting status of case filed. (Copy | |

2000CF000021D 001
PEOPLE                              COLBURN, CHARLES M
VS.
SHOEMAKER, TONY W B23560           DOBSON, KENNETH APD
-----------------------------------------------------------------------------------
ENTERED   JDG CR  TEXT                                                CHANGED USER
-----------------------------------------------------------------------------------
              reviewed by Judge Mitchell and for'd to Mr. Dobson.)

7/18/2003 RTM    Order of habeas corpus for August 5, 2003 at 2:00 p.m. entered and
                 filed. Copy for'd to Menard CC by Clerk.

7/24/2003        Motion to supplement post-conviction petition and notice of motion
                 filed by defendant, pro se.

8/11/2003 RTM HAS  This matter comes before the Court on defendant's post-conviction
                 petition and supplement to post-conviction petition. This Court
                 having reviewed the post-conviction petition as amended finds that
                 the consecutive sentence was mandated by the clear and unambiguous
                 language of 730 ILCS 5/5-8-4(a). 

                 Therefore, the post-conviction petition as amended is found to be
                 patently without merit and is dismissed.

8/26/2003        Notice of appeal and defendant's motion for objections filed by
                 defendant.

8/29/2003        Appointment of counsel on appeal entered and filed.

9/02/2003        Copies of notice of appeal and appointment of counsel for'd to
                 Appellate Court Clerk, Appellate Defender, Attorney General,
                 State's Attorney, defendant and Mary Ann Stahl, Court Reporter.

9/05/2003        Copy of letter to Daniel Yuhas from Appellate Court filed.

9/08/2003        Letter from defendant filed.

9/09/2003        Copy of letter from Circuit Clerk to defendant filed.

9/18/2003        Letter from Appellate Defender filed.
                 Docketing statement from Appellate Court filed.

9/19/2003        Transcripts of hearing on status on 3/18/03 and hearing on status
                 on 4/22/03 filed by Court Reporter Mary Ann Stahl.

9/26/2003        Post trial motion filed.

9/29/2003        People's subpoena for Richard Crews returned with proof of service
                 and filed.

9/29/2003 RTM HAS  On motion of Defendant, case continued until October 30, 2003 at
                 10:30 a.m. Clerk to prepare writ. All subpoenas continued until
                 October 30, 2003.

9/29/2003        Menard Correctional Center notified by telephone and by fax.
                 Order of habeas corpus entered and filed. Copy for'd to Menard

2000CF0000E10 001
PEOPLE
VS.                                      COLBURN, CHARLES M
SHOEMAKER, TONY W B23560                 DOBSON, KENNETH APD
-------------------------------------------------------------------------- CHANGED USER
ENTERED   JDG CR  TEXT
--------------------------------------------------------------------------

|  |  |
|---|---|
|  | Correctional Center. |
| 10/10/2003 | Common law record and transcripts for'd to Appellate Court.  Copies for'd to defendant. |
| 10/15/2003 | Letter from Appellate Court acknowledging receipt of record and transcripts filed. |
| 10/30/2003 | Certification of attorney, affidavit of defendant, affidavits of Tonia Phillips, Charles Shoemaker, Donald Phillips, Chad Black, Nicole Riley, Tammy Black and Theresa Shanks filed by Attorney Dobson. |
| 10/30/2003 RTM MAS | Case called for hearing on post-trial motion.  Present in Court for State, SA Colburn.  Defendant present with Attorney Dobson. Evidence heard.  People's exhibits 1, 2 and 3 admitted into evidence.  Arguments heard.  Motion denied.  Clerk to file notice of appeal.  Order appointing Appellate Defender entered and filed. |
| 10/30/2003 | Notice of appeal filed.  Order appointing Appellate Defender entered and filed.  Copies for'd to Appellate Court Clerk, Appellate Defender, Attorney General, SA Colburn, defendant, Court Reporter Mary Ann Stahl. |
| 11/05/2003 | Copy of letter to Daniel Yuhas from Appellate Court Clerk filed. |
| 11/07/2003 | Transcript of hearing on post-trial motion on 10/30/03 filed by Court Reporter Mary Ann Stahl. |
| 11/14/2003 | Letter from Appellate Defender filed. |
|  | Common law record and transcript for'd to Appellate Court.  Copy for'd to defendant. |
| 11/17/2003 | Letter from Appellate Court filed. |
| 12/17/2003 | Letter from Appellate Court filed. |
| 8/10/2004 | Freedom of Information act request filed by defendant. |
| 8/16/2004 | Copy of letter in response to request filed. |
| 12/14/2005 | Letter from defendant filed. |
| 12/29/2005 | Response to defendant's letter filed. |
| 5/23/2006 | Mandate of Appellate Court filed AFFIRMING decision of Circuit Court. |

2000CF000021D 001
PEOPLE                          COLBURN, CHARLES M
VS
SHOEMAKER, TONY W B23560        DOBSON, KENNETH APD
----------------------------------------------------------------------------------------------
ENTERED   JDG CR TEXT                                                           CHANGED USER
----------------------------------------------------------------------------------------------
6/02/2006          Common law record and report of proceedings returned from Appellate
                   Court.

8/21/2006          Motion to proceed in forma pauperis and appointment of counsel,
                   petition to vacate void judgment and sentence filed by defendant,
                   pro se.

10/10/2006         Letter from Attorney General requesting common law record and
                   transcripts filed.

10/13/2006 RTM     Order entered finding defendant's petition fails to support grounds
                   for the relief.  SEE ORDER.

10/13/2006         Notice of adverse judgment with copy of order for'd to defendant.
                   Copy of notice filed.

10/17/2006         Common law record and transcripts for'd to Attorney General's
                   Office this date.

10/23/2006         Receipt from Attorney General's Office filed.

11/17/2006         Common law record and transcripts returned form Attorney General's
                   Office.

11/20/2006         Notice of filing/certificate of mailing; motion to reconsider
                   adverse order with notice of appeal and notice of appeal filed
                   by defendant, pro se.

12/07/2006 RTM MAS This matter is before the court on Defendant's motion to reconsider.
                   The Court having reviewed the file and the order entered on
                   October 13, 2006, finds that the October 13, 2006 order was proper
                   and the motion to reconsider is denied.  Clerk to notify defendant
                   and the Attorney General.

12/07/2006         Notice of adverse judgment with copy of docket order for'd to
                   defendant.  Copies filed.  Copy of docket order for'd to Attorney
                   General's Office.

JAN-10-2007  10:22      APP COURT 4TH                                    P.01/10
01/10/07                Party Name: shoemaker, t                      Page 1
aptycsiq
Tuesday, 16 January, 2007  12:58:29 PM
Clerk, U.S. District Court, ILCD

3:06-cv-03187-RM    # 13-7    Page 1 of 10

E-FILED

| PARTY | TYP | CASE | STA | SHORT TITLE |
|---|---|---|---|---|
| Shoemaker, Tony | AT | 4-03-0930 | C | People v. Shoemaker, Tony |
| Shoemaker, Tony W. | AT | 4-01-0300 | C | People v. Shoemaker, Tony |
| Shoemaker, Tony W. | AT | 4-03-0744 | C | People v. Shoemaker, Tony |

EXHIBIT Z

```
01/10/07                    ILLINOIS APPELLATE COURT          PAGE   1
afctshut.p                      FOURTH DISTRICT               4-03-0930
                              ---FACT SHEET---                SC Rule 606
```

```
4-03-0930      THE PEOPLE OF THE STATE OF ILLINOIS,    STATUS:    CLOSED
                         Plaintiff-Appellee,           AUTHOR:
                         v.                            PANEL:
               TONY SHOEMAKER,                         RECUSALS:
                         Defendant-Appellant.          SUBMITTED:
                                                       ASSIGNED:
                                                       READY:
```

CALENDAR TITLE: People State of Illinois, appellee, v.
                Tony Shoemaker, appellant.
TRIAL JUDGE: Mitchell, Richard T.                    CNTY: Morgan (7)
CONSOLIDATED WITH: 4-03-0744
TRIAL COURT NO.: 00CF21
CRIMINAL/FELONYSENTENCE: 30 YR. DOC + 30 YR.
TRACK: 1-2          WAIVER LETTER:          OBJ FILED:
TC RECORD RETURN DATE: 05/31/06  VOLUMES RETURNED:   2
TRIAL ORDER ENTER DATE: 10/30/03
ORDER APPEALED: On 9/26/03, a Post Trial Motion was filed. On
               10/30/03, the motion was denied.(Aggravated
               Criminal Sexual Assault and Home Invasion).
COURT REPORTER: Stahl, Mary Ann
------------------------------------------------------------------
***OPINION FILED: 06/30/05      AUTHOR: RWC  PANEL: JWT SEM
------------------------------------------------------------------

Appellant
     ATTORNEY: Daniel D. Yuhas
               Office of State Appellate Defender
               400 W. Monroe St., Suite 303, POB 5240
               Springfield, IL 62705
               217/782-3654
          FEE:      WVD  DATE:          RECEIPT NO.:
               COURT APPOINTED
     ATTORNEY: Karen Munoz
               Asst. Dfr., Office of State Appellate Defender
               400 S. 9th Street, Suite 102, P. O. Box 5750
               Springfield, IL 62705-5750
               217/782-3654
        PARTY:   Tony Shoemaker
                 REG NO: B-23560
                 Menard Corr. Center
                 P.O. Box 711
                 Menard, IL  62259
                 AC DESG: Appellant     TC DESG: Defendant
                 IN CUSTODY
------------------------------------------------------------------
Appellee
     ATTORNEY: Chris Reif
               State's Attorney
               Morgan Cty.Courthouse, 300 W. State St.
               Jacksonville, IL  62650
          FEE:      WVD  DATE:          RECEIPT NO.:
     ATTORNEY: Norbert J. Goetten Director
               State's Attorneys Appellate Prosecutor
               725 S. Second St.
               Springfield, IL  62704

```
01/10/07                    ILLINOIS APPELLATE COURT        PAGE   2
afctshut.p                       FOURTH DISTRICT            4-03-0930
                                 ---FACT SHEET---           SC Rule 606
```

```
        ATTORNEY: Robert J. Biderman
                  Dep. Dir., State's Attorneys Aplt. Prosecutor
                  725 S. Second Street
                  Springfield, IL  62704
                  217/782-1628
        ATTORNEY: Thomas R. Dodegge
                  Of Counsel, State's Attorneys Appellate Prosecutor
                  725 South Second Street
                  Springfield, IL  62704
                  217/782-8076
          PARTY:  People
                  AC DESG: Appellee        TC DESG: Plaintiff
------------------------------------------------------------------------
```

```
-------------------------------------------------- --DUE---  -FILED--
Notice of Appeal..........................(TRIAL: 10/30/03)  11/04/03
Docketing Statement................................ 11/13/03 11/13/03
Schedule Order Entered.....................................  11/14/03
Record on Appeal: 1 vol. comlaw; 1 vol. R/(VOLUME: 2)...... 01/01/04 12/15/03
Report of Proceedings: FILED.............................. 12/18/03
Appellant Brief: DISK..................................... 02/05/04 12/13/04
Appellee Brief: DISK...................................... 01/17/05 01/12/05
Appellant Reply Brief..................................... 01/31/05
CASE IS READY.............................................          01/12/05
------------------------------------------------------------------------
```

```
#1   11/15/04 - Appellant
              - Consolidate
                   with 4-03-0744
*****RULING
     11/16/04 - SEM
              - Allowed
                      Appellant's motion to consolidate General Nos.
                      4-03-0744 and 4-03-0930 on appeal ALLOWED.
------------------------------------------------------------------------
#2   12/06/04 - Appellant
              - Motion for Leave to File Brief Instanter
*****RULING
     12/13/04 - JAK
              - Allowed
              - Docket Order Amended
                      Appellant's motion for leave to file brief
                      instanter ALLOWED.
                      Brief filed per order.
                      Docket order amended.
------------------------------------------------------------------------
```

```
OPINION FILED: 06/30/05    0 PAGE/S AUTHOR: RWC  PANEL: JWT SEM
        DECISION:  Affirmed
        REHEARING PETITION DUE: 07/21/05
        MNDT STAYED: 07/19/05  BY: AFD/AT/PS. PLA-08/2005. DENIED.
        MANDATE ISSUE DUE:            MANDATE ISSUED: 05/22/06
        OPIN RLSE DUE:         OPIN RLSED: 08/01/05  OPIN MAILED:
        PERMANENT NUMBER: 40892
        ILLINOIS CITE:   358 Ill.App.3d 257
------------------------------------------------------------------------
```

01/10/07                    ILLINOIS APPELLATE COURT          PAGE  3
afctshut.p                      FOURTH DISTRICT               4-03-0930
                              ---FACT SHEET---                SC Rule 606

IL. SUPREME COURT NO: 101102
         AT PET FOR LEAVE FILED  SC: 08/08/05 DENY  FILED: 12/01/05
         FILED BY: Pro Se.
         MNDT ISSUED: 12/23/05  FILED: 12/23/05
---------------------------------------------------------------------------
                    **** ISSUES ON THIS CASE ****

                    **** END OF FACT SHEET ****

```
01/10/07                   ILLINOIS APPELLATE COURT          PAGE   1
afctshut.p                    FOURTH DISTRICT                4-03-0744
                              ---FACT SHEET---               SC Rule 606


4-03-0744     THE PEOPLE OF THE STATE OF ILLINOIS,      STATUS:    CLOSED
                   Plaintiff-Appellee,                   AUTHOR:
                   v.                                    PANEL:
              TONY W. SHOEMAKER,                         RECUSALS:
                   Defendant-Appellant.                  SUBMITTED:
                                                         ASSIGNED:
                                                         READY:


CALENDAR TITLE: People State of Illinois, appellee, v.
                Tony W. Shoemaker, appellant.
TRIAL JUDGE: Mitchell, Richard T.                  CNTY: Morgan (7)
CONSOLIDATED WITH: 4-03-0930
TRIAL COURT NO.: 00CF21
CRIMINAL/FELONYSENTENCE: 30 YR. + 30 YR. DOC
TRACK: 1-2        WAIVER LETTER:          OBJ FILED:
TC RECORD RETURN DATE: 05/31/06  VOLUMES RETURNED:   5
TRIAL ORDER ENTER DATE: 08/11/03
ORDER APPEALED: On 5/30/03, a pro se petition for PC relief was
                filed. On 8/11/03, the petition was found to be
                patently without merit and was dismissed. (Aggr.
                Criminal Sexual Assault and Home Invasion)Defnt.
                was sentenced.
Post-Conviction Proceeding
COURT REPORTER: Stahl, Mary Ann
---------------------------------------------------------------------
***OPINION FILED: 06/30/05          AUTHOR: RWC  PANEL: JWT SEM
---------------------------------------------------------------------


Appellant
     ATTORNEY: Daniel D. Yuhas
               Office of State Appellate Defender
               400 W. Monroe St., Suite 303, POB 5240
               Springfield, IL 62705
               217/782-3654
         FEE:     WVD  DATE:              RECEIPT NO.:
               COURT APPOINTED
     ATTORNEY: Karen Munoz
               Asst. Dfr., Office of State Appellate Defender
               400 S. 9th Street, Suite 102, P. O. Box 5750
               Springfield, IL 62705-5750
               217/782-3654
        PARTY:   Tony W. Shoemaker
                 REG NO: B-23560
                 Menard Corr. Center
                 P.O. Box 711
                 Menard, IL 62259
                 AC DESG: Appellant      TC DESG: Defendant
                 IN CUSTODY
---------------------------------------------------------------------
Appellee
     ATTORNEY: Chris Reif
               State's Attorney
               Morgan Cty.Courthouse, 300 W. State St.
               Jacksonville, IL 62650
         FEE:     WVD  DATE:              RECEIPT NO.:
     ATTORNEY: Norbert J. Goetten Director
```

01/10/07                    ILLINOIS APPELLATE COURT            PAGE   2
afctshut.p                       FOURTH DISTRICT                 4-03-0744
                                 ---FACT SHEET---                SC Rule 606

                   State's Attorneys Appellate Prosecutor
                   725 S. Second St.
                   Springfield, IL  62704
          ATTORNEY: Robert J. Biderman
                   Dep. Dir., State's Attorneys Aplt. Prosecutor
                   725 S. Second Street
                   Springfield, IL  62704
                   217/782-1628
          ATTORNEY: Thomas R. Dodegge
                   Of Counsel, State's Attorneys Appellate Prosecutor
                   725 South Second Street
                   Springfield, IL  62704
                   217/782-8076
            PARTY:  People
                   AC DESG: Appellee        TC DESG: Plaintiff
------------------------------------------------------------------------

------------------------------------------------------ --DUE---  -FILED--
Notice of Appeal..........................(TRIAL: 08/26/03)      09/03/03
Docketing Statement.................................... 09/09/03 09/16/03
Schedule Order Entered.................................          09/17/03
Record on Appeal: 2 vols. comlaw; 3 vols. (VOLUME: 5)... 10/28/03 10/14/03
Report of Proceedings: FILED........................... 10/14/03
Appellant Brief: DISK.................................. 12/02/03 12/13/04
Appellee Brief: DISK................................... 01/17/05 01/12/05
Appellant Reply Brief.................................. 01/31/05
CASE IS READY.........................................          01/12/05
------------------------------------------------------------------------

#1   11/15/04 - Appellant
              - Consolidate
                  with 4-03-0930
*****RULING
     11/16/04 - SEM
              - Allowed
                  Appellant's motion to consolidate General Nos.
                  4-03-0744 and 4-03-0930 on appeal ALLOWED.
------------------------------------------------------------------------
#2   12/06/04 - Appellant
              - Motion for Leave to File Brief Instanter
*****RULING
     12/13/04 - JAK
              - Allowed
              - Docket Order Amended
                  Appellant's motion for leave to file brief
                  instanter ALLOWED.
                  Brief filed per order.
                  Docket order amended.
------------------------------------------------------------------------

OPINION FILED: 06/30/05   10 PAGE/S AUTHOR: RWC  PANEL: JWT SEM
         DECISION:  Affirmed
         REHEARING PETITION DUE: 07/21/05
         MNDT STAYED: 07/19/05  BY: AFD/AT/PS. PLA-08/2005. DENIED.
         MANDATE ISSUE DUE:          MANDATE ISSUED: 05/22/06
         OPIN RLSE DUE:          OPIN RLSED: 08/01/05  OPIN MAILED:

01/10/07
afctshut.p

ILLINOIS APPELLATE COURT
FOURTH DISTRICT
---FACT SHEET---

PAGE   3
4-03-0744
SC Rule 606

PERMANENT NUMBER: 40892
ILLINOIS CITE:   358 Ill.App.3d 257

-----------------------------------------------------------------------

IL. SUPREME COURT NO: 101102
AT PET FOR LEAVE FILED  SC: 08/08/05 DENY  FILED: 12/01/05
FILED BY: Pro Se.
MNDT ISSUED: 12/23/05  FILED: 12/23/05

-----------------------------------------------------------------------

**** ISSUES ON THIS CASE ****

**** END OF FACT SHEET ****

```
01/10/07                  ILLINOIS APPELLATE COURT         PAGE    1
afctshut.p                    FOURTH DISTRICT              4-01-0300
                              ---FACT SHEET---             SC Rule 606
```

4-01-0300    THE PEOPLE OF THE STATE OF ILLINOIS,    STATUS:    CLOSED
                   Plaintiff-Appellee,               AUTHOR:
                   v.                                PANEL:
             TONY W. SHOEMAKER,                      RECUSALS:
                   Defendant-Appellant.              SUBMITTED:
                                                     ASSIGNED:
                                                     READY:


CALENDAR TITLE: People State of Illinois, appellee, v.
                   Tony W. Shoemaker, appellant.
TRIAL JUDGE: Bone, J. David                    CNTY: Morgan (7)
TRIAL COURT NO.: 00CF21
CRIMINAL/FELONYSENTENCE: 30 YR. + 30 YR. DOC
TC RECORD RETURN DATE: 11/27/02  VOLUMES RETURNED:    3
TRIAL ORDER ENTER DATE: 03/27/01
ORDER APPEALED: On 5/8/00, defendant pled guilty to Aggravated
                   Criminal Sexual Assault and Home Invasion.  On
                   6/16/00, defendant was sentenced.  On 7/5/00, a
                   mot. to reconsider sentence was filed.  On 3/27/01
                   the motion was heard and denied.
Plea Of Guilty
COURT REPORTER: Stahl, Mary Ann
-------------------------------------------------------------------
***RULE 23 FILED: 04/08/02       AUTHOR: RWC  PANEL: SEM JWT
                                                      cad
-------------------------------------------------------------------

Appellant
     ATTORNEY: Daniel D. Yuhas
               Office of State Appellate Defender
               400 W. Monroe St., Suite 303, POB 5240
               Springfield, IL  62705
               217/782-3654
          FEE:      WVD  DATE:              RECEIPT NO.:
               COURT APPOINTED
     ATTORNEY: Jeffrey D. Foust
               Asst. Dfr., Office of State Appellate Defender
               400 S. Ninth Street, Suite 102, P.O. Box 5750
               Springfield, IL  62705-5750
               217/782-3654
        PARTY:  Tony W. Shoemaker
                REG NO: B-23560
                Menard Corr. Center
                P.O. Box 711
                Menard, IL  62259
                AC DESG: Appellant      TC DESG: Defendant
                IN CUSTODY
-------------------------------------------------------------------
Appellee
     ATTORNEY: Charles Colburn
               State's Attorney
               Morgan County Courthouse
               Jacksonville, IL  62650
               2172435460
          FEE:      WVD  DATE:              RECEIPT NO.:
     ATTORNEY: Norbert J. Goetten Director

```
01/10/07                 ILLINOIS APPELLATE COURT         PAGE    2
afctshut.p                   FOURTH DISTRICT              4-01-0300
                            ---FACT SHEET---              SC Rule 606


            State's Attorneys Appellate Prosecutor
            725 S. Second St.
            Springfield, IL  62704
   ATTORNEY: Robert J. Biderman
            Dep. Dir., State's Attorneys Aplt. Prosecutor
            725 S. Second Street
            Springfield, IL  62704
            217/782-1628
   ATTORNEY: Thomas R. Dodegge
            Staff Atty, State's Attorneys Appellate Prosecutor
            725 South Second Street
            Springfield, IL  62704
      PARTY:  People
            AC DESG: Appellee        TC DESG: Plaintiff
-------------------------------------------------------------------------
```

```
-------------------------------------------------------- --DUE---   -FILED--
Notice of Appeal..........................(TRIAL: 04/03/01)         04/09/01
Docketing Statement.......................................  04/17/01  04/11/01
Schedule Order Entered....................................            04/12/01
Record on Appeal: 1 vol. comlaw; 2 vols. R(VOLUME: 3)......  06/05/01  05/23/01
Report of Proceedings: FILED..............................  05/22/01
Appellant Brief...........................................  07/10/01  10/10/01
Supplemental Brief-Appellant..............................            03/04/02
Appellee Brief............................................  11/14/01  11/09/01
Supplemental Brief-Appellee...............................            03/14/02
Appellant Reply Brief.....................................  11/28/01
CASE IS READY.............................................            11/09/01
-------------------------------------------------------------------------
```

```
#1   10/09/01 - Appellant
              - Letter Request
              - Brief
              - Instanter
*****RULING
     10/10/01 - RWC
              - Allowed
              - Docket Order Amended
                      Appellant's request for leave to file brief
                      instanter ALLOWED.
                      Brief filed per order.
                      Docket order amended.
-------------------------------------------------------------------------
#2   02/28/02 - Appellant
              - File
              - Supplement or Supplemental
              - Brief
*****RULING
     03/04/02 - RWC
              - Allowed
                      Appellant's motion for leave to file supplemental
                      brief ALLOWED.
                      Supplemental brief filed per order.
-------------------------------------------------------------------------
#3   03/13/02 - Appellee
              - File
```

01/10/07                    ILLINOIS APPELLATE COURT        PAGE   3
afctshut.p                       FOURTH DISTRICT            4-01-0300
                              ---FACT SHEET---              SC Rule 606

                    - Supplement or Supplemental
                    - Brief
*****RULING
      03/14/02 - RJS
                 - Allowed
                         Appellee's motion for leave to file supplemental
                         brief ALLOWED.
                         Supplemental brief filed per order.
-----------------------------------------------------------------------

RULE 23 FILED: 04/08/02    9 PAGE/S AUTHOR: RWC  PANEL: SEM JWT
                                                              cad
         DECISION:  Affirmed in part, Reversed in Part and Vacated
         JUDGMENT TEXT:    Aff'd n/pt; Vac'd n/pt; Rev'd n/pt; Remanded
         REHEARING PETITION DUE: 04/29/02
         MNDT STAYED: 04/17/02  BY: AFD/AT. PLA-05/2002. DENIED.
         MANDATE ISSUE DUE:         MANDATE ISSUED: 11/05/02
         OPIN RLSE DUE:         OPIN RLSED: 05/08/02  OPIN MAILED:
         MNDT TEXT: It is the decision of this court that the order on
                    appeal from the circuit court be AFFIRMED IN PART,
                    VACATED IN PART, REVERSED IN PART and the cause be
                    REMANDED WITH DIRECTIONS to the Circuit Court for
                    the Seventh Judicial Circuit, Morgan County, for
                    such other proceedings as required by the order of
                    this court, a copy of which is attached hereto.
         PERMANENT NUMBER: 37147
-----------------------------------------------------------------------
IL. SUPREME COURT NO: 93885
         AT PET FOR LEAVE FILED  SC: 05/13/02 DENY  FILED: 10/02/02
         MNDT ISSUED: 10/24/02  FILED: 10/25/02
-----------------------------------------------------------------------
                    **** END OF FACT SHEET ****

E-FILED
Tuesday, 16 January, 2007 12:58:41 PM
Clerk, U.S. District Court, ILCD

## IN THE SEVENTH JUDICIAL CIRCUIT OF THE STATE OF ILLINOIS
## MORGAN COUNTY
### JUDGE'S DOCKET ORDER

Case      <u>PEOPLE VS. TONY W. SHOEMAKER</u>      No.   <u>00-CF-21</u>

Date     <u>August 11, 2003</u>      **CIRCUIT JUDGE RICHARD T. MITCHELL**    **(MAS)**

    This matter comes before the Court on defendant's post-conviction petition and supplement to post-conviction petition. This Court having reviewed the post-conviction petition as amended finds that the consecutive sentence was mandated by the clear and unambiguous language of 730 ILCS 5/5-8-4(a).

    Therefore, the post-conviction petition as amended is found to be patently without merit and is dismissed.

**FILED**

**AUG 1 1 2003**

THERESA LONERGAN
Clerk of Circuit Court Morgan Co. IL

cc: State's Attorney Colburn
     Defendant

C148

EXHIBIT AA