IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

TONY SHOEMAKER      )
                    )
       Petitioner   )
                    )
vs.                 )    06-3187
                    )
DONALD HULICK, Warden )
                    )
       Respondent   )

FILED
JUN 25 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**MOTION FOR CERTIFICATE OF APPEALABILITY**

NOW COMES petitioner, Tony Shoemaker, pro se, and respectfully moves this Honorable Court for a Certificate of Appealability pursuant to 28 U.S.C., section 2253(c)(2) and F.R.A.P. 22(b).

In support, petitioner has included his Petition For An Application For A Certificate of Appealability, as well.

Respectfully Submitted,

*Tony Shoemaker*
Tony Shoemaker, petitioner pro se
P.O. Box 711  B-23560
Menard, IL. 62259-0711

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TONY SHOEMAKER | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | 06-3187 |
| | ) | |
| DONALD HULICK, Warden | ) | |
| | ) | |
| Respondent | ) | |

## APPLICATION FOR A

## CERTIFICATE OF AVAILABILITY

Now comes petitioner Tony Shoemaker, pro se, and in support of this **Application For A Certificate of Appealability** states as follows:

1. The above-entitled Court by its Order entered June 9, 2008, denied petitioner's Writ of Habeas Corpus; and

2. The petitioner desires to Appeal from said Order to the United States Court of Appeals for the Seventh Circuit and in order to do so, petitioner respectfully requests that This Court issue a **Certificate of Appealability** pursuant to the provisions of Section 2253 of Title 28 of the United States Code and Rule 22(b) of the Federal Rules of Appellate Procedure; and

3. That petitioner believes that the denial of his Petition is erroneous and that he is entitled to redress on Appeal and he further believes that a **Certificate of Appealability** should issue in this case upon the grounds and for the reasons herein below set forth; and

4. The record is clear that petitioner came to This Court seeking Habeas relief after having been denied relief in the state

-1-

courts and raising significant points of error that denied petitioner a fair trial and flagrantly violated guaranteed constitutional rights. In denying said Petition, This Court chose to review only two of the allegations presented in the Petition. Cause and prejudice was inherent in ineffective assistance of counsel in allowing an innocent person to be convicted of crimes he did not commit, and in failing to go out and interview witnesses who could have supported petitioner's alibi and explanation of the crimes. Petitioner made a valid attempt to properly resolve this in state courts, but they were not complying with due process, forcing petitioner to abandon that pursuit. Because a gross miscarriage of justice occurred and is visibly obvious in this case, procedural default should be disregarded if such indeed, did occur. We are looking here at an indigent petitioner, without benefit of counsel to assist, going against unlimited resources of the Illinois judicial system which has no qualms in denying convicted petitioners due process by all means available ti the State. The response of the state courts in this matter was clearly objectively unreasonable, in itself giving this petitioner his right to adjudication in federal court. The analogy in **Yarbrough** used by this Court is not proper in that the circumstances in that case were clearly different where that attorney used a "plan" to gain advantage where in this instant case the attorney didn't want the case from the onset and launched no type of effort in assisting in defending the petitioner. It doesn't matter that petitioner's attorney was arguing to a judge instead of jury, the fact is there and is

overtly obvious: effective assistance was totally denied in this case and an Evidentiary Hearing was deserved before a Summary Dismissal was ordered.

5. Petitioner would like to remind This Court that he has just minimal education with a GED he earned here at Menard and without knowledge of the law or the skills required in proper presentation and he cannot just go to the law library in a timely manner. At most he may get an hour to research cases or study every three weeks under present standards. Throughout preparation of his Habeas petition, numerous lockdowns were incurred during which access to the Library is prohibited, but he proceeded to the best of his ability. This Court, without holding an Evidentiary Hearing or engaging in an alternately equally fair fact-development procedure, denied petitioner's petition, when it did meet the second prong of the **Srickland** test (counsel's unreasonable performance did prejudice petitioner, creating a reasonable probability that, but for counsel's errors, the results would have been different. [**Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052(1984)].

6. The foregoing facts and those in the Habeas petition show This Court should issue a **Certificate of Appealability** because a reasonable doubt exists as to whether this matter has been fully and fairly adjudicated because the legal and factual rationale for the final ruling are unclear, justifying the Court of Appeals to properly determine the merits of petitioner's claims.

7. Counsel's failure to properly investigate facts and properly prepare a defense has resulted in several reversals of convictions or the issuances of habeas writs. [**People v. House**, 141 Ill.2d 323, 566 N.E.2d 259(1990); **Williams v, Washington**, 59 F.3d 673, 678 n.2(7th Cir.1995); **Foster v. Lockhart**, 9 F.#d 722(8th Cir. 1993)].

8. The proper adjudication of petitioner's claim of ineffective assitance of counsel required an evidentiary hearing and the United States Supreme Court has mandated hearings in cases like this one. Nonetheless, This Court denied the Habeas petition without the benefit of a full hearing or other opportunity to present any evidence in support of the claim. In **Townsend v. Sain**, 372 U.S. 293, 83 S.Ct. 745(1963), the Supreme Court prescribed a federal evidentiary hearing on all material facts that were not the subject of a full, fair hearing in the state courts unless the petitioner himself had deliberately bypassed a state court hearing on those claims, <u>accord.</u>, **Blackledge v. Allison**, 431 U.S. 63, 82, 97 S.Ct. 1621, 1633(1977)(petitioner is entitled to a full opportunity to present relevant facts); **Jackson v. Virginia**, 433 U.S. 307, 318, 99 S.Ct. 2781, 2788(1979)(a federal court has a duty to assess historic facts when it is called upon to apply a constitutional standard to a state court conviction); **Keeney v. Tomayo-Reyes**, 504 U.S. 1, 112 S.Ct. 1715(1992)(the deliberate bypass standard is overruled but **Townsen** is left intact as to its requirement of a federal hearing when the state courts denied the petitioner a hearing to develope the

facts material to thefederal claim). Certainly, petitioner hereinhas never been given any chance to present the facts of his ineffective assistance of counsel claim in the state courts.

9. Even when a district court denies a habeas petition, the same district court should grant a **certificate of appealability** when the district judge is not sure the circuit court would agree with the denial, and, it is not unknown for an appellate court to disagree with the trial court's judgment. **Johnson v. Gramley**, 929 F.2d 350(7th Cir. 1991). The existence of any substantial ground upon which relief might be granted requires the issuance of the certificate. **Harris v. Vasquez**, 901 F.2d 724(9th Cir. 1990), and any doubts as to whether a certificate should be issued are to be resolved in favor of the petitioner (**Buxton v. Collins**, 925 F.2d 816(1991), cert. denied 498 U.S. 1128.

10. Despite This Court's failure to grant the relief sought, the petitioner made a substantial showing of the denial of his right to the effective assistance of counsel, with its con-committant right to a fair trial with a reliable result. See, **Strickland v. Washington, supra.,** and petitioner should be allowed tp proceed with his appeal. (**Barefoot v. Estelle**, 463 U.S. 880, 103 S.Ct. 3383(1983). In **Barefoot**, the Supreme Court definedthe **"substantial showing"** standard when it quoted with approval from **Gordon v. Willis**, 516 F.Supp. 911, 913, (N.D.Ga 1980): Inrequiring a "question of some substance," or a "Substantial showing of the denial of (a) federal right," obviously the petitioner need not show that he should prevail on the merits,

-5-

>he has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court **could** resolve the issues (in a different manner); or that the questions are "adequate to deserve encouragement to proceed further." **Blackfoot,** 463 U.S. at 893 n.4, 103 S.Ct. at 3394-95, n.4. The issues raised by petitioner are, at the very least, "debatable among jurists of reason" and the lower courts could have resolved those issues.

12. Petitioner asserts that This Court should have granted an evidentiary hearing as required by **Townsend v. Sain** as it is, at a minimum, **debatable among juristsof reason** that he is entitled to such a hearing and it is also, at a minimum, **debatable among jurists of reason** that This Court did not consider and determine the merits of the ineffectiveness claim properly which was in his state postconviction petition and the federal habeas petition. It is beyond debate that this denial of the habeas petition without afull review has denied this petitioner of due process to which he is entitled. At a minimum, it is debatable that a reasonable doubt certainly exists as to whether or not the petitioner, proceeding pro se, was held ot same standards as professional counsel in presentation and argument in support of the petition in that he failed to adequately show prejudice by counsel's ineffectiveness, when prejudice is inherent in the conviction itself. Finally, and in view of the foregoing, at a minimum, **"debatable"** among jurists of reason that This Court did not truly consider whether counsel's deficient performance **affected** the outcome of the proceedings and rendered the results thereof unreliable.

-6-

13. Surely then, other courts could reasonably resolve each of the issues set forth above in a manner different than those issues were resolved by This Court, and a **Certificate of Appealability** should issue in thiscause.

WHEREFORE, petitioner Tony Shoemaker, pro se, prays this Honorable Court to grant hima **Certificate of Appealability** in this proceeding.

Respectfully Submitted,

*Tony Shoemaker*
Tony Shoemaker, petitioner pro se
P.O. Box 711   B-23560
Menard, IL. 62259-0711

Pursuant to 28 U.S.C. 1746, 18 U.S.C. 1621 or 735 ILCS 5/1-109, petitioner declares under penalty of perjury that he is the named party in the above action and has read th above document by him prepared and that the information contained therein is true and correct to the best of his knowledge and belief.

Date: June 20, 2008.

*Tony Shoemaker*
Tony Shoemaker, petitioner pro se
P.O. Box 711   B-23560
Menard, IL. 62259-0711

-7-