E-FILED
Thursday, 03 July, 2008  03:19:28 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TONY SHOEMAKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 06-3187 |
| ) | |
| DONALD HULICK, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Petitioner Tony Shoemaker ("Shoemaker") requests a certificate of appealability ("COA") [d/e 22] under 28 U.S.C. § 2253(c). He also seeks permission to proceed *in forma pauperis* [d/e 21] pursuant to 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24.

This Court declines to issue the certificate and denies the petition to proceed *in forma pauperis*.

## FACTS

Shoemaker filed his habeas petition [d/e 1] in the Southern District on July 7, 2006. On that same day, Shoemaker sought leave to proceed *in*

*forma pauperis* ("IFP application") [d/e 2] in the Southern District of Illinois. On July 13, 2006, Shoemaker supplemented his motion with his Prisoner Trust Fund Account Statement [d/e 3]. Without ruling on the motion, the Southern District transferred Shoemaker's case to the Central District [d/e 5]. On August 31, 2006, this Court denied the IFP application in a written order [d/e 7], finding that Shoemaker's monthly earnings were sufficient to pay the $5.00 filing fee. Shoemaker paid the fee and his case proceeded.

On June 9, 2008, this Court denied Shoemaker's habeas petition [d/e 18]. Shoemaker filed a notice of appeal [d/e 20] on June 25, 2008. Shoemaker now seeks a COA [d/e 22] and has filed another IFP application [d/e 21].

## ANALYSIS

A.  **Certificate of Appealability**

In order to appeal this Court's denial of habeas relief, Shoemaker must obtain a COA. 28 U.S.C. § 2253(c)(1)(A). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This showing is made when the

petitioner "demonstrate[s] that reasonable jurists could debate whether [the habeas challenge] should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1046 (7th Cir. 2001) (citations omitted).

Shoemaker appears to seek review of two interrelated issues.[1] First, he asserts that this court erred in failing to grant him an evidentiary hearing on his habeas claim of ineffective assistance. Shoemaker, however, failed to raise this issue in his Petition. In any event, he did receive an evidentiary hearing on his ineffective assistance claims in the state courts and has not identified any deficiencies in that hearing. Further, he fails to specify what, if anything, such a hearing would uncover. As such, the Court will not issue a COA.

Second, Shoemaker briefly argues that the Illinois Appellate Court unreasonably applied *Yarborough v. Gentry*, 540 U.S. 1, 124 S. Ct. 1, 157 L.

---

[1] To the extent that Shoemaker also argues that he demonstrated cause-and-prejudice to excuse his procedural default, his request for a certificate is denied for the reasons discussed in this Court's June 9, 2008 opinion [d/e 18].

Ed. 2d 1 (2003) (*per curiam*), when it found Shoemaker's counsel was not ineffective despite his negative comments to a judge about the defendant during a sentencing hearing. However, Shoemaker offers no cogent legal arguments sufficient to merit a COA.

Therefore, this Court concludes that Shoemaker has not met the relatively lax standards of § 2253(c).

B.  *In Forma Pauperis*

In addition to seeking a COA, Shoemaker also wishes to avoid obligatory filing and docketing fees by proceeding *in forma pauperis*. A petitioner's failure to obtain a COA will not necessarily doom an IFP petition. *Rogers v. Chandler*, 2008 WL 360988, *1 (S.D. Ill. Feb. 11, 2008) (citing *Pate v. Stevens*, 163 F.3d 437, 438 (7th Cir. 1998)). In this case, however, Shoemaker's IFP petition fails on an alternate ground.

An IFP application may be granted only where certain prerequisites are met. *See* 28 U.S.C. § 1915; Fed. R. App. P. 24. First, § 1915 requires that a prisoner "submit[] an affidavit that includes a statement of all assets. . . ." 28 U.S.C. § 1915(a)(1). Further, "[a] prisoner seeking to . . . appeal

a judgment in a civil action or proceeding without prepayment of fees or security therfor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the . . . notice of appeal. . . ." § 1915(a)(2).

Federal Rule of Appellate Procedure 24 elaborates on these requirements, mandating that a prisoner file "an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal."

In spite of these enumerated requirements, Shoemaker merely avers that he has "no funds, real or otherwise[,] with which to pay any costs . . . or prepay docket fees or any other costs." (Shoemaker's Petition for Leave at 1 [d/e 21]). He proffers no elucidating details and utterly fails to comply the disclosure requirements set out in Form 4. Further, he failed to attach a certified copy of the trust fund account statement or any equivalent documentation. Without such information, the IFP application must be

5

denied.

Shoemaker also suggests that his IFP application be granted based on prior approval. Rule 24(a)(3) provides that "[a] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization . . . ." In this case, Shoemaker avers that both the state courts and the Southern District of Illinois[2] found him indigent.

Nevertheless, Rule 24(a)(3)(A) provides an exception for cases where "the district court -- before or after the notice of appeal is filed -- . . . finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the . . . finding . . . ." Since this Court previously rejected Shoemaker's IFP petition in a written order [d/e 7] dated August 31, 2006, this exception applies. As such, the prior approval rules found in Rule 24(a)(3) provide no help to Shoemaker.

---

[2]The record shows no such finding by the Southern District, which transferred the case to this Court without entering any decision on the IFP application.

## III. CONCLUSION

<u>Ergo</u>, Shoemaker's motion for a COA [d/e 22] is DENIED, as is his motion for leave to appeal *in forma pauperis* [d/e 21].

IT IS SO ORDERED.

ENTER:    July 3, 2008

FOR THE COURT:                            /s Richard Mills
                                          United States District Judge